

March 4, 2024

Layton Construction Co., LLC
Michel A. Colligan, VP of Contracts and Project Oversight
Robert Minhondo, Construction Manager
9090 S. Sandy Parkway
Sandy, UT 84070
mcolligan@laytonconstruction.com
rminhondo@laytonconstrution.com

Travelers Casualty and Surety Company of America
One Tower Square
Hartford, CT 06183
GHERRICK@travelers.com

Liberty Mutual Insurance Company
175 Berkeley Street
Boston, MA 02116
Cassandra.Hewlings@libertyrnutual.com

**VIA EMAIL & OVERNIGHT DELIVERY, SIGNATURE REQUIRED**

Re:     Notice of Termination

Dear Surety Bond Representatives and Layton Construction Co., LLC:

I write as the Owner's Development Manager under the AIA A133-2009 Contract (the "Contract") and AIA A201-2017 General Conditions between Cody Lane Development Corp. ("Owner") and Layton Construction Co. ("Contractor") (the "Contract") for the Hoback Club project in Jackson Hole, Wyoming (the "Project").  Travelers Casualty and Surety Company of America/Liberty Mutual Insurance Company ("Surety") issued Performance Bond No. 107454359 070212325 (the "Bond") pursuant to the Contract.[1]

This letter shall serve as Owner's seven-day notice pursuant to Section 14.2.2 of the General Conditions of the Contract to terminate the employment of Layton under the Contract as a result of Layton's repeated refusal and/or failure to supply enough properly skilled workers or proper materials and other substantial breaches of the Contract Documents.  In particular:

- Layton has failed to progress the Work in accordance with the approved Construction Schedule because of delays for which Layton is responsible since the effective date of Amendment 4 and has failed to take corrective measures to restore the progress of the Work to the Project schedule.  Among other things,  Layton has failed to

---

[1] All terms not defined herein have the same meaning as in the Contract.

122590146.1 0070998-00002

DocuSign Envelope ID: F9DB3DE5-A9C1-4B09-AA64-96D091BA411A



promptly proceed with the Work pursuant to Owner's Construction Change Directives and failed to proceed diligently with performance of the Contract pending resolution of disputes (e.g., A201 Article 7.3.6 – Construction Change Directives, A201 Article 15.1.4 Continuing Contract Performance, and A133 Article1.2), and to timely provide a recovery schedule as required by Section 3.10.5 to allow the Owner to determine what appropriate methods could be used to regain compliance with the Project scheduled.

- Layton has failed to provide Work that conformed to the requirements of the Contract Documents and to generally recognized standards of performance in the construction industry. As of the date of this letter, there are hundreds of outstanding non-conforming Work items which fail to comply with the requirements of the Contract Documents. In addition, Layton has failed to provide materials required by the Contract Documents and to protect the Project site and Work in place.  Moreover, Layton breached the warranty in Section 3.5.1 of the General Conditions that "materials and equipment furnished under this Agreement will be of specified quality and new unless the Contract Documents require or permit otherwise."

- Layton has breached its' obligations set forth in Section 1.2 of the Contract "to cooperate with the Architect and exercise the Construction Manager's skill and judgment in furthering the interests of the Owner; to furnish efficient construction administration, management services and supervision; to furnish at all times an adequate supply of workers and materials; and to perform the Work in an expeditious and economical manner consistent with the Owner's interests." Notably, Layton failed to provide enough properly skilled workers as well as sufficient and adequate Project supervision, among other breaches of its Section 1.2 obligations.

- Layton has substantially breached Article 9 of the General Conditions because of its repeated failure to submit timely and accurate Applications for Payment including by (a) billing for non-conforming or uncompleted portions of the Work while representing them as conforming or completed; (b) not submitting claim waivers and releases with each Application for Payment; (c) consistently misrepresenting "Stored Materials" as "Work in Place;" and (d) failing to submit Applications for Payment on or before the twenty-fifth (25th) of each billing month (e.g., A201 Article 9.3- Applications for Payment and A133 Exhibit E Funds Control Agreement Section 1.1).  Because of the breaches set forth in this Paragraph, we believe Layton may have failed to make payment to Subcontractors or suppliers in accordance with the respective agreements between the Contractor and the Subcontractors or suppliers.

The above list is not exhaustive, and Owner does not waive, and expressly reserves, all rights related to any other Contractor Default not specifically enumerated herein.

122590146.1 0070998-00002



As a result of the foregoing breaches by Layton of its obligations under the Contract, Owner has determined that these are grounds to terminate the Contract for cause pursuant to Section 14.2.1 of the General Conditions.

The Owner reserves all rights and remedies under the Contract, the Bond, and at law and equity.

Yours truly,

*Marty Breen*
19F820DB2ED843D...

Martin J. Breen
DDRM Jackson, LLC

cc:    Paul Drecksel, Layton pdrecksel@laytonconstruction.com
        David Saunders, Cody Lane Development Corp.
        Rob DesLauriers, Hoback Club
        Stan Castleton, DDRM Jackson, LLC

122590146.1 0070998-00002