Tyler J. Garrett, WSB # 6-4400
Kari A. Hartman WSB # 8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
(307) 634-7723
(307) 634-0985 (fax)
tgarrett@hkwyolaw.com
khartman@hkwyolaw.com

Jeffrey B. Charkow (Admitted *pro hac vice*)
Owen K. Newman (Admitted *pro hac vice*)
Duane Morris LLP
190 South LaSalle Street, Ste. 3700
Chicago, IL 60603
(312) 499-6701
jbcharkow@duanemorris.com
oknewman@duanemorris.com

ATTORNEYS FOR PLAINTIFF
CODY LANE DEVELOPMENT CORP.

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| CODY LANE DEVELOPMENT CORP., <br><br> Plaintiff, <br> v. <br><br> LAYTON CONSTRUCTION COMPANY, LLC, <br><br> Defendant, Counter-Claimant, and Third-Party Plaintiff. | Case No. 24-CV-00064-KHR |
| Related Third Party Claims. | |

**CODY LANE'S MOTION FOR RECONSIDERATION
OF THE MAGISTRATE'S ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

**BACKGROUND**

Cody Lane Development Corp. ("Cody Lane") filed its Motion to Compel Discovery ("Motion") from Layton Construction Company, LLC ("Layton") on October 23, 2025. ECF No.

302. This Motion raised myriad issues with Layton's document production, including Layton's failure to produce required metadata relating to emails and text messages pursuant to the Agreed ESI Protocol ("ESI Protocol"). *Id.* at 2. Cody Lane informed that the ESI Protocol requires metadata identifying specific custodians for each document, but that many of Layton's documents only provided generic custodial designations of "Layton" or the custodial information was entirely omitted. *Id.* at 6.

Cody Lane clearly and cogently explained the importance of custodial metadata. Custodial metadata specifically identifies the root source of the documents, which establishes foundation for documents, identifies key witnesses, verifies testimony, assists with deposition strategy and preparations, and assists in determining whether Layton complied with its preservation, collection, and production responsibilities. *Id.* at 3-4. This is particularly important considering Layton failed to name specific employees (apart from four individuals) in its disclosures and vaguely asserts that it may present testimony from anyone it identified in discovery responses and those identified by Cody Lane in discovery. *Id.* at 4-5. Layton's failure to provide this information has made the discovery process problematic and prejudicial. Layton now has an unfair advantage, as Cody Lane complied with the ESI Protocol and provided the required cusotdial information to Layton, making Layton's review efforts efficient and effective.

During the informal discovery telephone call with the Magistrate and Layton's subsequent response brief, Layton finally admitted that its documents were collected from a single general repository – not individual custodians. Layton's admission was never disclosed beforehand to Cody Lane.[1]

---

[1] Because the relevant ESI information is not available, it is difficult to fully evaluate whether this is a complete production, but many documents have been uncovered in discovery to have not been included in Layton's production. Layton has delayed producing its witness pursuant to Fed. R.Civ. P. 30(b)(6) to discuss collection efforts, with the deposition scheduled for December 18 and 19, 2025.

Layton's response to Cody Lane's Motion was based on an affidavit from Shane Silcox. ECF No. 323-2. However, this affidavit further confirmed the violative and prejudicial discovery production. For example, Mr. Silcox admitted that Layton limited search terms to "Hoback[;] Hoback Club [;] Teton Village[;] H-1[;] Jackson Hole [and] Wyoming[.]" *Id.* at 5. Evidently, Layton did not search for "Cody Lane" or other entities that worked on the project like "DDRM", "Cumming", "Safebuilt", "Arcadis" or "IBI", "SDI", "Berg", or "Mollerup". ECF No. 328 at 3. It also did not search for terms regarding defect claims on the project including Densglass, Armaflex, or Texston plaster as a few examples. *Id.*[2]

While Layton claimed that the Motion was untimely, such a position was unfounded as there were numerous rolling productions from Layton and repeated technical issues with its production. Further, Layton never disclosed its collection process to Cody Lane; indeed, Layton admitted to such for the first time when discussing the issue with the Magistrate on the informal discovery call and only then provided formal disclosure regarding its discovery collection process through the affidavit that was filed with its response. Issues with scheduling the informal telephonic conference and Layton's delays also all made a quicker escalation of the issue difficult. ECF No. 328 at 6. Despite the headwinds, Cody Lane diligently filed the Motion months before the discovery cut-off and identified material issues with the production. Cody Lane simply seeks that Layton fully comply with the *agreed* ESI Protocol.

On December 4, 2025, the Magistrate entered an *Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Discovery* ("Order"). ECF No. 335. The Order held that "all custodians" was not defined in the ESI Protocol and that Layton was not required to list every

---

[2] Even before the Court ruled on bifurcation, Layton's collection of emails concluded on April 16, 2024, even though Layton still continued to communicate with its subcontractors about the Project after that date. By way of example, during a hearing before the Magistrate on December 15, 2025, Layton relied on documents that had not been produced in this litigation related to a payment application submitted after Layton's arbitrary date cut off.

3

individual that had "custody" of the document, yet the Order failed to address the specific provisions in the ESI Protocol and Cody Lane's arguments of prejudice. *Id.* at 6-8.

The Order found that a generic designation of "Layton" as custodian was sufficient, which effectively renders the custodian designation in the ESI Protocol meaningless. *Id.* It determined that the ESI Protocol did not specify how information was to be collected and collection from a generic central repository was sufficient because documents could not be altered or changed, which fails to address Cody Lane's concerns of the completeness of Layton's production. *Id.* The Order also found that searching individual emails would not have produced anything different, without explanation or analysis. *Id.*

The issue of search terms was not addressed in the Order because the Magistrate stated it was too late in the process to raise the issue, despite Cody Lane's explanation of the numerous delays created by Layton, not to mention that Layton never disclosed the generic process until divulging such to the Magistrate for the first time. *Id.*[3]. While the Magistrate did not find the Motion untimely, the Order notes that delay undercuts an argument that information was crucial, which again, fails to recognize Layton's withholding of its collection process (which forced Cody Lane to unravel the deficiencies in Layton's productions, which took a significant amount of time). *Id.* Ultimately, the Court only required that generic custodial information be provided for every document produced, which is essentially useless because the custodial information is only for "Layton" and Cody Lane already knows that someone at Layton is the custodian, as it is the one producing the documents. *Id.* The Order appears to confuse the importance of metadata, search terms, and custodial information; as such, the Order must be reversed.

---

[3] The Magistrate *sua sponte* solicited a sur-reply and then adopted Layton's argument that its search was sufficient while disregarding the numerous lacking search terms that individual custodians could have conducted to ensure a complete discovery production as required under the Federal Rules of Civil Procedure.

**STANDARD OF REVIEW**

Local Rule 74.1(a) provides that a party can seek reconsideration of a magistrate judge's order within 14 days of service of the order and the request must designate the order objected to and the basis for the objection. "Review of the magistrate judge's ruling is required by the district court when a party timely files written objections to that ruling, and the district court must defer to the magistrate's ruling unless it is clearly erroneous or contrary to law." *Hutchinson v. Pfeil,* 105 F.3d 562, 566 (10th Cir. 1997) (citations omitted); *see also* 28 U.S.C. § 636(b)(1)(A). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court will overrule the magistrate's determination if its discretion is abused. *Breen v. Dorcy Russell Pruter, Dorcy Inc.,* No. 14-CV-81-F, 2015 WL 11051023, at *1 (D. Wyo. May 20, 2015). The "clearly erroneous" standard is met if there is a "definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). Under the "contrary to law" standard, the district court conducts a review of the purely legal determinations and reverses the order if the magistrate judge applied an incorrect legal standard. *Hedquist v. Patterson*, No. 14-CV-45-ABJ, 2016 WL 8453415, at *3 (D. Wyo. July 1, 2016).

**ARGUMENT**

A. *The Order violates contract interpretation principles.*

The ESI Protocol expressly requires specific custodian information within the file for each document to which the data is associated with and other custodians to whom the document is associated. ECF No. 132 at 6-7. It specifically provides examples of custodians as "John Doe", "Mary Smith; Michael Jones", which are the names of individuals, not generic entities or basic parties. *Id.* Indeed, the term Party is referenced throughout the ESI Protocol as meaning the parties

5

to the lawsuit, which includes Layton. *Id.* at 1 ("The undersigned Parties in the above-captioned litigation…"). Layton produced individual custodial ESI for some of the documents in its production, demonstrating that it can be done. Yet, Layton purposely chose not to collect (or provide) the custodial metadata as required under the ESI Protocol.

When sitting in diversity, a federal court applies federal procedural law and state substantive law. *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 668 (10th Cir. 2018). The federal court must apply the substantive law of the state in which it sits. *Boyd Rosene and Associates, Inc. v. Kansas Mun. Gas Agency*, 123 F.3d 1351, 1352 (10th Cir. 1997). The Wyoming Supreme Court has made clear that construing a stipulated court document such as the ESI Protocol is the same as construing a contract, which must be interpreted "as a whole, reading each provision in light of all the others to find their plain meaning … [and] each provision in a contract has a purpose, and [it] avoid[s] interpreting a contract so as to find inconsistent provisions or so as to render any provision meaningless." *Van Vlack v. Van Vlack*, 2023 WY 104, ¶ 20, 537 P.3d 751, 757 (Wyo. 2023). Pursuant to precedent, the Magistrate's ruling is contrary to Wyoming contract law and clearly erroneous in its reading of the ESI Protocol. Indeed, the Magistrate failed to interpret the ESI Protocol as a whole and the errant interpretation renders the custodian provision meaningless.

When looking at the ESI Protocol as a whole, there is a clear distinction between a "party" (like Layton) and a custodian that is a specific source (such as an individual – John Doe). By allowing Layton to generically denote custodian information as "Layton", the Order fails to distinguish between the term "party" and "custodian". It also fails to consider the whole provision regarding custodians, which provides detailed examples of specific individual names and not generic names of a party or entity. The Magistrate's claim that custodian is not defined as an

individual is contrary to the exemplars in the ESI Protocol listing the names of specific individuals (as opposed to generic entities). ECF No. 335 at 6. If the parties had intended for a custodian to be a party, it would have provided examples of entity names and not individual names (i.e., John Doe) because all parties to this lawsuit are entities. Based on the practical effects of the Order, this provision could have been omitted entirely and the parties could have relied on the identification of the party producing the documents through the bates numbering or the pleadings which generically identifies the party producing the document.

The Order renders the custodian provision meaningless because it is already clear which party is producing the documents from the pleadings, bates numbering, attorneys sending the documents, etc. Therefore, the custodian provision must be interpreted to provide specific information rather than the generic party name, or else there would have been no reason to include it. By interpreting the ESI Protocol to only require generic identification of the party, the Magistrate has vitiated the intent and purpose behind the custodian provision and effectively read it out of the ESI Protocol. This is both clearly erroneous in the review of the terms of the ESI Protocol and contrary to Wyoming contract interpretation law. Ultimately, the Order's final ruling requires nothing of Layton. Layton can just continue to generically provide "Layton" for custodial information (which is precisely what it has done post-Order).[4]

Although Layton provided custodian information for approximately 12 individuals, showing it had the ability to do so in its collection efforts, 90% of Layton's production simply designates "Layton" – the Party, not a Custodian – as the Custodian of these files. Cody Lane highlighted that Layton's production of text messages did not include custodian information,

---

[4] Layton's Notice of Compliance that has been subsequently filed highlights how the Court's Order has rendered the the ESI Protocol meaningless. ECF No. 343.

making them unusuable in the litigation for Cody Lane, and in Layton's production, 240 of the 468 (more than half) of the text messages have "unspecified custodian."

The Magistrate relied, in part, on *LKQ v. Kia Motors America, Inc.*, 345 F.R.D. 152 (N.D. Ill. July 6, 2023) to find support for its finding that identifying custodians by a team or group rather than an individual was permissible. ECF No. 335 at 5. However, the *LKQ* case is distinguishable, as the Northern District of Illinois made this finding because it had not ordered that a custodian had to be an individual and the party's "complaints serve as a cautionary tale of what may result when parties fail to agree to an ESI protocol before initiating discovery." *Id.* at 165. Here, there is an agreed-upon ESI Protocol and it expressly includes provisions regarding specific custodial information and references names of individuals (i.e., John Doe). ECF No. 132 at 6.

The other cases relied upon by the Magistrate also are distinguishable. The Order references *Orchestrate HR, Inc. v. Blue Cross and Blue Shield of Kansas, Inc.*, 2022 WL 834066 at 1-2 (D. Kan. March 21, 2022), but this case is about the failure of the parties to agree to specific custodians under the ESI Protocol in good faith; not a party's failure to provide custodian information from specific individuals as required by the ESI Protocol. ECF No. 335 at 5. It also references *National Jewish Health v. WebMD Health Services Group, Inc.,* 305 F.R.D. 247, 254-55 (D. Colo. May 21, 2014), but that case analyzed ESI production under the federal rules of civil procedure (and in terms of a record custodian), but not for compliance with a specific discovery agreement like the ESI Protocol here.

Contrary to the Order, it is entirely reasonable for Cody Lane to expect Layton to list individual custodians of each document given the examples that specifically list individual names in the ESI Protocol and the distinction between a party and a custodian. Therefore, it was an abuse

of discretion and should be reversed. The Court should require Layton to provide the names of specific individuals who were specific custodians of the documents produced.

B. *The Order's Findings Regarding Prejudice are Clearly Erroneous*

The Order appears to find no issue of prejudice from the failure to follow the ESI Protocol. ECF No. 335 at 7. However, Cody Lane specifically identified the difficulties in verifying where information came from, establishing foundation, identifying witnesses, preparing for depositions, and verifying testimony due to the lack of custodial information. ECF No. 302 at 3-4. Through Layton's response, Cody Lane learned for the first time that Layton failed to include basic search terms including the names of entities involved in the project and issues the project faced. ECF No. 328 at 3-4. This displays why the individual custodial information was key, and the search from a central database was insufficient.

Layton had the obligation to identify specific individual custodians, which would have timely identified the deficiencies with Layton's production. Searching from a central repository without any coordination with individual custodians clearly impacted the discovery production and process in that individuals with involvement on the project had shockingly limited emails produced. *Id.* at 4. Indeed, each individual on the project had different roles and may know of documents that others would not, and which would not have automatically been flagged through a central repository and simplistic search terms. The notion that emails could not be altered or changed via the central repository misses the asserted prejudice in that the discovery production was lacking, not that documents were altered. This is clear prejudice as Cody Lane was not provided all information it is entitled to via the discovery process.

While the Order says that there were no terms in the ESI Protocol regarding search terms, the ESI Protocol specifically provides a process for identifying specific search terms. ECF No. 335

9

at 7-8; ECF No. 132 at 2. The ESI Protocol also requires Layton to confer regarding any discovery disputes on ESI, including this dispute. ECF No. 132 at 2. Layton's failure to confer in good faith and provide the information regarding its collection procedures until Mr. Silcox's affidavit prejudicially hindered Cody Lane's ability to determine which search terms were lacking and to agree to additional specific terms. It is clearly erroneous that the Order finds the search terms were reasonable considering they explicitly exclude subcontractor names and claimed deficiencies on the project which Layton was fully aware.

While the Magistrate believes the information is not crucial because Cody Lane did not raise these issues sooner, that belief fails to consider the fact that Layton provided numerous rolling productions, there were technical issues with Layton's productions, and Layton failed to confer in good faith regarding collection procedures. ECF No. 335 at 7; ECF No. 328 at 6. Ultimately, Cody Lane was unable to raise these issues sooner, as it was attempting to confer pursuant to the ESI Protocol and had to continually sift through Layton's rolling productions of piles of documents.

## CONCLUSION

The Magistrate's Order is clearly erroneous in its factual findings and contrary to Wyoming law regarding contract interpretation. Therefore, the Court should reverse the Order and require Layton to provide the required metadata and collect emails from all custodians.

**DATED** September 10, 2025.

CODY LANE DEVELOPMENT CORP.

By: __/s/ Tyler J. Garrett_____
Tyler J. Garrett, WSB # 6-4400
Kari A. Hartman WSB # 8-6507
HATHAWAY & KUNZ, LLP
P.O. Box 1208
Cheyenne, WY 82003-1208
Phone: 307-634-7723
Fax: 307-634-0985
tgarrett@hkwyolaw.com
khartman@hkwyolaw.com

Jeffrey B. Charkow (Admitted *pro hac vice*)
Owen K. Newman (Admitted *pro hac vice*)
Alex W. Karasik (Admitted *pro hac vice*)
John D. Cooke (Admitted *pro hac vice*)
Chris Chasin (Admitted *pro hac vice*)
Duane Morris LLP
190 South LaSalle Street, Ste. 3700
Chicago, IL 60603
Phone: 312-499-6701
jbcharkow@duanemorris.com
oknewman@duanemorris.com
awkarasik@duanemorris.com
jdcooke@duanemorris.com
cjchasin@duanemorris.com

*Attorneys for Plaintiff*
*Cody Lane Development Corp.*

**Certificate of Service**

    This is to certify that on the 29th day of August, 2025, a true and correct copy of the foregoing PLAINTIFF/COUNTER-DEFENDANT CODY LANE DEVELOPMENT CORPORATION'S RESPONSE TO GLOBAL ROOFING'S FIRST SET OF INTERROGATORIES was served via email upon counsel via email as follows:

| | |
|---|---|
| Bryan S. Johansen<br>Sara M. Nielson<br>Michael T. Hoppe<br>Parr Brown Gee & Loveless<br>101 South 200 East, Ste., 700<br>Salt Lake City, UT 84111<br>bjohansen@parrbrown.com<br>snielson@parrbrown.com<br>mhoppe@parrbrown.com<br><br>*Attorney for Layton Construction Company LLC* | Giovanni Michael Ruscitti<br>Sally Piskun<br>Berg Hill Greenleaf Ruscitti LLP<br>1712 Pearl Street<br>Boulder, CO 80302<br>gmr@bhgrlaw.com<br>sp@bhgrlaw.com<br><br>*Attorneys for Greiner Electric LLC*<br>*Attorneys for RK Mechanical Inc* |
| Erika M. Nash<br>Justin Ashkhan Daraie<br>Randall B. Reed<br>Long Reimer Winegar Beppler LLP<br>PO Box 3070<br>Jackson, WY 83001<br>enash@lrw-law.com<br>jdaraie@lrw-law.com<br>rreed@lrw-law.com<br><br>*Attorneys for Layton Construction Company LLC* | Ian W. Carmen<br>Berg Hill Greenleaf Ruscitti LLP<br>1712 Pearl Street<br>Boulder, CO 80302<br>ian.carmen@bhgrlaw.com<br><br>*Attorneys for Greiner Electric LLC*<br>*Attorneys for RK Mechanical Inc* |
| L. Tyrone Holt<br>The Holt Group LLC<br>1675 Broadway, Ste., 2100<br>Denver, CO 80202<br>ty.holt@holtllc.com<br><br>*Attorney for Layton Construction Company LLC* | Daniel Kenneth Johnson<br>Lee Mann<br>Kilpatrick Townsend & Stockton LLP<br>1100 Peachtree Street, NE, Ste., 2800<br>Atlanta, GA 30309<br>dkjohnson@ktslaw.com<br>lmann@kilpatricktownsend.com<br><br>*Attorneys for Cives Corporation* |

| | |
|---|---|
| Brian Ray Lambert<br>Trenton H. Cotney<br>Roscoe Green<br>Adams and Reese LLP<br>100 N. Tampa Street, Ste., 4000<br>Tampa, FL 33602<br>brian.lambert@arlaw.com<br>trent.cotney@arlaw.com<br>roscoe.green@arlaw.com<br><br>*Attorneys for Sprayfoam d/b/a Global Roofing Group* | Isaiah I. Gross<br>Stetlting & Gross LLC<br>PO Box 3159<br>Jackson, WY 83001<br>isaiah@s-g.law<br><br>*Attorneys for Cives Corporation* |
| Billie L. M. Addleman<br>Tyson Richard Woodford<br>Hirst Applegate LLP<br>PO Box 1083<br>Cheyenne, WY 82003-1083<br>baddleman@hirstapplegate.com<br>twoodford@hirstapplegate.com<br><br>*Attorneys for Greiner Electric LLC*<br>*Attorneys for RK Mechanical Inc.* | Erica Rachel Day<br>Stuart R. Day<br>Carl Edelman<br>Williams Porter Day & Neville PC<br>PO Box 10700<br>Casper, WY 82602<br>eday@wpdn.net<br>sday@wpdn.net<br>cedelman@wpdn.net<br><br>*Attorneys for Phaze Concrete Inc.* |
| Frederick J. Hahan, III<br>Hahn Law<br>PO Box 50698<br>Idaho Falls, ID 83405<br>fjh@hahn-law.net<br><br>*Attorneys for Intermountain Erectors Inc.* | Thomas Ardell Larkin<br>Tyler J. Storti<br>Sokol Larkin Wagner & Storti LLC<br>4380 S. Macadam Avenue, Ste., 530<br>Portland, OR 97239<br>tlarkin@sokol-larkin.com<br>tstorti@sokol-larkin.com<br><br>*Attorneys for Intermountain Erectors Inc.* |

             */s/ Lori Pallak*
             Hathaway & Kunz, LLP