Tyler J. Garrett, WSB # 6-4400
Kari A. Hartman WSB # 8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
(307) 634-7723
(307) 634-0985 (fax)
tgarrett@hkwyolaw.com
khartman@hkwyolaw.com

Jeffrey B. Charkow (Admitted pro hac vice)
Owen K. Newman (Admitted pro hac vice)
Alex W. Karasik (Admitted pro hac vice)
John D. Cooke (Admitted pro hac vice)
Chris Chasin (Admitted pro hac vice)
Duane Morris LLP
190 South LaSalle Street, Ste. 3700
Chicago, IL 60603
Phone: 312-499-6701
jbcharkow@duanemorris.com
oknewman@duanemorris.com
awkarasik@duanemorris.com
jdcooke@duanemorris.com
cjchasin@duanemorris.com

ATTORNEYS FOR PLAINTIFF
CODY LANE DEVELOPMENT CORP.

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| CODY LANE DEVELOPMENT CORP., <br><br> Plaintiff, <br> v. <br><br> LAYTON CONSTRUCTION COMPANY, LLC, <br><br> Defendant, Counter-Claimant, and Third-Party Plaintiff. | Case No. 24-CV-00064-KHR |
| Related Third Party Claims. | |

**CODY LANE DEVELOPMENT CORP.'S MOTION TO CONTINUE TRIAL, EXPAND TRIAL TIME ALLOTTED, & RESET PRETRIAL DEADLINES**

**COMES NOW** Plaintiff, Cody Lane Development Corp. ("Plaintiff"), pursuant to the Federal Rules of Civil Procedure Rule 16(b)(4) and Local Rules of the United States District Court for the District of Wyoming Rule 40.1(b), submits this *Motion* to continue the trial, expand the trial time allotted, and to reset pretrial deadlines. Cody Lane brings this *Motion* based on a measured assessment of the current state of voluminous evidence that will be presented at trial. Allowing for additional time to prepare for trial will ultimately allow for a fairer and more efficient presentation of Plaintiff's case-in-chief, and by extension provide Defendant Layton Construction Company LLC ("Defendant") the same opportunity.

## Factual Background

On March 19, 2024, Plaintiff filed its *Complaint* [ECF No. 1] against Defendant, who subsequently filed its *Answer and counterclaims* [ECF No. 7] on April 20, 2024. Due to the complexity of the case, the Court entered its *Initial Pretrial Order* on September 16, 2024 [ECF No. 105]. The Court revisited that order and entered its *Amended Initial Pretrial Order* on October 23, 2024 [ECF No. 119]. Both orders provide 20 days for trial. [*Id.*]

Plaintiff, understanding the significance of this litigation and the voluminous discovery surrounding the 250-million-dollar construction project at issue, filed a *Motion to Continue Trial* [ECF No. 178] on April 24, 2025. Defendant objected to that filing, but also understanding the complexity of this case, filed a *Motion to Bifurcate* [ECF No. 181] asking the Court to bifurcate liability and damages into separate phases. The Court denied Plaintiff's request and found bifurcation was the way forward in its *Order Denying Plaintiff Cody Lane Development Corporation's Motion to Continue Trial Date and Granting Defendant Layton Construction Company's Motion to Bifurcat*e. [ECF No. 189] Therein, the Court ordered a ten-day bench trial addressing liability to begin on February 23, 2026. [*See* ECF No. 346]

1

Since entry of those orders, it has become apparent that the unavoidable reality is the ten-day setting will not fairly allow Cody Lane to present its case-in-chief because of the number of witnesses and volume of exhibits to be presented. As such, this case must be continued and the pretrial deadlines reset, to allow substantially more time for the liability phase. What the Court envisioned as a ten-day liability bench trial effectively provides only five days per side. In a matter of this size and complexity – where millions of pages of documents have been produced, Plaintiff anticipates presenting twenty or more witnesses (individuals and experts), and the evidentiary record will include likely thousands of exhibits – five days for Plaintiff to present its case-in-chief is not a realistic allotment to adequately and effectively try Plaintiff's liability issues asserted against Defendant. Plaintiff has diligently prosecuted this case and worked through the discovery and pretrial demands of such a significant dispute. Indeed, the number of attorneys working on this case for Plaintiff is in the double digits. Requesting a full and fair opportunity to conduct Plaintiff's case-in-chief at trial is not for lack of diligence. A continuation and reset to a schedule that provides adequate trial time for the liability phase is necessary to ensure the Court can conduct the liability case in an orderly and efficient manner, which will also avoid an unduly compressed presentation that would prejudice Plaintiff.

On December 19, 2025, the Parties attended a status conference with the Court to address the potential filing of this *Motion*. [*See* ECF No. 352] The Court ordered that any corresponding motion to continue trial be filed no later than December 23, 2025. [*Id.*] For the reasons stated below, and incorporating the arguments it made in its *Motion to Continue Trial* [ECF No. 178], Plaintiff respectfully requests this Court continue the February 23, 2026, trial date, increase the allotted time for Plaintiff to try its case-in-chief, and reset certain pretrial deadlines. Plaintiff notes that if the Court is not inclined to wholly continue the February 2026 liability trial dates, Plaintiff

respectfully requests that the Court keep the current setting and then set subsequent trial days to complete the liability phase when the Court is available.

## Standard

Rule 16(b) of the Federal Rules of Civil Procedure states that a schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. Pro. 16(b). Local Rule 40.1(b) states that cases shall not be continued upon stipulation of counsel unless approved by order of the Court and that no continuances shall be allowed absent a showing of good cause. U.S.D.C.L.R. 40.1(b). Courts have broad discretion when determining whether to grant a continuance or stay proceedings. *See Philips v. Ferguson*, 182 F.3d 769, 775 (10th Cir. 1999); *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) [(quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)] ("It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'").

Courts consider the following factors when ruling on a motion to continue a trial date: "the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that [the moving party] might suffer as a result of the district court's denial of the continuance. . . . No single factor is determinative and the weight given to any one may vary depending on the extent of the [party]'s showing on the others." *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)).

3

**Argument**

*Continuing the Trial*

  Good cause exists to continue the February 23, 2026, liability phase of the trial. While the Court and the parties did their best early on to gauge the amount of time that would be needed for trial, the discovery phase has elucidated as to the specific demands for trial. Put plainly, a continuance is needed to allow Cody Lane to fairly prepare and effectively present the liability issues in this $250 million construction dispute involving voluminous documentary evidence and numerous fact and expert witnesses. Cody Lane's diligence in prosecuting this case and good faith assessment of evidence for trial weigh heavily in favor of continuance. *See Ranch v. Rockies Express Pipeline LLC*, No. 07-CV-299-B, 2008 WL 11336841, at *3 (D. Wyo. June 25, 2008) (granting motion to continue trial).

  A continuance will accomplish its intended purpose to provide a fair and efficient bench trial. Additional time will allow the Court to receive a complete evidentiary record in an orderly manner rather than through an artificially compressed presentation that risks confusion, inefficiency, and omission of critical testimony. The liability phase of this case involves complex construction sequencing, contractual interpretation, standard-of-care opinions, and causation issues that cannot be meaningfully distilled into a truncated presentation without prejudice to Plaintiff's claims.

  Any inconvenience to Defendant is outweighed by the need for a fair trial. This case has already been designated for an extended bench trial, and the parties have long been on notice that liability issues will require substantial time. A modest continuance now will avoid the far greater inefficiencies associated with rushed proceedings, mid-trial scheduling complications, or the need to reopen the record.

Finally, denial of a continuance would materially prejudice Plaintiff. Compressing Plaintiff's ability to prepare its case-in-chief risks inefficient evidence presentation and impairing the Court's ability to fully evaluate liability. Federal Rule of Civil Procedure 16(b)(4) and Local Rule 40.1(b) are designed to prevent precisely that result where good cause is shown, as it is here.

***Expanding the Allotted Time for Cody Lane to Present Its Case***

Independent of a continuance, an expansion of the time allotted at trial for Plaintiff to present its liability case-in-chief is warranted. What is nominally a ten-day trial effectively affords Plaintiff only half that time (50%) once Defendant's presentation is considered. In a case of this magnitude, five trial days is not a realistic or equitable allocation on time for Plaintiff to present its case-in-chief.  Plaintiff bears the burden of proof to establish the basis for the termination for cause.  Layton's claim for "wrongful termination" is no more than a defense to Plaintiff's claim and seeks only the alleged contract balance at the time of termination.  It would be fair and reasonable for Plaintiff to be given a full nine days to present its case-in-chief at a longer trial setting, or at the very least be provided with 70% of the total time for trial should the current ten-day setting remain.

Plaintiff anticipates calling approximately twenty witnesses, including three expert witnesses. Even with the expert witness statements, additional expert testimony is still to be required via redirects, not to mention the myriad individual fact witnesses to be called for direct examination. There have been approximately 1,500 exhibits at the depositions, and the parties will also introduce thousands of exhibits drawn from millions of pages of discovery. While Cody Lane will carefully streamline its case, including witness examinations and evidentiary foundations, it's case cannot be fully condensed without sacrificing clarity or completeness.

An expanded trial time will promote, not hinder, judicial efficiency. Allowing adequate time for testimony reduces the likelihood of disjointed examinations, repeated objections driven by time pressure, and post-trial disputes concerning an incomplete record. Further, compressing Plaintiff's ability to present its case-in-chief into five trial days risks excluding relevant fact witness testimony, undermining expert presentations, and impairing the Court's ability to fully evaluate the case.

Particularly in a bench trial, where the Court serves as both factfinder and gatekeeper, sufficient time is essential to ensure the liability issues are fully and fairly developed. Granting additional trial time is also consistent with the Court's inherent authority to manage its docket in a manner that promotes the orderly administration of justice. The requested expansion is proportional to the complexity of the claims and defenses and is necessary to avoid prejudice to Plaintiff.

Cody Lane's good faith assessment of the evidence it will present at trial leads it to conclude that nine days will be required to fully and fairly present its case-in-chief. Assuming the Court does not continue the trial beginning on February 23, 2025, perhaps the prudent path is to reconstitute its initial setting of twenty days. Of course, if Layton maintains it only needs five days for its case, then the Court can shorten the trial setting to fourteen days. If the initial period of twenty days is no longer available as originally scheduled due to the Court's current calendar, then Cody Lane proposes that the first ten days be conducted as scheduled and then the remaining days be scheduled at a subsequent time when the Court is available.

*Resetting Pretrial Dates*

Resetting certain pretrial deadlines is necessary regardless of any continuance or expansion of allotted trial time. Adjusting pretrial deadlines will allow the parties to meaningfully deliberate

stipulated facts, refine exhibit lists, coordinate witnesses, and address evidentiary issues in advance, thereby reducing the risk of trial disruption. Resetting deadlines will also facilitate reasoned pretrial disclosures consistent with Federal Rule of Civil Procedure 26 and the Court's pretrial orders, ensuring that the expanded liability phase proceeds efficiently. Importantly, resetting certain pretrial deadlines will not reward delay or gamesmanship. A revised schedule will align the pretrial process with the realities of the trial itself, benefiting parties and the Court.

Currently, the Court's *Amended Initial Pretrial Order* [ECF No. 119] sets forth the following deadlines, which Cody Lane proposes be reset:

- The three separate packets relating to Stipulations as to Facts are required to be filed by January 7, 2026. [ECF No. 119, pp. 11-12 § (m)]. Cody Lane proposes resetting the deadline to January 26, 2026. This new deadline will allow the parties to work together and devote the time necessary to meet the standards the Court requires for the stipulated fact packets. With the limited time currently available due to motions practice, the holiday season, and the fact that discovery just closed on December 19, 2025, Cody Lane does not believe the parties can provide a polished product by the current deadline.

- Motions in Limine are to be filed by January 7, 2026. [ECF No. 119, p. 12 § (n)]. However, based upon the current circumstances, Cody Lane proposes that the deadline be moved to January 14, 2026, with a response deadline of January 26, 2026. Resetting the deadlines to these proposed dates provides the Court with adequate time to address these evidentiary issues before the beginning of trial on February 23, 2026.

- The Final Pretrial Conference is currently set for February 3, 2026. Witness Lists and Exhibit Lists are required to be exchanged ten days before the Final Pretrial Conference, which lands on Sunday, January 25, 2026. Copies of all the Exhibits are then required to

be brought to the Final Pretrial Conference. If the Court's schedule permits, Cody Lane requests the Final Pretrial Conference be reset to Monday, February 9, 2026, with the Witness Lists and Exhibit Lists required to be exchanged on Friday, January 30, 2026.

## Conclusion

In accordance with Rule 16(b)(4) and Local Rule 40.1(b), there is good cause to continue the trial, to expand Plaintiff's allotted time at trial, and to reset certain pretrial deadlines. In the alternative, Plaintiff respectfully requests that the Court maintain the current setting and calendar additional trial days as soon as practicable to complete the liability phase to provide Plaintiff with the necessary time to present its case-in-chief. Plaintiff further requests such other and further relief as the Court deems just and proper.

**WHEREFORE**, for the reasons stated above, Plaintiff respectfully requests that the Court grant Plaintiff's *Motion* to continue the trial, expand the trial time allotted, and to reset pretrial deadlines.

[ Remainder of Page Intentionally Left Blank ]

**DATED** 23rd day of December, 2025.

                    CODY LANE DEVELOPMENT CORP.

                    By: __ */s/ Tyler J. Garrett*_____
                    Tyler J. Garrett, WSB # 6-4400
                    Kari A. Hartman WSB # 8-6507
                    HATHAWAY & KUNZ, LLP
                    P.O. Box 1208
                    Cheyenne, WY 82003-1208
                    Phone: 307-634-7723
                    tgarrett@hkwyolaw.com
                    khartman@hkwyolaw.com

                    Jeffrey B. Charkow
                    Owen K. Newman
                    Duane Morris LLP
                    190 South LaSalle Street, Ste. 3700
                    Chicago, IL 60603
                    jbcharkow@duanemorris.com
                    oknewman@duanemorris.com
                    awkarasik@duanemorris.com
                    jdcooke@duanemorris.com
                    cjchasin@duanemorris.com

                    *Attorneys for Plaintiff*
                    *Cody Lane Development Corp.*

This is to certify that on the 23rd day of December, 2025, a true and correct copy of the foregoing was served via the Court's ECF/CM System as follows:

| | |
|---|---|
| Bryan S. Johansen<br>Sara M. Nielson<br>Michael T. Hoppe<br>Parr Brown Gee & Loveless<br>101 South 200 East, Ste., 700<br>Salt Lake City, UT 84111<br>bjohansen@parrbrown.com<br>snielson@parrbrown.com<br>mhoppe@parrbrown.com<br><br>*Attorney for Layton Construction Company LLC* | Giovanni Michael Ruscitti<br>Sally Piskun<br>Berg Hill Greenleaf Ruscitti LLP<br>1712 Pearl Street<br>Boulder, CO 80302<br>gmr@bhgrlaw.com<br>sp@bhgrlaw.com<br><br>*Attorneys for Greiner Electric LLC*<br>*Attorneys for RK Mechanical Inc* |
| Erika M. Nash<br>Justin Ashkhan Daraie<br>Randall B. Reed<br>Long Reimer Winegar Beppler LLP<br>PO Box 3070<br>Jackson, WY 83001<br>enash@lrw-law.com<br>jdaraie@lrw-law.com<br>rreed@lrw-law.com<br><br>*Attorneys for Layton Construction Company LLC* | Ian W. Carmen<br>Berg Hill Greenleaf Ruscitti LLP<br>1712 Pearl Street<br>Boulder, CO 80302<br>ian.carmen@bhgrlaw.com<br><br>*Attorneys for Greiner Electric LLC*<br>*Attorneys for RK Mechanical Inc* |
| L. Tyrone Holt<br>The Holt Group LLC<br>1675 Broadway, Ste., 2100<br>Denver, CO 80202<br>ty.holt@holtllc.com<br><br>*Attorney for Layton Construction Company LLC* | Daniel Kenneth Johnson<br>Lee Mann<br>Kilpatrick Townsend & Stockton LLP<br>1100 Peachtree Street, NE, Ste., 2800<br>Atlanta, GA 30309<br>dkjohnson@ktslaw.com<br>lmann@kilpatricktownsend.com<br><br>*Attorneys for Cives Corporation* |

| | |
|---|---|
| Brian Ray Lambert<br>Trenton H. Cotney<br>Roscoe Green<br>Adams and Reese LLP<br>100 N. Tampa Street, Ste., 4000<br>Tampa, FL 33602<br>brian.lambert@arlaw.com<br>trent.cotney@arlaw.com<br>roscoe.green@arlaw.com<br><br>*Attorneys for Sprayfoam d/b/a Global Roofing Group* | Isaiah I. Gross<br>Stetlting & Gross LLC<br>PO Box 3159<br>Jackson, WY 83001<br>isaiah@s-g.law<br><br>*Attorneys for Cives Corporation* |
| Billie L. M. Addleman<br>Tyson Richard Woodford<br>Hirst Applegate LLP<br>PO Box 1083<br>Cheyenne, WY 82003-1083<br>baddleman@hirstapplegate.com<br>twoodford@hirstapplegate.com<br><br>*Attorneys for Greiner Electric LLC*<br>*Attorneys for RK Mechanical Inc.* | Erica Rachel Day<br>Stuart R. Day<br>Carl Edelman<br>Williams Porter Day & Neville PC<br>PO Box 10700<br>Casper, WY 82602<br>eday@wpdn.net<br>sday@wpdn.net<br>cedelman@wpdn.net<br><br>*Attorneys for Phaze Concrete Inc.* |
| Frederick J. Hahan, III<br>Hahn Law<br>PO Box 50698<br>Idaho Falls, ID 83405<br>fjh@hahn-law.net<br><br>*Attorneys for Intermountain Erectors Inc.* | Thomas Ardell Larkin<br>Tyler J. Storti<br>Sokol Larkin Wagner & Storti LLC<br>4380 S. Macadam Avenue, Ste., 530<br>Portland, OR 97239<br>tlarkin@sokol-larkin.com<br>tstorti@sokol-larkin.com<br><br>*Attorneys for Intermountain Erectors Inc.* |

              */s/ Lori Pallak*
              Hathaway & Kunz, LLP