Tyler J. Garrett, WSB # 6-4400
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
(307) 634-7723
(307) 634-0985 (fax)
tgarrett@hkwyolaw.com

Jeffrey B. Charkow (Admitted *pro hac vice*)
Owen K. Newman (Admitted *pro hac vice*)
Chris Chasin (*Admitted pro hac vice*)
Duane Morris LLP
190 S. LaSalle Street, Ste. 3700
Chicago, IL 60603-3433
(312) 499.6700
(312) 499.6701
jbcharkow@duanemorris.com
oknewman@duanemorris.com
cjchasin@duanemorris.com

ATTORNEYS FOR PLAINTIFF
CODY LANE DEVELOPMENT CORP.

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| CODY LANE DEVELOPMENT CORP., <br><br> Plaintiff, <br> v. <br><br> LAYTON CONSTRUCTION COMPANY, LLC, <br><br> Defendant, Counter-Claimant, and Third-Party Plaintiff. | Case No. 24-CV-00064-KHR |
| Related Third Party Claims. | |

**CODY LANE DEVELOPMENT CORP.'S REPLY
IN SUPPORT OF ITS MOTION FOR RECONSIDERATION**

Layton's *Response* to Cody Lane's *Motion for Reconsideration* fails to adequately address the discrepancy between the terms Party and Custodian and disregards the language of the ESI Protocol. Rather, Layton peddles general connotations of custodian that were not agreed upon by the parties. Layton also now raises new arguments not made to the Magistrate, which cannot be considered at this stage. Finally, Layton fails to explain the deficiencies with its discovery productions and disclosures which have plainly prejudiced Cody Lane. Ultimately, this Court should reverse the Magistrate's decision on the *Motion to Compel* and require Layton to provide the required Custodian data pursuant to the ESI Protocol.

### A. The Meaning of Custodian Under the ESI Protocol

Layton fails to rebut the unavoidable realty that there is no need for Custodian designations if a Party can simply designate itself as the Custodian. It is apparent which Party is producing the document, so also putting itself as the Custodian is superfluous. Yet, despite common sense, Layton contends there is no definition of Custodian under the ESI Protocol, cites to cases which interpret what the general meaning of custodian is, and directly disregards the specific examples provided in the ESI Protocol that refer to specific individuals as Custodians. Indeed, Layton fails to provide any citation or explanation as to how a Custodian allows for general party designations, especially where the only references to Custodians in the ESI Protocol are individual names. The plain language of Custodian under the ESI Protocol references specific individuals and not entities or parties; therefore, Layton's generic designations of itself are improper.

### B. Prejudice

While Layton tries to get around its discovery deficiencies as mandated in the ESI Protocol by claiming it was attempting to avoid duplication and unnecessary costs and expenses by only including Layton as the custodian, nothing in the ESI Protocol allows Layton to violate its terms

based on after-the-fact assertions of time and money savings. Regarding Cody Lane's prejudice, Layton claims that Cody Lane was on notice of the custodial issue in early 2025 and thus, suffers no prejudice. Yet, this argument fails to consider Cody Lane's attempts to confer regarding the issue and the other difficulties with Layton's productions that made elucidating these issues more difficult.

Layton's attempts to raise its supplemental disclosures that included the names of additional individuals as witnesses fails to address the prejudice Cody Lane has suffered in the time before the disclosures were made on July 13, 2025. Cody Lane did not have individual witness information for a long time during this litigation, and during that time Cody Lane likewise did not have the individual custodian designations required under the ESI Protocol. Layton's delayed listing of individuals and violations of the ESI Protocol have prejudicially impacted Cody Lane's ability to prepare for depositions.

Layton next contends that its production always included some metadata and that this somehow relieves the prejudice Cody Lane suffered. However, this does not address the clear violations of the ESI Protocol and prejudice in that custodial data identifies defects in Layton's production. Indeed, Layton has made twenty-two separate supplemental productions. Cody Lane suffers serious prejudice from the lacking information regarding individual custodians.

*C. Improper Arguments*

Finally, Layton raises arguments that were not presented before the Magistrate in the initial briefing, as such, these arguments cannot be considered by this Court on reconsideration. Namely, Layton cannot now conjure arguments that Cody Lane made productions using itself as the custodian. This argument misrepresents Cody Lane's production. Should the Court wish further evidence and briefing on the matter, Cody Lane is happy to provide such. But at this stage, it is

2

not appropriately before this Court. "[P]roviding this Court with new arguments … is not appropriate on a motion to reconsider. Rather, the Court will review the information before the Magistrate Judge at the time [she] denied Plaintiff's request." *Mestas v. Town of Evansville*, 2017 WL 6551391 at 2 (D. Wyo. Aug. 25, 2017). Thus, the Court cannot consider any argument regarding Cody Lane's productions.

Cody Lane is attempting to adequately prepare itself for trial by timely raising these issues with the Court. Cody Lane raised these issues months ago to obtain additional information that is necessary for trial.

## CONCLUSION

WHEREFORE Cody Lane respectfully requests this Court grant its *Motion for Reconsideration*.

RESPECTFULLY SUBMITTED this 5th day of January 2026.

                                        Cody Lane Development Corp., Plaintiff

By: */s/ Tyler J. Garrett*

Tyler J. Garrett, WSB #6-4400
HATHAWAY & KUNZ, LLP
2515 Warren Avenue, Suite 500
P.O. Box 1208
Cheyenne, WY  82003-1208
307.634.7723 (telephone)
307.534.0985 (facsimile)
tgarrett@hkwyolaw.com

Jeffrey B. Charkow (Admitted *pro hac vice*)
Owen K. Newman (Admitted *pro hac vice*)
Duane Morris LLP
190 S. LaSalle Street, Ste. 3700
Chicago, IL 60603-3433
312.499.6700 (telephone)
312.499.6701 (fascimile)
jbcharkow@duanemorris.com
oknewman@duanemorris.com
cjchasin@duanemorris.com

*Attorneys for Plaintiff*
*Cody Lane Development Corp.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 5th day of January 2026, I electronically transmitted the foregoing document to the Clerk of Court of the U.S. District Court, District of Wyoming, using the CM/ECF system for filing. Based on the records currently on file the Clerk of Court will transmit a Notice of Electronic Filing to all registered counsel of record.

                                                   */s/ Lori Pallak*
                                                   HATHAWAY & KUNZ, LLP