Tyler J. Garrett, WSB # 6-4400
Kari A. Hartman WSB # 8-6507
HATHAWAY & KUNZ, LLP
P. O. Box 1208
Cheyenne, WY 82003-1208
(307) 634-7723
tgarrett@hkwyolaw.com
khartman@hkwyolaw.com

Jeffrey B. Charkow
Owen K. Newman
Alex W. Karasik
John D. Cooke
Chris Chasin
Duane Morris LLP
190 South LaSalle Street, Ste. 3700
Chicago, IL 60603
(312) 499-6701
jbcharkow@duanemorris.com
oknewman@duanemorris.com
awkarasik@duanemorris.com
jdcooke@duanemorris.com
cjchasin@duanemorris.com

ATTORNEYS FOR PLAINTIFF
CODY LANE DEVELOPMENT CORP.

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| CODY LANE DEVELOPMENT CORP., <br><br> Plaintiff, <br> v. <br><br> LAYTON CONSTRUCTION COMPANY, LLC, <br><br> Defendant, Counter-Claimant, and Third-Party Plaintiff. | Case No. 24-CV-00064-KHR |
| Related Third Party Claims. | |

**PLAINTIFF CODY LANE DEVELOPMENT CORP'S RESPONSE IN OPPOSITION TO LAYTON'S MOTION TO STRIKE [ECF N0. 380], OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE CONSOLIDATED MOTION IN LIMINE**

Plaintiff Cody Lane Development Corp. ("Cody Lane"), by and through its attorneys Hathaway & Kunz LLP and Duane Morris LLP, hereby submits this *Response* opposing Layton's motion to strike (ECF No. 380), or in the alternative, seeks leave to file a consolidated motion in limine to replace the four motions in limine separately filed on January 14, 2026 ("Prior Motions in Limine") (ECF Nos. 373-375, 377). A Proposed Consolidated Motion in Limine is attached as **Exhibit 1** (exhibits thereto excluded until being granted leave to file). The Proposed Consolidated Motion in Limine contains the same arguments as the Prior Motions in Limine but combines and condenses them into a single motion so that the Proposed Consolidated Motion in Limine is limited to 15 pages of argument.

Cody Lane's reason for filing the four separate Prior Motions in Limine was the result of its good faith understanding of the Court's direction in the *Amended Initial Pretrial Order* (ECF No. 119 at p. 12, § (n)), as well as prior experience with motions in limine in the District of Wyoming. Indeed, when conferring with counsel for Layton Construction Company, LLC ("Layton") in accordance with Local Rule 7.1(b)(1)(A), Cody Lane explained the grounds for each of the Prior Motions in Limine it intended to file, and Layton raised no objection during that conferral. It was not until days after the expiration of the filing deadline that Layton expressed its current position that only a single consolidated motion was permitted. And although Cody Lane communicated its willingness to reasonably resolve the issue, Layton instead filed a motion to strike the Prior Motions in Limine.

To the extent that Cody Lane misunderstood the Court's direction, such a misunderstanding was reasonable and inadvertent. Denying Layton's motion to strike, or at least granting Cody Lane leave to file the Proposed Consolidated Motion in Limine, serves substantial justice by allowing the Court to address the substance of Cody Lane's Prior Motions in Limine without unfairly

penalizing Cody Lane, and in turn facilitate a more expedient approach to trial. Layton will suffer no prejudice, as Cody Lane would not be raising any new arguments, but rather refiling its existing arguments in a consolidated fashion.

The Court should therefore deny Layton's motion to strike, or in the alternative, grant Cody Lane leave to file the Proposed Consolidated Motion in Limine.

## **BACKGROUND**

In its October 23, 2024, *Amended Initial Pretrial Order*, the Court stated: "Motions in Limine or motions relating to the exclusion of evidence, limited to 15 pages contained in a single motion, shall be filed no later than January 7, 2026." (ECF No. 119 at p. 12, § (n)).[1]

Cody Lane reviewed this provision prior to drafting and filing its Prior Motions in Limine. Cody Lane considered the Court's references to the plural term "motions" as common direction for separately filing motions in limine. Cody Lane also found it reasonable that the Court would want to expand the page limit for each motion in limine from the 10 pages specified in Local Rule 7.1(b)(1)(C) to 15 pages because the case was deemed complex. The sentence structure led Cody Lane to understand that page limitation as constituting its own clause, with "contained in a single motion" modifying the 15-page limitation, rather than the "motions" referenced earlier in the sentence.[2]

---

[1] The January 7, 2026 deadline was subsequently amended to January 14, 2026. (ECF No. 363 at 9).

[2] This was because the phrase "limited to 15 pages contained in a single motion" was bracketed from the rest of the sentence by commas but contained no internal commas itself. By contrast, alternate phrasing such as "Motions in Limine or motions relating to the exclusion of evidence, limited to 15 pages <u>and</u> contained in a single motion, shall be filed…" or "each party shall file up to one motion in limine or motion relating to the exclusion of evidence, limited to 15 pages, no later than…" would have led counsel for Cody Lane to believe that the Court did not intend to permit it to file more than one motion in limine.

In other words, counsel for Cody Lane reasonably read the Court's *Amended Initial Pretrial Order* to authorize each party to file separate motions in limine, so long as each individual motion or "single motion" in limine was "limited to 15 pages". This understanding aligned with Cody Lane's counsel's local experience and general knowledge of precedent permitting filing separate motions in limine. For instance, other cases before this Court from around the same time as the *Amended Initial Pretrial Order* have involved the submission of separate motions in limine. *Broderick v. State Farm Fire & Cas. Co.*, No. 23-CV-147-R, 2024 WL 4525183, at *1 (D. Wyo. Aug. 23, 2024) (noting that "Defendant has filed five separate motions in limine in advance of trial" and ruling on same); *see McCarty v. Liberty Mut. Ins. Co.*, No. 15-CV-210-R, 2017 WL 676459 (D. Wyo. Feb. 3, 2017) (ruling on "sixteen motions in limine").

Based on this understanding, Cody Lane's counsel conferred with Layton's counsel on January 14, 2026, and indicated Cody Lane's intent to file four separate motions in limine. *See* **Exhibit 2** - 1/16/26-1/17/26 Email "RE: Cody Lane re Motion in Limine".[3] Counsel for Layton raised no objection to the Prior Motions in Limine, and the parties filed their respective motions later that day. *Id.*

It was not until a call on Friday, January 16, 2026, at 5:01 PM that Layton raised its objection to the already filed Prior Motions in Limine. *Id.* Cody Lane's counsel then sent a response by email at 7:04 pm, attaching *Broderick*. *Id.* Later that evening, Layton's counsel emailed a rebuttal, noting that the question remained as to whether the pretrial order in *Broderick* contained the same language as the *Amended Initial Pretrial Order*. *Id.* Cody Lane's counsel considered the retort a fair point.

---

[3] Cody Lane's counsel loathes including communications amongst parties' attorneys as exhibits to pleadings. It is assumed the Court normally does not like considering such communications either. Unfortunately, Cody Lane feels compelled to provide an email string between Cody Lane's and Layton's respective counsel to straighten the record and provide context for the Court.

The following morning, Saturday, January 17, 2026, at 9:32 AM, counsel for Cody Lane called Layton's counsel, and expressed an interest in working to resolve the matter collaboratively to avoid needlessly raising disputes with the Court. *Id*. Counsel for Cody Lane proposed filing an unopposed motion for leave to file the Proposed Combined Motion in Limine. *Id*. Later that morning, at 10:37 AM, Counsel for Cody Lane sent a follow-up email to Layton's counsel summarizing what they had discussed on their call and reaffirming that it appeared both sides had fair assessments and was hopeful they could figure out a reasonable solution, such as Cody Lane filing an unopposed motion for leave to file combined motions in limine. *Id.*

Although Cody Lane remained hopeful that an agreement could be reached, on Sunday night, January 18, 2026, Layton's counsel responded stating that Layton intended to move forward with its motion to strike. Layton then filed its motion to strike a few minutes later.

## **ARGUMENT**

If Cody Lane has correctly interpreted the Court's direction in the *Amended Initial Pretrial Order* as permitting separate motions in limine of up to 15 pages each, then there is no reason to strike the four Prior Motions in Limine and Layton's motion should be denied. However, if Cody Lane misunderstood the Court, and the *Amended Initial Pretrial Order* does require a single motion in limine of up to 15 pages, Cody Lane respectfully seeks leave to file the Proposed Consolidated Motion in Limine. As discussed above, any nonconformity with the Court's order was the result of a good faith misunderstanding. Despite conferring beforehand, Layton did not raise any potential alternate reading of the Court's order until after Cody Lane had filed its Prior Motions in Limine. And even once Layton subsequently raised its position, Cody Lane tried to resolve the issue. Within less than a day of learning of Layton's position, Cody Lane offered a proposed solution that would have made Layton's motion to strike unnecessary.

4

Given Cody Lane's good faith conduct, striking Cody Lane's Prior Motions in Limine, or not granting it leave to file its Proposed Consolidated Motion in Limine, would needlessly prevent the Court from evaluating Cody Lane's arguments on the merits, and, for reasons articulated in Cody Lane's Proposed Consolidated Motion in Limine, would facilitate the errant inclusion and exclusion of evidence discussed therein in a manner that would likewise prejudice Cody Lane.

Denying Layton's motion to strike, or at the very least granting leave, would also help "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Motions in limine allow the Court to use "its discretion to aid the parties in formulating trial strategy." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (citations omitted). The parties are set for a 12-day trial where each will have only six days to present their case-in-chief. Addressing the evidentiary issues in Cody Lane's motions in limine on their merits is important to help the parties understand the evidence that will be at issue and prepare accordingly. It is also important to avoid protracted, unnecessary evidentiary disputes at trial, which risk consuming the already limited time afforded to the parties.

Granting leave would not cause any prejudice to Layton. The Proposed Consolidated Motion in Limine adheres to the same page limitation Layton adhered to, and Layton would be contending with the same arguments already articulated in Cody Lane's Prior Motions in Limine. Indeed, having already reviewed the arguments in the Prior Motions in Limine, Layton will have more time than Cody Lane to respond on the substance. And to the extent Layton's claim of prejudice stems from the need to respond to separate motions in limine rather than a consolidated one, granting leave to file the Proposed Consolidated Motion in Limine would resolve any residual prejudice. It would also help achieve any goals the Court may have had if its Order was meant to

require Cody Lane to file a motion like the Proposed Consolidated Motion in Limine in the first place.

## **<u>CONCLUSION</u>**

Cody Lane requests the Court deny Layton's motion to strike, or in the alternative, to grant leave for Cody lane to file its Motion for Leave to File a Consolidated Motion in Limine.

**DATED** January 21, 2026.

<div style="margin-left: 40%;">

CODY LANE DEVELOPMENT CORP.

By: __ */s/ Tyler J. Garrett*_____
Tyler J. Garrett, WSB # 6-4400
Kari A. Hartman WSB # 8-6507
HATHAWAY & KUNZ, LLP
P.O. Box 1208
Cheyenne, WY 82003-1208
Phone: 307-634-7723
Fax: 307-634-0985
tgarrett@hkwyolaw.com
khartman@hkwyolaw.com

Jeffrey B. Charkow
Owen K. Newman
Alex W. Karasik
John D. Cooke
Chris Chasin
Duane Morris LLP
190 South LaSalle Street, Ste. 3700
Chicago, IL 60603
Phone: 312-499-6701
jbcharkow@duanemorris.com
oknewman@duanemorris.com
awkarasik@duanemorris.com
jdcooke@duanemorris.com
cjchasin@duanemorris.com


*Attorneys for Plaintiff*
*Cody Lane Development Corp.*

</div>

6

## Certificate of Service

This is to certify that on the 21st day of January, 2025, a true and correct copy of the foregoing was upon counsel via CM/ECF as follows:

| | |
|---|---|
| Bryan S. Johansen<br>Sara M. Nielson<br>Michael T. Hoppe<br>Parr Brown Gee & Loveless<br>101 South 200 East, Ste., 700<br>Salt Lake City, UT 84111<br>bjohansen@parrbrown.com<br>snielson@parrbrown.com<br>mhoppe@parrbrown.com<br><br>*Attorney for Layton Construction Company LLC* | Giovanni Michael Ruscitti<br>Sally Piskun<br>Berg Hill Greenleaf Ruscitti LLP<br>1712 Pearl Street<br>Boulder, CO 80302<br>gmr@bhgrlaw.com<br>sp@bhgrlaw.com<br><br>*Attorneys for Greiner Electric LLC*<br>*Attorneys for RK Mechanical Inc* |
| Erika M. Nash<br>Justin Ashkhan Daraie<br>Randall B. Reed<br>Long Reimer Winegar Beppler LLP<br>PO Box 3070<br>Jackson, WY 83001<br>enash@lrw-law.com<br>jdaraie@lrw-law.com<br>rreed@lrw-law.com<br><br>*Attorneys for Layton Construction Company LLC* | Ian W. Carmen<br>Berg Hill Greenleaf Ruscitti LLP<br>1712 Pearl Street<br>Boulder, CO 80302<br>ian.carmen@bhgrlaw.com<br><br>*Attorneys for Greiner Electric LLC*<br>*Attorneys for RK Mechanical Inc* |
| L. Tyrone Holt<br>The Holt Group LLC<br>1675 Broadway, Ste., 2100<br>Denver, CO 80202<br>ty.holt@holtllc.com<br><br>*Attorney for Layton Construction Company LLC* | Daniel Kenneth Johnson<br>Lee Mann<br>Kilpatrick Townsend & Stockton LLP<br>1100 Peachtree Street, NE, Ste., 2800<br>Atlanta, GA 30309<br>dkjohnson@ktslaw.com<br>lmann@kilpatricktownsend.com<br><br>*Attorneys for Cives Corporation* |

| | |
|---|---|
| Brian Ray Lambert<br>Trenton H. Cotney<br>Roscoe Green<br>Adams and Reese LLP<br>100 N. Tampa Street, Ste., 4000<br>Tampa, FL 33602<br>brian.lambert@arlaw.com<br>trent.cotney@arlaw.com<br>roscoe.green@arlaw.com<br><br>*Attorneys for Sprayfoam d/b/a Global Roofing Group* | Isaiah I. Gross<br>Stetlting & Gross LLC<br>PO Box 3159<br>Jackson, WY 83001<br>isaiah@s-g.law<br><br>*Attorneys for Cives Corporation* |
| Billie L. M. Addleman<br>Tyson Richard Woodford<br>Hirst Applegate LLP<br>PO Box 1083<br>Cheyenne, WY 82003-1083<br>baddleman@hirstapplegate.com<br>twoodford@hirstapplegate.com<br><br>*Attorneys for Greiner Electric LLC*<br>*Attorneys for RK Mechanical Inc.* | Erica Rachel Day<br>Stuart R. Day<br>Carl Edelman<br>Williams Porter Day & Neville PC<br>PO Box 10700<br>Casper, WY 82602<br>eday@wpdn.net<br>sday@wpdn.net<br>cedelman@wpdn.net<br><br>*Attorneys for Phaze Concrete Inc.* |
| Frederick J. Hahan, III<br>Hahn Law<br>PO Box 50698<br>Idaho Falls, ID 83405<br>fjh@hahn-law.net<br><br>*Attorneys for Intermountain Erectors Inc.* | Thomas Ardell Larkin<br>Tyler J. Storti<br>Sokol Larkin Wagner & Storti LLC<br>4380 S. Macadam Avenue, Ste., 530<br>Portland, OR 97239<br>tlarkin@sokol-larkin.com<br>tstorti@sokol-larkin.com<br><br>*Attorneys for Intermountain Erectors Inc.* |

*/s/ Lori Pallak*
Hathaway & Kunz, LLP