FILED

4:39 pm, 2/2/26

Margaret Botkins
Clerk of Court

# United States District Court

For The District of Wyoming

| | |
|---|---|
| CODY LANE DEVELOPMENT, CORP.,<br>Plaintiff/Counter Defendant,<br>v.<br>LAYTON CONSTRUCTION CO., LLC,<br>Defendant/Counter Claimant,<br><br>and<br>Related Third-Party Claims. | Civil No. 24-CV-64-R |

## ORDER RULING ON CODY LANE DEVELOPMENT CORP.'S AND LAYTON CONSTRUCTION COMPANY LLC'S MOTIONS IN LIMINE

Cody Lane Development Corporation and Layton Construction Company, LLC filed their respective motions in limine seeking to limit or expand evidence to be presented at the upcoming trial scheduled for February 23, 2026. After careful consideration of the Motions and Responses and "[i]n view of the complexity of the issues in this case, the trial judge is better able to assess the admissibility of evidence and witnesses in the context of the bench trial upon appropriate and timely objection at the time of trial rather than . . . before trial." *Pinal Creek Grp. v. Newmont Min. Corp.*, No. CV-91-1764-PHX-DAE, 2006 WL 1766494, at *1 (D. Ariz. June 26, 2006). The Court thus grants in part and denies in part the parties' Motions to guarantee the admission of all potentially relevant evidence.

## BACKGROUND

This litigation stems from a contract dispute arising from the construction of the Hoback Club project in Teton Village, Wyoming (the "Project"). [ECF No. 1, at 2]. The Project is a luxury ski-in/ski-out residential complex located in Jackson Hole Mountain Resort. *Id*. When completed it will consist of 25 individual residences, along with common areas, private dining, and health and fitness facilities. *Id*. The original estimated price to construct the Project was more than $235 million. *Id*. at 4. Cody Lane is the developer of the Project. [ECF No. 7-1, at 1]. In May 2021, Cody Lane entered into the AIA Document A133 Agreement with Layton to serve as the Construction Manager/Constructor of the Project. [ECF No. 1, at 3].

In March 2024, Cody Lane terminated Layton and excluded it from the Project. *Id*. at 13. On March 18, 2024, Cody Lane filed this lawsuit alleging Layton breached the Contract and its duty of good faith and fair dealing. Cody Lane alleges Layton failed to properly plan, coordinate, supervise, and execute its work on the Project; failed to comply with the Project's construction schedule; and failed to process payment applications promptly, which delayed payments to subcontractors. *Id*. at 6–12. Cody Lane's claimed damages include the cost to complete the Project, the cost to repair or replace deficient work, liquidated damages, and costs and attorneys' fees.

Layton denied the Complaint's allegations and filed a counterclaim alleging it was wrongfully terminated and asserting claims for (1) breach of contract, and (2) breach of the implied covenant of good faith and fair dealing against Cody Lane. [ECF No. 7, at 18–20]. These alleged breaches include Cody Lane failing to deliver complete and constructible

plans; failing to approve legitimate changes in the work; failing to make complete and timely payments; failing to approve compliant work; failing to answer Requests for Information ("RFIs") in a timely manner; failing to timely respond to submittal packages; and inappropriately changing the design of the Project. *Id*. at 17–18. Layton's claimed damages include payment for completed work allegedly withheld by Cody Lane and the profit Layton was deprived of because of its termination. *Id*. at 20. Cody Lane denies the allegations of Layton's counterclaim. [ECF No. 27].

## RELEVANT LAW

"A motion *in limine* is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis in original) (parenthetically quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)). "The purpose of such motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Scott v. City of Tulsa, Okla.*, 797 F. Supp. 3d 1243, 1249 (N.D. Okla. 2025) (quoting *Delaney v. City of Tulsa*, 766 F. Supp. 3d 1180, 1188 (N.D. Okla. 2025)).

Although these motions may streamline trial preparation and cost, "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). In ruling on admissibility, a court relies on the Federal Rules of Evidence. Unless the evidence is plainly "inadmissible on all potential grounds," a court should withhold ruling until trial. *Id*. at

1218–19. Thus, to hold evidence inadmissible, the moving party must carry the "heavy burden of showing that the evidence in question is clearly inadmissible on all potential grounds." *Scott*, 797 F. Supp. 3d at 1250 (quotations omitted) (quoting *Read v. Okla. Flintrock Prods., LLP*, No. 21-316, 2022 WL 17820158, at *1 (N.D. Okla. Dec. 20, 2022)). The grant or denial of a motion in limine is preliminary and within the discretion of the trial court. *Edens*, 834 F.3d at 1130. Granting a motion in limine does not prevent the court from altering its ruling at trial. *Id.* Either way, parties are not relieved of their duty to voice objections or offers of proof at trial. *See Thweatt v. Ontko*, 814 F.2d 1466, 1470 (10th Cir. 1987).

## RULING OF THE COURT

The parties' motions in limine primarily revolve around (1) the relevant timelines from which evidence may be admitted and (2) expert testimony. [ECF Nos. 373, 374, 375] (raising timeframe issues); [ECF Nos. 337, 377, 378] (raising expert issues). Cody Lane filed four motions in limine. [ECF Nos. 373–75, 377]. Layton filed two motions in limine. [ECF Nos. 337, 378]. The Court will first address Cody Lane's motions then Layton's motions.

### *I. Cody Lane's Motions in Limine*

#### 1. Including After-Acquired Evidence Supporting Termination [373]

Cody Lane motions the Court to allow it to present evidence discovered after it terminated Layton to support its decision, arguing subsequent developments provide further support for its action. [ECF No. 373, at 3]. For example, Cody Lane claims it was

not feasible to conduct roof testing until after Layton's termination, but the testing eventually revealed more extensive defects than anticipated. *Id*. at 4.

Layton argues Cody Lane's lack of specificity and delay in bringing this issue are highly prejudicial. [ECF No. 389, at 2]. Layton contends this Motion functions as a request for reconsideration of the Court's previous ruling. *Id*. (citing ECF No. 189). It references the Court's previous Order Bifurcating the Case which stated, "[a] determination of whether Layton materially breached the Contract is based upon the March 4, 2024, termination of Layton for cause" and "[i]nformation and defects discovered after Layton's termination are not relevant to whether there was a material breach." *Id*. at 3 (quoting ECF No. 189, at 12).

The Court grants Cody Lane's Motion in Limine permitting the inclusion of after-acquired evidence in support of termination. A party to a contract may "justify an asserted termination, rescission, or repudiation, of a contract by proving that there was, at the time, an adequate cause, although it did not become known to him until later." *Coll. Point Boat Corp. v. United States*, 267 U.S. at 15–16 (footnotes omitted); *see*, *e.g.*, *Johnson v. USANA Health Scis., Inc.*, 632 F. Supp. 3d 1245, 1265 (D. Utah 2022); *Dollar Rent A Car Sys., Inc. v. P.R.P. Enters., Inc.*, No. 01 CV 698 JHP FHM, 2006 WL 1266515, at *23 (N.D. Okla. May 8, 2006), *aff'd*, 242 F. App'x 584 (10th Cir. 2007); *Maxima Corp. v. United States*, 847 F.2d 1549, 1553 (Fed. Cir. 1988).

The Court acknowledges the specific limitations imposed on Cody Lane's for-cause termination under the Contract. Cody Lane identified specific grounds for terminating Layton as of March 4, 2024. [ECF No. 389, at 7] (citing A201 § 14.2.1). Layton argues any

post-termination information introduced by Cody Lane is only relevant to damages. *Id*. In granting the Motion the Court cautions Cody Lane to consider how this evidence will advance its arguments in the liability phase of litigation. The presentation of evidence of this nature will require careful balancing—Cody Lane must connect the evidence to its for-cause termination and avoid shifting the focus from liability to damages. That said, the Court will allow the evidence at this stage.

**2. Excluding Evidence Waived by Amendment 4 [374]**

Cody Lane argues Layton waived any claims it had prior to Amendment 4 with its execution. [ECF No. 374]. Because of the waiver, it concludes the only relevant conduct occurred between the execution of Amendment 4 and Layton's termination and asks the Court to exclude evidence outside the relevant timeframe. *Id*. at 3. Cody Lane asserts Layton, and its experts, rely heavily on pre-Amendment 4 conduct which artificially conflates the changes requested and ultimately confuses the issues. *Id*. at 4–5. It maintains even if pre-Amendment 4 conduct was tangentially relevant, it would be substantially outweighed by the danger of unfair prejudice, confusion, wasted time and needlessly cumulative proceedings. *Id*. at 6; FED. R. EVID. 401(b). Cody Lane avers if Layton raises these issues at trial it will have to spend valuable time to respond.

Layton claims this Motion is effectively a motion for partial summary judgment because to rule affirmatively, "the Court would first have to determine it is undisputed that Layton waived *all of its rights* in the Contract predating Amendment 4, and therefore is not allowed to cite any evidence that existed prior to Amendment 4." [ECF No. 391, at 4] (emphasis in original). "Some of this evidence, including but not limited to the ongoing

lack of completeness, coordination, and constructability of the Construction Documents and constant attempts by Cody Lane and its agents to design and redesign the Project while it was being constructed, pre-dates Amendment 4 and remained relevant and admissible." *Id*. at 6.

The Court denies Cody Lane's Motion in Limine to exclude evidence and argument waived by Amendment 4. [ECF No. 374]. In a bench trial, "[j]udges are presumed to disregard inadmissible evidence and rely on competent evidence." *Pinal Creek Grp*., No. CV-91-1764-PHX-DAE, at *1 (quoting *Plummer v. Western Int'l Hotels Co., Inc.*, 656 F.2d 502, 505 (9th Cir.1981)). Arguments of prejudice do not play a substantial factor in a bench trial, and the Court will be best situated to make this determination when evidence is presented at trial. To the extent evidence before Amendment 4 is relevant to demonstrate ongoing failures alleged by Layton, it will be admissible.

**3. Including Evidence of Pre-Termination Breaches [375]**

Cody Lane next motions the Court to permit evidence of pre-termination breaches and liability. [ECF No. 375]. "Cody Lane files this motion to seek clarification moving forward about the proper scope of evidence in each phase of the case, and to ensure that no evidence of liability is mistakenly excluded based on assumptions about [what] issues will be at stake in a subsequent trial on damages." *Id*. at 2. Cody Lane argues it is entitled to introduce evidence and arguments about its breach of contract claim based on Layton's pre-termination conduct—regardless of whether its termination was proper. "This includes, but is not limited to, evidence of (a) Layton's defective work; (b) acts and omissions by Layton that forced Cody Lane to pay settlements to Layton's subcontractors to facilitate

completion of the project; and (c) liquidated damages for Layton's unexcused failure to timely complete the work." *Id*. at 5 (citations omitted).

Layton argues "Cody Lane's presentation of argument and evidence should be strictly limited to the four enumerated grounds allegedly supporting termination for cause in the Termination Letter—the only Notice of Termination referenced in the Complaint." [ECF No. 390, at 3]. Layton continues, "Cody Lane asks the Court to render a ruling of law concerning its entitlement to damages or an offset to Layton's damages if the Court finds that Cody Lane wrongfully terminated the Contract." *Id*. at 4. Layton contends the Motion is overly generic and broad, and the request should be considered an improper motion in limine. *Id*. at 4–5.

The Court grants Cody Lane's Motion regarding permitting evidence of pre-termination breaches and liability. [ECF No. 375]. Layton alleges it was wrongfully terminated and both parties assert claims for breach of contract. [ECF No. 7, at 18–20]; [ECF No. 1, at 6–12]. Pre-termination breaches by either party are directly relevant to the litigation at issue, and specifically the liability phase of the trial. Because this evidence is fundamental to the claims asserted, Layton's request to disallow them is illogical and Cody Lane's request for admission is superfluous. The Court addresses this Motion as a point of clarification.

Harkening back to the previous analysis under Cody Lane's first Motion in Limine, the liability phase is best suited for evidence demonstrating pre-termination breaches in fact occurred. Evidence addressing the depth of these alleged breaches will likely be most relevant to the damages phase of this litigation. The Court finds it will be better situated to

address these concerns as the contours become more concrete within the trial setting. *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008), *aff'd*, 402 F. App'x 337 (10th Cir. 2010) ("The Court recognizes that in many cases, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context.").

**4. Excluding Duplicative Expert Testimony [377]**

Cody Lane moves to limit Layton's duplicative expert testimony regarding roofing. [ECF No. 377, at 2]. Previously, Cody Lane filed a Motion to Strike Layton's Rebuttal Experts or in the Alternative Motion for Leave to File Reply and the Motion was denied without prejudice. [ECF No. 300]; [ECF No. 368]. The Court notes Cody Lane's Motion for Reconsideration on this Motion is currently pending. *See* [ECF No. 376]. Cody Lane now argues Layton's designated experts, non-retained experts, and rebuttal witnesses present duplicative testimony regarding roofing. [ECF No. 377, at 2–3]. It applies the factor test found in *Swank v. Zimmer, Inc.*, to argue the testimony is duplicative and should be excluded. *Id.* at 4 (citing No. CIV. 03-CV-60-B, 2004 WL 5499523, at *7 (D. Wyo. Jan. 7, 2004)).

Layton argues Cody Lane's request is premature and its "expert witness testimony complies with both Federal Rules of Evidence and Local Rules because each expert witness addresses different aspects of this unique roof." [ECF No. 388, at 2]. It maintains "[t]he evidence-driven balancing required under Rule 403 is typically inappropriate for a pretrial motion in limine." *Id.* at 4 (citing *Gallardo ex rel. Gallardo v. United States*, No. 10-CV-00868-PAB-CBS, 2012 WL 694390, at *1 (D. Colo. Mar. 1, 2012)). Layton asserts (1)

Local Rule 26.1(e)(1) bars duplicative testimony, not expertise, (2) Cody Lane fails to recognize the substantive differences between the experts' testimonies, and (3) some overlap between experts is permissible. *Id*. at 5–8. Layton concludes Cody Lane will not be unfairly prejudiced by this inclusion. *Id*. at 8–9.

The Court denies Cody Lane's Motion to exclude duplicative expert testimony. [ECF No. 377]. Layton correctly notes, "[u]nder Tenth Circuit precedent, 'excluding evidence in a bench trial under 'Rule 403's weighing of probative value against prejudice [is] improper.''" [ECF No. 388, at 4] (quoting *United States v. Kienlen*, 349 F. App'x 349, 351 (10th Cir. 2009), and *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981)). Cody Lane similarly acknowledges, "the Court could wait to rule on the issue as trial proceeds but reserve the ability to limit duplicative testimony on roofing as it comes in during trial and after a review of the expert witness statements." *Id*. at 8 (citing *Bindl v. Evanston Hosp. Corp.*, No. 14-CV-0052-SWS, 2015 WL 13333574, at *3 (D. Wyo. Oct. 9, 2015)). Moreover, the Court finds Layton's presentation of seemingly duplicative testimony would in no way restrict Cody Lane's use of its trial time. Thus, the Court holds the issue of duplicative expert testimony is best resolved in the context of trial. *Bindl*, No. 14-CV-0052-SWS, at *3.

## *II. Layton's Motions in Limine*

### 1. Excluding Scott Maloney's Expert Opinion [337]

Layton contends Scott Maloney's expert testimony is unreliable because (1) he provides opinions outside the scope of his expertise as an architect, and (2) he failed to consider significant facts and documents relevant to all aspects of his opinion. [ECF No.

338, at 4–8]. Layton requests the Court exclude the expert testimony to the extent it goes beyond Mr. Maloney's expertise as an architect and to the extent it fails to demonstrate a reliable basis for his opinions. *Id*. at 8. Layton concludes "[s]uch opinions are unreliable and should be excluded from consideration by the jury." *Id*.

Related to the scope of Mr. Maloney's testimony, Cody Lane argues, "the very nature of a construction contract shows overlapping involvement in multiple issues by project owners, contractors, and architects." [ECF No. 356, at 2]. Cody Lane contends Layton's arguments about an insufficient factual basis go to the weight and not the admissibility of Mr. Maloney's testimony. *Id*. at 3. It asserts "Mr. Maloney's opinions are plainly based on his 'review of construction management protocols *as they intersect with the architect's role*.'" *Id*. at 5 (emphasis in original) (citing ECF No. 233-2, at 20). Cody Lane likewise cites Wyo. Stat. § 33-4-101(a)(ii) defining the practice of architecture and concludes "[u]nder Wyoming law, the profession of architecture includes general administration of the contract and Mr. Maloney can testify as such." *Id*. at 7. Cody Lane also notes Layton's consideration of jury prejudice is misplaced in the context of a bench trial. *Id*. at 3–4.

The Court denies Layton's Motion to exclude Scott Maloney's expert testimony. [ECF No. 337]. "The requirement that testimony must be reliable does not mean that the party offering such testimony must prove 'that the expert is indisputably correct.'" *Bethel v. Berkshire Hathaway Homestate Ins. Co*., 596 F. Supp. 3d 1260, 1266 (D. Colo. 2022) (quoting *Bitler v. A.O. Smith Corp*., 400 F.3d 1227, 1233 (10th Cir. 2005)). Instead, the party must demonstrate the expert's opinion is based on facts which satisfy Rule 702's

reliability requirements, and the conclusions are reached by a sound method. *Id.*; *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 (10th Cir. 2005). "Guided by these principles, this Court has 'broad discretion' to evaluate whether an expert is helpful, qualified, and reliable under the 'flexible' standard of Fed. R. Evid. 702." *Bethel*, 596 F. Supp. 3d at 1266 (citations omitted).

"Proposed testimony must be supported by appropriate validation—i.e., 'good grounds,' based on what is known." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993). The Court finds Mr. Maloney's testimony appears to be supported by appropriate validation based on what is known. Cody Lane has presented sufficient evidence of Mr. Maloney's qualifications, the relevance of his testimony, and his consideration of the facts, creating a reliable basis for his opinion. [ECF No. 356]; *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 779 (10th Cir. 2009) ("[W]hile *Daubert's* standards must still be met, the usual concerns regarding unreliable expert testimony reaching a jury obviously do not arise when a district court is conducting a bench trial."); *see Bethel*, 596 F. Supp. 3d at 1266. Accordingly, the Court exercises its discretion in favor of admitting the evidence and may revisit this ruling as needed during trial. *McArtor v. Valsoft Corp., Inc.*, No. 1:23-CV-00136-SWS, 2025 WL 296547, at *6 (D. Wyo. Jan. 24, 2025).

2. **Excluding Evidence of Defects, Delays, or Breaches Unknown to Cody Lane Before March 4, 2024 [378]**

Layton's second Motion in Limine requests the Court exclude evidence of alleged defects, delays, or breaches that were not known to Cody Lane before March 4, 2024. [ECF

No. 378]. It argues "information learned after March 4, 2024, is irrelevant to Cody Lane's decision to terminate Layton for cause." *Id*. at 2. Layton again places substantial weight on the Bifurcation Order finding Cody Lane's ongoing discovery of defects would not delay the liability phase of trial. *Id*. at 4 (citing ECF No. 189, at 12). Layton contends it was terminated for cause under the Contract and Cody Lane must demonstrate it had sufficient justification to support a for-cause termination as of March 4, 2024. *Id*. at 4–5.

Layton's Motion is denied. [ECF No. 378]. The Court finds this issue is directly intertwined with Cody Lane's Motion in Limine to include evidence acquired after Layton's termination to support its termination decision. [ECF No. 373]. The Court holds Layton has not established the purported evidence is "inadmissible on all potential grounds." *McCarty*, No. 15-CV-210-R, at *2. Thus, the Court determines it will wait to make these determinations until it benefits from the context of trial.

## Conclusion

"A ruling on a motion in limine is no more than a preliminary, or advisory opinion that falls entirely within the discretion of the district court." *Edens*, 834 F.3d at 1130 (quoting *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994)); *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). The Court reserves its right to reverse its current rulings at trial if necessary. The parties shall proceed as outlined in this Order.

**NOW, THEREFORE, IT IS ORDERED** Cody Lane's Motions in Limine [ECF Nos. 374, 377] are hereby **DENIED**.

**IT IS FURTHER ORDERED** Cody Lane's Motions in Limine [ECF Nos. 373, 375] are hereby **GRANTED**.

**IT IS FURTHER ORDERED** Layton's Motions in Limine [ECF Nos. 337, 378] are hereby **DENIED**.

Dated this 2nd day of February, 2026.

Kelly H. Rankin
United States District Judge