

**FILED**

*8:30 am, 2/6/26*

**Margaret Botkins
Clerk of Court**

United States District Court

For The District of Wyoming

| | |
|---|---|
| CODY LANE DEVELOPMENT, CORP., Plaintiff/Counter Defendant, v. LAYTON CONSTRUCTION CO., LLC, Defendant/Counter Claimant, and Related Third-Party Claims. | Civil No. 24-CV-64-R |

**ORDER RULING ON CODY LANE DEVELOPMENT CORPORATION'S SECOND MOTION FOR RECONSIDERATION [376]**

In October 2025, Cody Lane Development Corporation filed its Motion to Strike Layton Development Corporation LLC's Rebuttal Expert Reports including a report authored by Dan Cooley of Grizz Creek Engineering. [ECF No. 300]. While the Motion was pending, Cody Lane conducted Mr. Cooley's deposition. On December 29, 2025, Cody Lane filed a Supplement to the Motion to Strike which included portions of Mr. Cooley's deposition. [ECF Nos. 357, 357-1, 357-2]. On January 5, 2026, Layton filed a Motion to Strike Cody Lane's Improper Filing. [ECF No. 367]. On January 6, 2026, Magistrate Judge Hambrick entered an Order Granting Layton's Motion to Strike Cody Lane's Supplement and Denying Cody Lane's Motion to Strike Layton's Rebuttal Expert

Reports. [ECF No. 368]. The matter currently before the Court is Cody Lane's Motion for Reconsideration of Judge Hambrick's Order. [ECF No. 376]; *see* [ECF No. 368]. After careful consideration of the arguments made in the underlying determination, the Motion, and the Response, the Court denies the Motion for Reconsideration.

## BACKGROUND

This litigation stems from a contract dispute arising from the construction of the Hoback Club project in Teton Village, Wyoming (the "Project"). [ECF No. 1, at 2]. The Project is a luxury ski-in/ski-out residential complex located in Jackson Hole Mountain Resort. *Id*. Cody Lane is the developer of the Project. [ECF No. 7-1, at 1]. In May 2021, Cody Lane entered into the AIA Document A133 Agreement with Layton to serve as the Construction Manager/Constructor of the Project. [ECF No. 1, at 3]. Rich Novasio of SAFEbuilt Incorporated was designated as the Teton County Building Inspector ("IOR") and the Authority Having Jurisdiction ("AHJ") on the Project. *See* [ECF No. 376, at 3]. Cody Lane claims, "[t]he Teton County Building Inspector served Layton with three separate 'stop work' notices . . . This included a stop work notice related to the roofing system, which continued in place for months." [ECF No. 1, at 6–7]. In March 2024, Cody Lane terminated Layton and excluded it from the Project. *Id*. at 13.

On March 18, 2024, Cody Lane filed this lawsuit alleging Layton breached the Contract and its duty of good faith and fair dealing. Cody Lane alleges Layton failed to properly plan, coordinate, supervise, and execute its work on the Project; failed to comply with the Project's construction schedule; and failed to process payment applications promptly, which delayed payments to subcontractors. *Id*. at 6–12. Cody Lane's claimed

damages include the cost to complete the Project, the cost to repair or replace work that is deficient, liquidated damages, and costs and attorneys' fees. *Id*. at 14.

Layton denied the Complaint's allegations and filed a counterclaim alleging it was wrongfully terminated and asserting claims for (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing against Cody Lane. [ECF No. 7, at 18–20]. These alleged breaches include Cody Lane failing to deliver complete and constructible plans; failing to approve legitimate changes in the work; failing to make complete and timely payments; failing to approve compliant work; failing to answer Requests for Information ("RFIs") in a timely manner; failing to timely respond to submittal packages; and inappropriately changing the design of the Project. *Id*. at 17–18. Layton's claimed damages include payment for completed work allegedly withheld by Cody Lane and the profit Layton was deprived of because of its termination. *Id*. at 20. Cody Lane denies the allegations of Layton's counterclaim. [ECF No. 27].

## CURRENT MOTION

In this case the expert disclosure deadline was August 15, 2025, and the rebuttal expert disclosure deadline was September 26, 2025. [ECF No. 200]. Both parties timely designated experts and rebuttal experts by the applicable deadlines. [ECF No. 233]; [ECF No. 235] (expert disclosures); [ECF No. 268]; [ECF No. 271] (rebuttal disclosures). Cody Lane's expert reports included that of Scott Maloney of K2M Design, Inc. ("K2M") and Robert Kerns of Wiss, Janey, Elstner Associates, Inc. ("WJE"). [ECF Nos. 233-2, 233-3]. Layton's rebuttal experts included Dan Cooley of Grizz Creek Engineering. [ECF No. 271]. On October 23, 2025, Cody Lane filed its Motion to Strike Layton's Rebuttal Expert

Reports. [ECF No. 300]. The Motion claimed several of Layton's rebuttal experts, including Mr. Cooley, were improper rebuttal witnesses because they only rebutted Cody Lane's case-in-chief—not its expert witnesses. *Id*. at 4–5; [ECF No. 376, at 2]. Cody Lane scheduled Mr. Cooley's deposition for December 17, 2025. [ECF No. 376, at 2]. Cody Lane proceeded with the deposition while the Motion to Strike was still pending.

Thereafter, on December 29, 2025, Cody Lane filed a Supplement to its Motion to Strike. The Supplement included portions of Mr. Cooley's deposition and was intended to offer further support about the disputed nature of his testimony. *Id*. at 2, 9; [ECF Nos. 357, 357-1, 357-2]. On January 5, 2026, Layton filed a Motion to Strike Cody Lane's Improper Filing. [ECF No. 367]. A day later, Judge Hambrick entered an Order granting Layton's Motion to Strike Cody Lane's Improper Filing and denying Cody Lane's Motion to Strike Layton's Rebuttal Expert Reports. [ECF No. 368].

In granting Layton's Motion to Strike, the Order found Cody Lane's supplemental filing was impermissible under the Local Rules and the Federal Rules of Civil Procedure. [ECF No. 368, at 4]. Turning to Cody Lane's underlying Motion to Strike, the Order identified two issues: (1) whether Layton's rebuttal experts were designated within the proper timeframe, and (2) whether the experts were genuine rebuttal witnesses. *Id*. The Order quickly disposed of the first issue, finding the rebuttal experts were timely designated. *Id*. at 4–5.

Addressing Mr. Cooley's Grizz Creek Report, the Order found, "Fed. R. Civ. P. 26(a)(2)(D)(ii) makes clear that the rebuttal expert's testimony must relate to and rebut evidence or testimony on the same *subject matter* identified by another party under Rule

4

26(a)(2)(B) or (C)." *Id*. at 9 (quotations omitted) (quoting *Carballido v. Target Corp.*, 1:19-CV-01057-REB-SKC, 2021 WL 1376997, at *3 (D. Colo. Apr. 12, 2021)). It explained, "[s]uch evidence *is not tied to any particular witness*; it is tied to whether the party with the affirmative burden has presented evidence and/or testimony from a duly disclosed expert on the same subject matter as that which will be rebutted by the disclosed expert." *Id*. (quotations omitted) (quoting *Carballido*, 2021 WL 1376997, at *3). The Order found the Grizz Creek Report proper because it addressed the same subject matter as Cody Lane's WJE and K2M Reports. *Id*. at 9–10.

Cody Lane now motions this Court to reconsider Judge Hambrick's decision as it relates to granting Layton's Motion to Strike, and the allowance of Mr. Cooley's rebuttal expert designation. [ECF No. 376]. It argues Mr. Cooley's report does not constitute rebuttal testimony under the Federal Rules and the failure to strike it constitutes clear error. *Id*. at 8. Cody Lane avers the Order ignored Local Rule 7.1(b)(1)(B) in not providing it with the opportunity to respond to Layton's Motion to Strike, and overall was clearly erroneous and contrary to law. *Id*. at 3, 9. It concludes because Mr. Cooley is not a proper rebuttal witness his expert disclosure at the rebuttal deadline was untimely and must be excluded. *Id*. at 11.

## RELEVANT LAW

Magistrate judges are afforded broad discretion in resolving discovery disputes. *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999). Under Local Rule 74.1, a party can seek reconsideration of a magistrate judge's order provided the request designates the order objected to and the basis for the objection. U.S.D.C.L.R.

74.1; 28 U.S.C.A. § 636(b)(1); FED. R. CIV. P. 72(a). "Review of the magistrate judge's ruling is required by the district court when a party timely files written objections to that ruling, and the district court must defer to the magistrate judge's ruling unless it is clearly erroneous or contrary to law." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).

Under the clearly erroneous standard, "the reviewing court [must] affirm unless it . . . is left with the definite and firm conviction that a mistake has been committed." *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (quotations omitted) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988)); *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Doe v. Hardwick*, No. 3:24-CV-489-BJD-MCR, 2025 WL 2021355, at *2 (M.D. Fla. July 18, 2025) (quotations omitted) (quoting *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007)).

"[P]roviding this Court with new arguments and evidence is not appropriate on a motion to reconsider. Rather, the Court will review the information before the Magistrate Judge at the time [she] denied Plaintiff's request." *Mestas v. Town of Evansville*, No. 17-CV-17-F, 2017 WL 6551391, at *2 (D. Wyo. Aug. 25, 2017) (alteration added). "Evidence is 'new' if it was not before the decisionmaker when the previous determination was made." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (citation omitted). "Issues raised

for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (citations omitted).

## RULING OF THE COURT

The Court affirms Magistrate Judge Hambrick's Order Granting Layton's Motion to Strike Cody Lane's Improper Filing and Denying Cody Lane's Motion to Strike Layton's Rebuttal Expert Reports. [ECF No. 368]. The Court will first address (I) Cody Lane's Motion to Strike Layton's Rebuttal Expert Reports then (II) Layton's Motion to Strike Cody Lane's Improper Filing.

### I. *Cody Lane's Motion to Strike Layton's Rebuttal Expert Reports [300]*

Cody Lane contends Mr. Cooley is improperly designated as a rebuttal witness because his report does not rebut any of Cody Lane's designated experts directly nor the subject matter of their respective reports. [ECF No. 376, at 3, 11]. Layton asserts Mr. Cooley's report addresses the same subject matter as Cody Lane's experts because it rebuts the WJE and K2M Reports they relied on. *Id.*; [ECF No. 322, at 8]; *see also* [ECF No. 368, at 9]. Judge Hambrick's Order found with Layton in holding Mr. Cooley's Grizz Creek Report properly rebutted the WJE and K2M Reports relied on by Cody Lane's experts. [ECF No. 368, at 9].

The Court affirms Judge Hambrick's decision to deny Cody Lane's Motion to Strike Layton's Rebuttal Expert Reports. [ECF No. 368]; [ECF No. 300]. Rule 26 of the Federal Rules of Civil Procedure allows rebuttal expert witness testimony "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's

7

disclosure." FED. R. CIV. P. 26(a)(2)(D)(ii); *Olivero v. Trek Bicycle Corp.*, 291 F. Supp. 3d 1209, 1215 (D. Colo. 2017); *Century Indem. Co. v. Marine Grp., LLC*, No. 3:08-CV-1375-AC, 2015 WL 5521986, at *3 (D. Or. Sept. 16, 2015) ("Rebuttal expert reports are proper if they contradict or rebut the subject matter of the affirmative expert report."). Conversely, "[i]f the purpose of expert testimony is to 'contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one.'" *Amos v. Makita U.S.A.*, 2011 WL 43092, at *2 (D. Nev. Jan. 6, 2011) (quoting *In re Apex Oil Co.*, 958 F.2d 243, 245 (8th Cir.1992)).

The K2M, WJE, and Grizz Creek Reports include the same subject matter—roofing defects identified by the IOR and the delays accompanying the IOR's orders. For Cody Lane, Scott Maloney's K2M Report stated, "[t]he Stop Work Order issued by the Inspector of Record (IOR) and rejection of Layton's proposed remedies by the AHJ (SAFEbuilt) directly reflect that portions of the installed roof were not compliant with contract documents or accepted construction standards." [ECF No. 233-2, at 95]. The Report cited several of Layton's alleged failures including potential delamination of the plywood substrate board, insufficient installation of the Sharkskin roof adhesion and roofing underlayment, and failure to stagger joints for the insulation installation. *Id.* at 95–96. The Report states, "[t]hese decisions led to a Stop Work Order," and Mr. Maloney includes a timeline of the issues flagged by the IOR and Layton's attendant responses. *Id.* at 96.

Robert Kerns' WJE Report likewise includes a section addressing IOR documents such as: (1) roof and site observation reports prepared by SAFEbuilt at multiple intervals between October 2022 and February 2024, (2) Notice of Violation dated August 24, 2023,

8

(3) Notice of Stop Work Order dated September 23, 2023, (4) Notice of Stop Work Order dated October 10, 2023, and (5) letters between SAFEbuilt and Layton. [ECF No. 233-3, at 22–26]. Many of the Report's findings echoed the issues identified by the stop work orders, the K2M Report, and the Grizz Creek Report. *Id*. at 36–37 (citing perceived problems with the plywood substrate board, roofing underlayment, and insulation). As Judge Hambrick's Order noted, "the overall opinion of the WJE Report was that the roof assembly does not meet the performance expectations listed in the project specifications, manufacturer guidelines, or applicable industry standards." [ECF No. 368, at 6].

Mr. Cooley's Grizz Creek Report focuses on the Project's IOR and AHJ. He reviewed the September 23, 2023 stop work order and found three alleged "non-conformance issues that ultimately drove the stop work order and Layton's efforts to address them: (i) alleged potential delamination/deterioration of the non-structural plywood element in the roof; (ii) confirmation of Sharkskin roof underlayment adhesion and proper installation; and (iii) non-staggered installation of insulation panels on portions of the roof." [ECF No. 271-7, at 4]. Mr. Cooley examined the role of an IOR and AHJ, procedures for issuing a stop work order, acceptable time for the review process, and opportunity for appeal. *Id*. at 5–9.

Cody Lane argues none of its retained or non-retained experts "are testifying on subject matter regarding the role of the Inspector of Record or the codes/regulations governing duties of inspectors." [ECF No. 376, at 6]. But it also claims, "Layton breached its contract with Cody Lane in large part by improperly constructing the roof of the Project, leading to several 'stop work' notices and ultimately a full replacement." [ECF No. 300, at

9

2]. The Court notes Cody Lane's identified experts are testifying to the standards identified by the IOC as a basis for noncompliance, and the stop work orders and other notices as a basis for the construction delay. Thus, it was reasonable for Judge Hambrick to allow Mr. Cooley's rebuttal report addressing how IOC standards are established, and how noncompliance must be handled. [ECF No. 368]. Because the Court finds the subject matter proper, Layton's disclosure of Mr. Cooley as a rebuttal expert by the applicable deadline was also proper.

## II. *Layton's Motion to Strike Cody Lane's Improper Filing [367]*

The Order also granted Layton's Motion to Strike Cody Lane's Improper Filing without receiving a response from Cody Lane. [ECF No. 368]; [ECF No. 367]. Judge Hambrick's Order found the Supplement was "completely inappropriate because it was filed without leave of this Court, over two months after Cody Lane filed its Motion to Strike, and more than a month after Cody Lane's reply. Neither the Federal Rules of Civil Procedure nor the Local Rules permit this type of filing." [ECF No. 368, at 4]. Cody Lane argues the Order violated Local Rule 7.1(b)(1)(B) and its due process rights to be heard before being subject to adverse action. [ECF No. 376, at 2–3, 9].

The Court finds striking Cody Lane's Supplement was neither clearly erroneous nor contrary to law. "[D]istrict courts are afforded great discretion regarding control of the docket and parties." *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (quotations omitted) (quoting *United States v. Orozco*, 916 F.3d 919, 925 (10th Cir. 2019)). Motions and briefs may be subject to a motion to strike where the filing is disallowed by local rules. *Id*. (citing *Ysais v. N.M. Jud. Standard Com'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009),

*Bustillo v. Hawk*, 44 F. App'x 396, 400–01 (10th Cir. 2002) (unpublished), and *In re Hopkins*, No. 98-1186, 1998 WL 704710, at *3 n.6 (10th Cir. Oct. 5, 1998) (unpublished)).

Cody Lane's supplemental filing clearly violated the Local Rules. Here, Cody Lane filed its original Motion to Strike, Layton filed its Response in Opposition, and Cody Lane filed its Reply. [ECF No. 300]; [ECF No. 322]; [ECF No. 330]. Over a month later, Cody Lane filed its Supplement to the Motion to Strike. [ECF No. 359]. Regardless of whether the Supplement is viewed as a supporting exhibit or an extension of Cody Lane's Reply, either option would violate the Local Rules. "Affidavits and other supporting exhibits shall be filed with the motion or brief." U.S.D.C.L.R. 7.1(c)(1). Even when attached to the motion, supporting exhibits will only be considered insofar as they are specifically cited in the briefing. U.S.D.C.L.R. 7.1(c)(2). Mr. Cooley's deposition and any related arguments could not have been specifically cited nor raised in the original Motion because the deposition was not held until two months after the Motion was filed.

Similarly, under the Local Rules reply briefs for non-dispositive motions are limited to five pages. U.S.D.C.L.R. 7.1(b)(1). Cody Lane's Reply was eight pages. [ECF No. 330]. Because Cody Lane's Reply was already in excess of the acceptable page limit, it was required to petition the court for leave to file excess pages—which will be granted only in "extraordinary circumstances." U.S.D.C.L.R. 7.1(b)(1)(D). Even then, replies "shall not be used to reargue the points and authorities included in the opening brief or address issues not previously raised in the motion or response." U.S.D.C.L.R. 7.1(b)(1)(D). As stated, even if Cody Lane had been granted leave to file additional pages to its Reply, the new

11

information presented through Mr. Cooley's deposition was not available at the time of the filing, nor at the time the original Motion was filed.

"Local rules are primarily housekeeping rules; their purpose is to facilitate operation of the court." *Hernandez v. George*, 793 F.2d 264, 266 (10th Cir. 1986). Cody Lane's failures to adhere to the Local Rules renders it subject to the Magistrate Judge's discretion. Neither the Local Rules nor the Federal Rules of Civil Procedure create an entitlement to such a supplemental filing. As a result, the Court is unpersuaded by Cody Lane's request for reconsideration and due process arguments. *See Austin v. U.S. Bank Nat'l Ass'n*, No. 03-4130-SAC, 2004 WL 433821, at *3 (D. Kan. Feb. 3, 2004) ("A supplement is not a pleading or other document that can be filed as a matter of right."). The Court affirms Judge Hambrick's Order granting Layton's Motion to Strike Cody Lane's Improper Filing.

## Conclusion

**THEREFORE, IT IS ORDERED** Cody Lane Development Corporation's Second Motion for Reconsideration [ECF No. 376] is **DENIED**, and Judge Hambrick's Order [ECF No. 368] is **AFFIRMED**.

Dated this 6th day of February, 2026.

_____
Kelly H. Rankin
U.S. District Judge

.