

**FILED**

3:56 pm, 2/10/26

**U.S. Magistrate Judge**

# In the United States District Court
# for the District of Wyoming

CODY LANE DEVELOPMENT CORP.,

    *Plaintiff*,

    v.

LAYTON CONSTRUCTION COMPANY LLC,

    *Defendant*.

Case No. 24-CV-00064-KHR

---

## ORDER GRANING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY

This matter is before the Court on Plaintiff Cody Lane's Motion to Compel Productions of Defendant Layton Construction's Claimed Privileged Communications. (ECF No. 358.) After considering the Motion, Defendant's Response, hearing arguments from the parties regarding the disputed documents, and reviewing the documents *in camera*, the Court FINDS:

### RELEVANT BACKGROUND.

This is a construction contract dispute involving a luxury condominium complex called the Hoback Club in Jackson Hole, Wyoming. The facts of this case have been put on the record in various other Orders by the Court. (*See* ECF Nos. 335, 368.) Accordingly, the Court will only discuss the facts relevant to Plaintiff Cody Lane's instant Motion to Compel Discovery. The Motion primarily concerns the communications involving a Layton employee, Michael Colligan.

In January 2023, Layton made Mr. Colligan the Project Executive of the Hoback Club construction project – a project management role, not a "legal" role. Before that, Mr. Colligan was the Vice President of Contracts and Projects Oversight in Layton's legal department. So, from January 2023 until termination of the project in March 2024, Mr. Colligan functioned in a dual

role. He reported to Mr. Jeffery Stevens, an attorney in Layton's in-house legal department, and Mr. Colligan's work was supervised by Mr. Stevens, too. Mr. Colligan is not an attorney. He acted in a "paraprofessional" capacity in Layton's in-house legal department.

During discovery, Cody Lane requested documents to which Layton objected to the production and provided a privilege log in response. (ECF Nos. 358-3, 382-1.) In the log, Layton claimed either the attorney-client privilege or work-product doctrine made immune from discovery hundreds of communications that Mr. Colligan participated in from January 2023 and beyond. Layton has withheld those correspondences and identified them in the provided privilege log with a number, the date, title of the communication, and the alleged privilege.

Sometime in early December 2025, Plaintiff and Defense counsel contacted chambers pursuant to Local Rule 37.1 and requested an informal discovery conference to resolve a dispute regarding the withheld communications. At the conference, Layton stated that it sent some of the emails at issue to Cody Lane the night before the conference. Cody Lane acknowledged receipt and that the parties had not yet meaningfully conferred about the disputed communications before requesting this Court's intervention. As stated at the discovery conference, the Court was not pleased with the attorneys' lack of meaningful conferral, ordered them to continue to meet and confer in good faith and permitted Cody Lane to move to compel on December 29, 2025, if the issue could not be resolved.

Sure enough, Cody Lane filed the instant Motion to Compel on December 29, 2025. (ECF Nos. 350, 352.) Cody Lane argued that Mr. Colligan was acting as the Project Executive when he was included in the disputed emails and communications, and not in a legal capacity. And since Mr. Colligan is not an attorney, the attorney-client privilege cannot apply. Cody Lane asserts that Mr. Colligan's emails were "nothing more than routine project management, not legal advice" and

therefore are discoverable. They also argue the work-product doctrine does not apply because Mr. Colligan's focus was business-related (construction) and the documents were created in the ordinary course of business, not in anticipation of litigation.

A significant problem with Cody Lane's Motion, however, was that it never identified the documents that it wanted to compel. (*See* ECF No. 358.) As a result, and before Layton's deadline to file its Response, the Court once again stepped in to help guide the attorneys and ordered Cody Lane to identify which documents it wanted to compel. (ECF No. 370.) Subsequently, Cody Lane filed two supplemental exhibits totaling a combined ten-pages that contained a single column with 450 different identification numbers pulled from Layton's privilege log. (ECF No. 372.) There was no other identifying information provided.

Layton timely filed its response and noted that some of the documents being compelled have already been produced either in full or partially redacted. (ECF No. 382.) Layton further claimed that the remaining documents were made for the primary purpose of obtaining legal advice and that Mr. Colligan acted as a liaison relaying legal advice between Layton's in-house counsel to and from Layton corporate employees. On January 20, 2026, the Court ordered Layton to provide the disputed documents to the Court for an *in camera* review via email. What came were 407 files containing mostly emails ("first batch").

Upon the initial review, the Court noticed that many of the emails contained attachments that were not provided. These attachments were not requested by Cody Lane, nor were they provided by Layton to the Court.[1] Without the attachments, it was nearly impossible for the Court to determine with any certainty what privilege – if any – applied. So, once again, the Court stepped

---

[1] It is noteworthy that no one on Cody Lane's side appeared to contemplate that the emails might contain attachments and that those should also be requested. It is also noteworthy that Layton knew that the emails contained attachments and yet did not provide them.

in a day after receiving the documents and ordered Layton to provide all the attachments referenced in the emails and communications it sent for the *in camera* review. (ECF No. 385.)

Layton then emailed the Court 215 subfolders that contained over 800 attachments ("second batch"). There was no organization to the files, nor grouping of emails by subject matter. There were multiple duplicates, there were files that were redacted in the initial submission but not redacted when Layton submitted its attachments. This made review tremendously difficult for the Court. As such, on January 28, 2026, the Court set a hearing on the Motion. (ECF No. 394.)

At the February 2, 2026, Motion hearing, the Court admonished the parties for how difficult and time consuming the review had been. Up to that point, the Court had devoted upwards of 80 hours to review all the documents. In hopes of addressing some of the impediments, the Court ordered Layton to provide a list of (1) attachments that have been produced to Cody Lane, (2) attachments that are allegedly privileged, and (3) a list of duplicates. (ECF No. 394.)

After all of that, the Court has reviewed all the documents and attachments.

### RELEVENT LAW.

Parties in a federal action are entitled to discovery of any matter that is nonprivileged and is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). The information need not be admissible at trial to be discoverable. *Id.* A trial court has broad discretion in implementing terms and conditions of discovery. *Marsee v. U.S. Tobacco Co*., 866 F.2d 319, 326 (10th Cir. 1989) (affirming the deference given to a trial judge's rulings on evidence unless there is an obvious abuse of discretion). A party withholding information that is otherwise discoverable by claiming a federally recognized privilege and/or work product, must "expressly make the claim" and describe the information in a manner that allows the other party to assess its avowal. Fed. R. Civ. P. 26(b)(5)(i) and (ii).

Attorney-Client Privilege – in General

The attorney-client privilege protects against the disclosure of most attorney-client communications for the purpose of encouraging "full and frank communication between attorneys and their clients" which promotes the broader public interest. *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981). In diversity cases, state law governs claims of privilege. Fed. R. Evid. 501. Therefore, Wyoming law controls the issue. *Frontier Refin., Inc. v Gorman-Rupp Co., Inc.*, 136 F.3d 695, 699 (10th Cir. 1998); *Racher v. Westlake Nursing Home, Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017). Wyoming law precludes an attorney from testifying about "a communication made to him by his client . . .in that relation, or his advice to his client," except where the client expressly consents to such testimony by their lawyer. W.S. § 1-12-101(a)(1). The party asserting the attorney-client privilege has the burden of establishing its applicability to the material in question. *WyoLaw, LLC v. Offic. of Att'y Gen., Consumer Prot. Unit*, 486 P.3d 964, 977 (Wyo. 2021) (quoting *F.D.I.C. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1276 n.6 (10th Cir. 1998)). Blanket assertions of privilege are not sufficient to meet this burden. *Id.*

The attorney-client privilege requires a party to "prove there was: (1) a communication, (2) between privileged persons, (3) made in confidence, and (4) for the purpose of seeking, obtaining, or providing legal assistance." *Hedquist v. Patterson*, 215 F. Supp. 3d 1237, 1244 (D. Wyo. 2016). The privilege only applies to communications made from the client to the lawyer and from the lawyer to the client – if the communications constitute legal advice. *In re Grand Jury Proceeding*, 616 F.3d 1172, 1182 (10th Cir. 2010) (internal citations and quotations omitted); *see* W.S. § 1-12-101. The mere fact that a lawyer is involved in a communication does not make it privileged. *Id.* (citation omitted). Instead, the communication must be related to legal advice or strategy sought by the client. *Id.* (citation omitted); *see also WyoLaw*, 486 P.3d at 979. The privilege is to be strictly

construed. *In re Grand Jury Proceeding*, 616 F.3d at 1183; *see also Cornhusker Cas. Co. v. Skaj*, No. 11-CV-110-S, 2012 WL 12541138, at *3 (D. Wyo. June 13, 2012) ("Because application of the privilege impedes full discovery, the privilege is narrowly construed."). Courts will deny the privilege if the communications are found to be for a non-legal purpose. *Cornhusker Cas. Co.*, 2012 WL 12541138, at *3 (quoting 9 Federal Practice & Procedure, § 2017, at 437). For example, communications that are scheduling meetings to discuss the status of an investigation generally do not fall under the work-product doctrine or attorney-client privilege. *Tingey v. Midwest Off., Inc.*, No. 1:22-cv-00145-TC-JCB, 2024 WL 476547, at *4 (D. Utah Feb. 7, 2024). These types of "communications [] contain no legal analysis or attorney impressions." *Id*.

<u>Attorney-Client Privilege – in the Corporate Context</u>

"In general, the corporate client consists of corporate employees, acting at the direction of their corporate superiors, who communicate to counsel that which is needed to supply the basis for legal advice." *Cuno, Inc. v. Pall Corp.*, 121 F.R.D. 198, 203 (E.D.N.Y. 1988) (citing *Upjohn*, 449 U.S. at 394) (citations omitted). A corporation and its in-house counsel are entitled to the privilege if the attorney was providing services of a legal nature at the time of the communication. *Cornhusker Cas. Co.*, 2012 WL 12541138, at *3 (citing 8 *Fed. Prac. and Proc.* § 2017, at 433).

But in-house counsel often holds roles that are non-legal and predominately business oriented. *See Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 650 (D.N.M. 2007) ("In-house counsel's communications regarding business matters, management decisions, and business advice, which neither solicit [n]or predominantly deliver legal advice, are not privileged.") (citations omitted). Not all information communicated between an attorney and their corporate client is protected by the attorney-client privilege. *Id*. (citing *In re Gabapentin Patent Litig.*, 214 F.R.D. 178, 186 (D.N.J. 2003) (holding that merely CC'ing the attorney on an email chain which included multiple

corporate employees does not transform the communication to privileged). "Facts acquired from other persons and sources and merely conveyed between counsel and client are not privileged." *Deffenbaugh Indus., Inc. v. Unified Gov't of Wyandotte Cnty./Kansas City, Kan.*, 20-2204-JTM-KGG, 2021 WL 1612099, at *2 (D. Kan. Apr. 26, 202 (citing *In re Grand Jury Proceedings*, 616 F.3d at 1182).

Attorney-Client Privilege – in regard to Non-Employees

Communications between non-attorneys in a corporation could be privileged if the communications were directed by counsel or "to gather information to aid counsel in providing legal services." *In re Rivastigmine Patent Litigation*, 237 F.R.D. 69, 80 (S.D.N.Y. 2006), *abrogated by*, *In re Queen's Univ. at Kingston*, 820 F.2d 1287 (Fed. Cir. 2016). A document, however, will not be privileged "simply because an attorney recommended its preparation[.]" *Id.* (citing *Cuno*, at 204). When analyzing the applicability of the privilege to communications ordered by counsel, it is prudent for courts to examine the involvement of the attorney to ensure the attorney is "not being used simply to shield corporate communications from disclosure." *Id.* (citing *Cuno*, at 204).

Additionally, because non-employees – even those working in paraprofessional role – are not attorneys, "they are not authorized by the bar of any state to practice law." *In re Queen's Univ.*, 820 F.3d at 1301 (discussing how patent agents are not attorneys). And because the privilege is strictly construed, "litigants must take care to distinguish communications that are within the scope of activities authorized by Congress from those that are not." *Id.*

When no lawyers are involved in the communication, "a party may be able to successfully demonstrate applicability of privilege by establishing the communication was made in confidence for the primary purpose of obtaining legal advice." *White v. Graceland Coll. Ctr. for Pro. Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1269 (D. Kan. 2008). And courts have reiterated

that "the purpose of obtaining legal services must be present" in the communication for the privilege to qualify. *Adams v. Gateway, Inc.*, No. 2:02-CV-106 TS, 2003 WL 23787856, at *11 (D. Utah Dec. 30, 2003) (citing *Cuno*, at 203). Again, the burden of showing that the communication is worthy of invoking attorney-client privilege resides with the withholding party. *See In re Queen's Univ.*, 820 F3d. at 1301; *WyoLaw*, 486 P.3d at 977 (citations omitted).

Work-Product Doctrine

While attorney-client privilege is governed by state law in a diversity cases, the work-product doctrine is governed by federal law. *Cornhusker Cas. Co.*, 2012 WL 12541138, at *2 (citing *Frontier Refin.*, 136 F.3d at 702 n.10). Generally, communications, documents, or other tangible things that are made in anticipation of litigation or for trial by or for another party or its representative, including the other party's attorney, are immune from discovery. Fed. R. Civ. P. 26(b)(3)(A). The idea behind the rule is that an attorney needs to work with a certain degree of privacy for their thoughts to flow freely and without fear of their legal strategies, mental impressions, or other thoughts from being disclosed. *Frontier Refin.*, 136 F.3d at 704; *In re Grand Jury Proceedings*, 616 F.3d at 1184; *also see In re GM LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 531 (S.D.N.Y. Jan. 15, 2015). The party withholding discovery must preserve the information until the dispute is resolved, and that party has the burden of showing that the withheld information falls within the purview of the work-product doctrine. Fed. R. Civ. P. 26(b)(5)(B); *In re Grand Jury Proceedings*, 616 F.3d at 1185.

To show that a communication is work product, a party needs to show that, based on "the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *In re GM LLC Ignition Switch Litig.*, 80 F. Supp. 3d at 532. The work-product doctrine "does not

apply to documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation." *Id*. (citations omitted); *Frontier Refin.*, 136 F.3d at 702-703 (work-product doctrine applies to any type of litigation, even if it is in the future and not entirely anticipated; if the materials are prepared for the purpose of litigation, that suffices); *Schaeffler v. United States*, 806 F.3d 34, 43-44 (2d Cir. 2015) (The work-product doctrine does not apply if documents were prepared in the ordinary course of business in a way that would not vary regardless of whether litigation was expected.)

Moreover, if the communication was created for business reasons, it does not become privileged simply because it is sent, forwarded, or otherwise tendered to the legal department. *See United States v. Cmty. Health Sys., Inc.*, No. 05-279 WJ/ACT, 2012 WL 12546808, at *3 (D.N.M. Jan. 13, 2012) "The critical inquiry becomes whether the document would have been created regardless of the anticipated litigation." *Id*.; *Frontier Refin.*, 136 F.3d at 702-703; *Schaeffler*, 806 F.3d at 44-45; *GM LLC Ignition Switch*, 80 F. Supp. 3d at 532.

With those legal principles in mind, the Court turns to its discussion of the 875 documents, emails, and other communications at issue.

## DISCUSSION

It is possible that the parties could not have made review of these documents any more difficult and time consuming for the Court than it did. In total, the Court dedicated over 150 hours of review, research, writing and analyzing more than 875 documents. And during the review, obstacles continued to spawn. One of the more frustrating things regarding this review occurred when the Court was reviewing the email communication from the second batch provided by Defendant. That email did not contain the same redactions as it did in the first batch. This required the Court to cross-reference multiple times and multiple documents to

verify what part of the email had been produced previously with redactions, and even if those redactions were proper. Another thing that caused the Court much time was the lack of organization. Some type of subject matter organization from Defendant would have aided the Court in its time spent on the review.

It also appears that the Document Summary provided by Layton to the Court via email on February 3, 2026, did not contain all the documents that it had sent to the Court. For example, the following documents are a non-exhaustive list that the Court could not locate: ID177781; ID511711; ID225270; ID177889; and ID148932. The Court reviewed all these documents but could not find them in the Summary which it used to build the Appendix. The Court is unsure why all a sudden it could not locate documents Layton produced within a Layton-made excel sheet that was supposed to contain all documents it submitted to the Court. Those are just some of the examples that made this review more challenging than necessary.

In any event, each communication and its attachments were reviewed individually and independently, not categorically. The Court did not rely on Defendant's labels, authorship, dates, timing, or anything but the substance of the communication and the attachments if applicable to determine whether a privilege applied. The Court reviewed each document that Defendant provided.

The best way the Court has determined to organize the documents was to put them into four different categories: (1) Produce or Produce Unredacted, (2) Produce with new or additional Redactions, (3) Previously Produced with Proper Redactions, and (4) Privileged. Attached to this Order is an Appendix that has the Court's individual rulings for each document. It was impossible for the Court to provide a deep and detailed analysis of each

communication and attachment because of the number of documents and time remaining until trial. Instead, the Court makes the following general findings and analysis.

In this case, the Court finds that Mr. Colligan did maintain a role with Defendant Layton's legal department regarding the Hoback Project. In his affidavit submitted to the Court, Mr. Stevens, Layton's in-house counsel, testified that he was supervising Mr. Colligan on all legal-related matters and therefore Mr. Colligan would be an "agent" of the lawyer whose communications could be subject to the attorney-client privilege. (ECF No. 382-2.) And Mr. Colligan, in fact, did this. He often acted as a conduit for information to and from the Layton legal department (in-house and outside counsel) and other employees of Layton. As stated above, the Court finds that Mr. Colligan did work as an agent of Attorney Stevens of Layton's legal department, which is why the Court could apply the attorney-client privilege to emails and attachments containing Mr. Colligan and other non-legal corporate employees, if appropriate. *See White*, 586 F. Supp. 2d at 1269.

As the Court found, many documents fell under the attorney-client privilege. For example, as seen in the Appendix, for Doc. Nos. 52 and 54, the Court found that the communications were privileged even though Mr. Colligan was emailing two different Layton corporate employees. The substance of these emails contained legal advice and legal discussion, the Court found these, among multiple others, to be protected under the attorney-client privilege. *See White*, 586 F. Supp. 2d at 1269.

Mr. Colligan also acted as project manager of the Hoback Project and supervised day-to-day construction issues that did not involve legal advice. In Mr. Colligan's communications with others, he seldom clarified under which role he was acting – construction or legal. While some communications are directly with counsel, most communications are with other Layton

employees on the Hoback Project. Rarely do these communications specify when Mr. Colligan was acting as a member of the legal team and when he was acting as project manager conducting construction business. Nor did Mr. Colligan's title on his email signature ever change from Vice President of Contracts and Projects Oversight. And hardly ever did he refer to consulting Mr. Stevens or other Layton counsel or that he was relaying information from the legal department or counsel of any type.

Moreover, Defendant Layton failed to make any specific or general assertion as to the timeline of when Layton reasonably anticipated litigation. This would have helped the Court when determining potential work product privileges, because as is often the case in the corporate setting, "legal advice is often intertwined with and difficult to distinguish from business advice." *Leonen v. Johns-Manville*, 135 F.R.D. 94, 98-99 (D.N.J. 1990) (internal quotations omitted). That is no different in this case. And, of course, the party withholding communication has the burden of showing that it falls within the purview of a privilege. *See In re Queen's Univ.*, 820 F3d. at 1301; *In re Grand Jury Proceedings*, 616 F.3d at 1185

Based on that ambiguity, the Court looked to the substance of the communications, emails, and attachments each independently to determine whether they were related to legal advice or business/project/construction information. As mentioned above, the distinction between legal advice and business advice in a construction matter can be a difficult one. A construction project invariably includes daily interpretation of the construction contract and its requirements. The construction contract anticipates PCOs (potential change order), OCOs (owner change orders), RFIs (requests for information), CCDs (construction change directives), schedule issues, denials of claims or change orders, etc. So, while these may sound like legal issues, they are business/construction project issues present in every project. The

question is whether the communication is made to help move the project forward, or in preparation for litigation. Said differently, what is the primary purpose of the communication?

Sometimes the Court determined the communication to be project/business related and that Layton had failed to meet its burden of proving that the communication was for legal purposes and therefore protected by either the attorney-client privilege or the work-product doctrine. An example of this is Doc. No. 33. Defendant Layton labeled the document "CONFIDENTIAL – PREPARED FOR COUNSEL" and the Court found differently. Instead, the Court found that the substance of the email was primarily business related because it was distributed to multiple members of the project team. And Mr. Colligan was merely cc'd on the email which does not turn the communication into privileged. *See Cuno*, 121 F.R.D. at 203. In many instances, Layton just simply failed to meet its burden of showing the communication was for a legal purpose rather than business related.

Other times, the Court found the email was not privileged, but that the substance of its attachment was privileged. For example, Doc. No. 62, the Court found that the email was primarily business related, and therefore, not privileged. But when considering the attachment, however, the Court followed many other lower courts, including some in this Circuit, by determining whether a privilege independently applied to the attachment. *See United States ex rel. Long v. Jonssen Biotech, Inc.*, 788 F.Supp.3d 167, 172 (D. Mass. 2025) (holding that the attachments were "not independently privileged" and therefore found discoverable); *Doe v. Intermountain Health Care, Inc.*, 2:18-CV-807-RJS-JCB, 2021 WL 425117, at *6 (D. Utah Feb. 8, 2021) (holding that the withholding party "must show that each email and attachment for which privilege is asserted" is applicable); *Willis Electric Co., Ltd. V. Polygroup Trading Ltd.*, 15-cv-3443-WMW-KMM, 2021 WL 568454, at *7 (D. Minn. Feb. 16, 2021) (analyzing

each email and its attachments independently to determine whether attorney-client privilege was proper). And in the case of Doc. No. 62, its attachment, Doc. No. 63, the Court found it fell within the work-product doctrine.

In other instances, the Court determined that only part of a withheld document contained privileged information, so the Court provided the appropriate redaction. These will be provided to Defendant Layton separately. An example of this is Doc. No. 20 in which the Court found that the communications were mainly third-party but provided new redactions for Defendant to apply before production. As the Court found, it appeared more so that Layton was using Mr. Colligan to shield discoverable corporate communications. *See Cuno*, at 204.

The Court cannot stress enough to the parties the difficulty in reviewing this number of documents received in an unorganized manner with just weeks before trial. Based on the forgoing reasoning, the Court CONDLUDES, and ORDERS the following:

### CONCLUSION & ORDER.

Listed in the Appendix to this Order, which is hereby incorporated herein, are my specific rulings as to each of the 875 documents reviewed *in camera*. Based on the above reasons, the Court **HEREBY ORDERS** Defendant Layton to follow all instructions in the Appendix as it relates to each document reviewed by the Court.

**IT IS FURTHER ORDERED** that Defendant produce the non-privileged communications and attachments either unredacted or with the Court's additional redactions to Plaintiff Cody Lane within three (3) days of this Order. The Court will email Defendant a binder of its redactions shortly following the issuance of this Order.

**It IS FURTHER ORDERED** that for emails and communications ordered to be produced that have attachments that are not privileged, Defendant Layton is directed to

identify the attachment by Bates number that correlates with the ordered-produced email. E.g., Doc. No. 8 is ordered to be produced with the partial redactions from the Court and produce the attachment (Doc. No. 15) with its Bates number. For any document in the Appendix that has been previously produced with proper redactions, Defendant Layton is ordered to identify those documents with the Bates number.

**DATED**: February 10, 2026.

_Stephanie Hambrick_
HON. STEPHANIE A. HAMBRICK
United States Magistrate Judge

| Doc. # | Folder | ID# | Decision | Legal Reasoning | Bates Number if Previously Produced. |
|---|---|---|---|---|---|
| 1 | 4666 | 4666 | Produce. | Forwarded third-party communication with no indication of legal advice, anticipation of litigation; the attachments are irrelevant. | |
| 2 | 4666 | 4674 | | | Email signature block image |
| 3 | 4666 | 4675 | | | Email signature block image |
| 4 | 4666 | 4676 | | | Email signature block image |
| 5 | 4666 | 4677 | | | Email signature block image |
| 6 | 4666 | 4678 | | | Email signature block image |
| 7 | 4666 | 4679 | | | Email signature block image |
| 8 | 18307 | 18307 | Produce with New Redactions. | Communications with third-parties are not privileged. | |
| 9 | 18307 | 18767 | | | Email signature block image |
| 10 | 18307 | 18768 | | | Email signature block image |
| 11 | 18307 | 18769 | | | Email signature block image |
| 12 | 18307 | 18770 | | | Email signature block image |
| 13 | 18307 | 18771 | | | Email signature block image |
| 14 | 18307 | 18772 | | | Email signature block image |
| 15 | 18307 | 18773 | Produce | See reasoning for Doc. No. 8. | LCC-WYUSDC-00932852 |
| 16 | 80088 | 80088 | Produce with New Redactions. | Communications with third-parties are not privileged. Defendant is to identify the attachments by Bates numbers. | |
| 17 | 80088 | 80175 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00961036 |
| 18 | 80088 | 80176 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00911146 |
| 19 | 80088 | 80464 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00911149 |

| # | | | | | |
|---|---|---|---|---|---|
| 20 | 82106 | 82106 | Produced with redactions. | Communications with third-parties are not privileged. These are communications with Arcadis. | |
| 21 | 82106 | 82497 | | | Email signature block image |
| 22 | 82106 | 82498 | | | Email signature block image |
| 23 | 82106 | 82499 | | | Email signature block image |
| 24 | 82106 | 82500 | | | Email signature block image |
| 25 | 82106 | 82501 | | | Email signature block image |
| 26 | 82106 | 82502 | | | Email signature block image |
| 27 | 86123 | 86123 | Produce w/ redactions. | Same reasoning as Doc. No. 20. | |
| 28 | 86123 | 86460 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00942566 |
| 29 | 94570 | 94570 | Produce w/ redactions. | Same reasoning as Doc. No. 20. | |
| 30 | 94570 | 95394 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00942556 |
| 31 | 94594 | 94594 | Produce w/ redactions. | Same reasoning as Doc. No. 20. | |
| 32 | 94594 | 95384 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01430830 |
| 33 | 97635 | 97635 | Produce | As stated in the Order, the Court did not consider labels, such as "CONFIDENTIAL - PREPARED FOR COUNSEL" and looked at the substances. These communications were distributed to the project team, proposed scheduling, and Mr. Colligan is merely cc'd. *See* 214 F.R.D. at 186. Thus, no privilege applies. | |

| # | | | | | |
|---|---|---|---|---|---|
| 34 | 97635 | 97982 | Produce | See reasoning for Doc. No. 33. | |
| 35 | 110926 | 110926 | Produce w/ redactions. | Same reasoning as Doc. No. 20. | |
| 36 | 110926 | 111588 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00942588 |
| 37 | 117369 | 117369 | Privileged | The Court finds that this communication falls squarely in the purview of the attorney-client privilege considering the substance of the communication. Mr. Colligan is acting in a legal capacity in this communication, and therefore, the Court finds the attorney-client privilege applies. See *White*, 586 F.Supp.2d at 1269. | |
| 38 | 117369 | 117456 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00935166 |
| 39 | 117369 | 117457 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00937571 |
| 40 | 117369 | 117458 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01396896 |
| 41 | 118570 | 118570 | Produce. | There is no indication that this communication was made for any purposes of litigation. It is a communication with a third-party. Therefore, it is discoverable. | |
| 42 | 118570 | 118801 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01611525 |
| 43 | 118570 | 118802 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01611530 |
| 44 | 118570 | 118803 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01611535 |

| | | | | | |
|---|---|---|---|---|---|
| 45 | 118570 | 118804 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01611537 |
| 46 | 123027 | 123027 | Produce w/ redactions. | The Court finds that the redactions that it has made to this communication are sufficient. The rest, however, is merely third-party communications and is not otherwise privilege. | |
| 47 | 123027 | 123112 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00942548 |
| 48 | 124193 | 124193 | Produce w/ redactions. | The Court finds the redactions are appropriate and the remainder of this communication and its attachments are not privileged or protected. | |
| 49 | 124193 | 124235 | Identify by Bates number to Plaintiff. | | LCC-TC-00080506 |
| 50 | 124193 | 124237 | Produce, | See reasoning for Doc. No. 48. | |
| 51 | 124193 | 124238 | Identify by Bates number to Plaintiff. | | LCC-TC-00080507 |
| 52 | 138372 | 138372 | Privileged | The Court finds this communication qualifies as both work product and attorney-client privilege. *White*, 586 F.Supp.2d at 1269.Therefore, this is appropriately withheld. | |
| 53 | 138372 | 138613 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01026373 |

| # | | | | | |
|---|---|---|---|---|---|
| 54 | 138599 | 138599 | Privileged | The Court finds this communication qualifies as attorney-client privilege, and therefore, will not be ordered to be produced. | |
| 55 | 138599 | 138793 | | | Email signature block image |
| 56 | 138599 | 138794 | | | Email signature block image |
| 57 | 138599 | 138795 | | | Email signature block image |
| 58 | 138599 | 138796 | | | Email signature block image |
| 59 | 138599 | 138797 | | | Email signature block image |
| 60 | 138599 | 138798 | | | Email signature block image |
| 61 | 138599 | 138799 | | | Email signature block image |
| 62 | 139926 | 139926 | PRODUCE | The Court finds that this is business, not legal communications. The attachment (Doc. No. 63) is protected by the Work Product Doctrine. | |
| 63 | 139926 | 139926 | Privileged | The Court finds that this falls within the work product doctrine | |
| 64 | 139926 | 140239 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01126286 |
| 65 | 139926 | 140240 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00751968 |
| 66 | 149241 | 149241 | Produce w/ redactions. | The Court finds the redactions are appropriate and the remainder of this communication and its attachments are not privileged or protected. | |
| 67 | 149241 | 149454 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01593267 |

| | | | | | |
|---|---|---|---|---|---|
| 68 | 157784 | 157784 | Privileged | The Court finds this communication is properly withheld and protected by privilege, and therefore, will not order its production. | |
| 69 | 157784 | 157879 | | | Email signature block image |
| 70 | 157784 | 157880 | | | Email signature block image |
| 71 | 157784 | 157881 | | | Email signature block image |
| 72 | 157784 | 157882 | | | Email signature block image |
| 73 | 157784 | 157883 | | | Email signature block image |
| 74 | 157784 | 157884 | | | Email signature block image |
| 75 | 157784 | 157885 | | | Email signature block image |
| 76 | 157784 | 157886 | | | Email signature block image |
| 77 | 157784 | 157887 | | | Email signature block image |
| 78 | 157784 | 157888 | | | Email signature block image |
| 79 | 157784 | 157889 | Privileged | See reasoning for Doc. No. 68. | |
| 80 | 157784 | 157890 | Privileged | See reasoning for Doc. No. 68. | |
| 81 | 158971 | 158971 | Privileged | The Court finds this communication is properly withheld and protected by the attorney-client privilege, and therefore will not order its production. | |
| 82 | 158971 | 159527 | Privileged | See reasoning for Doc. No. 81. | |
| 83 | 160045 | 160045 | Privileged | The Court finds this communication is properly withheld and protected by the attorney-client privilege, and therefore will not order its production. | |
| 84 | 160045 | 160522 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00778598 |

| # | Bates | Bates | Disposition | Court's Reasoning | |
|---|---|---|---|---|---|
| 85 | 166938 | 166938 | Privileged | The Court finds that this communication and its attachments were properly withheld as protected under the work product doctrine; therefore, the Court will not order its production. | |
| 86 | 166938 | 167412 | Privileged | See reasoning for Doc. No. 85. | |
| 87 | 166938 | 167413 | Privileged | See reasoning for Doc. No. 85. | |
| 88 | 166938 | 167414 | Privileged | See reasoning for Doc. No. 85. | |
| 89 | 167085 | 167085 | Produce with New Redactions. | The Court finds that the redactions it has made are appropriate and the remaining material is merely communication with third-parties. | |
| 90 | 167085 | 167581 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00942507 |
| 91 | 182932 | 182932 | Produce with New Redactions. | The Court finds that the redactions it has made are appropriate and directs Layton to apply them, and produce the document as such. | |
| 92 | 182932 | 183400 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00854742 |
| 93 | 183463 | 183463 | Privileged | The Court finds that this communication falls within the Work Product Doctrine, and therefore, finds it privileged. | |
| 94 | 183463 | 183624 | Privileged | See reasoning for Doc. No. 93. | |
| 95 | 183463 | 183625 | Privileged | See reasoning for Doc. No. 93. | |

| # | Bates Begin | Bates End | Ruling | Court Reasoning | Notes |
|---|---|---|---|---|---|
| 96 | 183505 | 183505 | Privileged | The Court finds that this communications falls within the Work Product Doctrine, and likely the attorney-client protection, and therefore privileged. | |
| 97 | 183505 | 183505 | | | Produced by Other Parties-No privilege claimed |
| 98 | 183505 | 183596 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01322453 |
| 99 | 183505 | 183597 | | | Produced by Other Parties-No privilege claimed |
| 100 | 183505 | 183598 | Privileged | See reasoning for Doc. No. 96. | |
| 101 | 187636 | 187636 | Produce. | The Court finds that these communications are primarily project related not legal, and therefore, are discoverable. | |
| 102 | 187636 | 187701 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01608596 |
| 103 | 187905 | 187905 | Privileged | The Court finds that this communications falls within the Work Product Doctrine, and therefore privileged. | LCC-WYUSDC-01665601 |
| 104 | 187905 | 187944 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00979001 |
| 105 | 193791 | 193791 | Previously Produced with Proper Redactions. | The Court finds that this document was previously produce with proper redactions. | LCC-WYUSDC-00991868 |
| 106 | 193791 | 194076 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00991868 |
| 107 | 195832 | 195832 | Produce. | There is no indication that this is for any type of legal purposes. | |

| 108 | 195832 | 196282 | Identify by Bates number to Plaintiff. | The Court finds that these communications fall within both the attorney-client privilege and work product doctrine, and are therefore, privileged. | LCC-WYUSDC-00869106 |
|---|---|---|---|---|---|
| 109 | 212463 | 212463 | Privileged | | |
| 110 | 212463 | 212578 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01639119 |
| 111 | 212463 | 212579 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01639121 |
| 112 | 212463 | 212580 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01639122 |
| 113 | 212463 | 212581 | Privileged | See reasoning for Doc. No. 109. | |
| 114 | 212463 | 212582 | Privileged | See reasoning for Doc. No. 109. | |
| 115 | 212463 | 212583 | Privileged | See reasoning for Doc. No. 109. | |
| 116 | 212463 | 212584 | Privileged | See reasoning for Doc. No. 109. | |
| 117 | 212463 | 212585 | Privileged | See reasoning for Doc. No. 109. | |
| 118 | 212463 | 212586 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01639119 |
| 119 | 216170 | 216170 | Previously Produced with Proper Redactions. | The Court finds that this document was properly produced to Plaintiff with redactions and will take no further action regarding Doc. No. 119. | LCC-WYUSDC-01665154 |
| 120 | 216170 | 216457 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00841032 |

| | | | | | |
|---|---|---|---|---|---|
| 121 | 216322 | 216322 | Privileged | The Court finds that these communications are properly withheld because they fall within the work product doctrine and the attorney-client privilege. | |
| 122 | 216322 | 216678 | Privileged | See reasoning in Doc. No.122. | |
| 123 | 216322 | 216679 | Privileged | See reasoning in Doc. No.122. | |
| 124 | 222620 | 222620 | Privileged | The Court finds that this communication falls within the Work Product Doctrine, and therefore, finds it privileged. | |
| 125 | 222620 | 223653 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00159176 |
| 126 | 222620 | 223654 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01251366 |
| 127 | 222620 | 223655 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00160263 |
| 128 | 222620 | 223656 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01336706 |
| 129 | 222620 | 223657 | Privileged | See reasoning for Doc. No. 124. | |
| 130 | 222620 | 223658 | Privileged | See reasoning for Doc. No. 124. | |
| 131 | 227276 | 227276 | Privileged | The Court finds this communication is properly withheld and protected by privilege, and therefore, will not order its production. | |
| 132 | 227276 | 227556 | Privileged | See reasoning for Doc. No. 131. | |

| | | | | | |
|---|---|---|---|---|---|
| 133 | 227287 | 227287 | Produce | Nothing within these communications the Court finds worthy of protection. Therefore, this communication is discoverable as fully unredacted. | LCC-WYUSDC-01665157 |
| 134 | 227287 | 227584 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00828040 |
| 135 | 227296 | 227296 | Privileged | The Court finds this communication is properly withheld and protected by privilege, and therefore, will not order its production. | |
| 136 | 227296 | 227603 | | See reasoning for Doc. No. 135. | |
| 137 | 227296 | 227604 | | See reasoning for Doc. No. 135. | |
| 138 | 233330 | 233330 | Privileged | The Court finds this communication is properly withheld and protected by privilege, and therefore, will not order its production. | LCC-WYUSDC-01665180 |
| 139 | 233330 | 233765 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00886612 |
| 140 | 237360 | 237360 | Privileged | The Court finds this communication is properly withheld and protected by the attorney–client privilege, and therefore will not order its production. | LCC-WYUSDC-01665193 |
| 141 | 237360 | 237872 | | See reasoning for Doc. No. 140. | |
| 142 | 237360 | 237873 | | See reasoning for Doc. No. 140. | |

| # | | | | | |
|---|---|---|---|---|---|
| 143 | 237360 | 237874 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01603756 |
| 144 | 237360 | 237920 | Privileged | See reasoning for Doc. No. 140. | |
| 145 | 245914 | 245914 | Privileged | The Court finds this communication is properly withheld and protected by privilege, and therefore, will not order its production. | |
| 146 | 245914 | 246325 | | | Email signature block image |
| 147 | 245914 | 246326 | | | Email signature block image |
| 148 | 245914 | 246327 | | | Email signature block image |
| 149 | 245914 | 246328 | | | Email signature block image |
| 150 | 245914 | 246329 | | | Email signature block image |
| 151 | 245914 | 246330 | | | Email signature block image |
| 152 | 247026 | 247026 | Produce | There is no indication these communications are for legal advice, or anticipation of litigation. | |
| 153 | 247026 | 247341 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00886014 |
| 154 | 247026 | 247342 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00883159 |
| 155 | 247026 | 247343 | Produce | See reasoning in Doc. No. 152. | |
| 156 | 255688 | 255688 | Produce with New Redactions. | The Court finds the redactions are appropriate and the remainder of this communication and its attachments are not privileged or protected. | |
| 157 | 255688 | 256477 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00893869 |

| | | | | | |
|---|---|---|---|---|---|
| 158 | 264642 | 264642 | Privileged | The Court finds this communications and its attachments were properly withheld as for they fall under the protection of both the work product doctrine, and the attorney client privilege. | |
| 159 | 264642 | 264729 | Produce with New Redactions. | The Court finds that its redactions made to this communication are appropriate and orders Defendant Layton to apply these redactions and produce to Plaintiff. | |
| 160 | 264642 | 264730 | Privileged | See reasoning for Doc. 158. | |
| 161 | 264642 | 264731 | Privileged | See reasoning for Doc. 158. | |
| 162 | 264642 | 264732 | Privileged | See reasoning for Doc. 158. | |
| 163 | 264642 | 264733 | Privileged | See reasoning for Doc. 158. | |
| 164 | 264642 | 264734 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01599506 |
| 165 | 264642 | 264735 | Privileged | See reasoning for Doc. No. 158. | |
| 166 | 264642 | 264736 | Privileged | See reasoning for Doc. No. 158. | |
| 167 | 264642 | 264737 | Privileged | See reasoning for Doc. No. 158. | |
| 168 | 264642 | 264738 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01599512 |
| 169 | 264642 | 264739 | Privileged | See reasoning for Doc. No. 158. | |
| 170 | 264642 | 264740 | Privileged | See reasoning for Doc. No. 158. | |
| 171 | 264642 | 264741 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01599513 |

| | | | | | |
|---|---|---|---|---|---|
| 172 | 264642 | 264742 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01599514 |
| 173 | 264642 | 264743 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01599516 |
| 174 | 264642 | 264744 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01599518 |
| 175 | 264642 | 264745 | Privileged | See reasoning for Doc. 158. | |
| 176 | 264642 | 264746 | Privileged | See reasoning for Doc. 158. | |
| 177 | 264642 | 264747 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01599519 |
| 178 | 264642 | 264748 | Privileged | See reasoning for Doc. 158. | |
| 179 | 264642 | 264749 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01599521 |
| 180 | 264642 | 264750 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01599523 |
| 181 | 264642 | 264751 | Privileged | See reasoning for Doc. 158. | |
| 182 | 264642 | 264782 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-0052476 6 |
| 183 | 264642 | 264791 | | | Email signature block image |
| 184 | 264642 | 264792 | | | Email signature block image |
| 185 | 264642 | 264793 | | | Email signature block image |
| 186 | 264642 | 264794 | | | Email signature block image |
| 187 | 264642 | 264795 | | | Email signature block image |
| 188 | 264642 | 264796 | | | Email signature block image |
| 189 | 264642 | 264797 | | | Email signature block image |
| 190 | 264642 | 264798 | | | Email signature block image |
| 191 | 264642 | 264799 | | | Email signature block image |
| 192 | 264642 | 264800 | | | Email signature block image |
| 193 | 264642 | 264801 | | | Email signature block image |
| 194 | 264642 | 264802 | | | Email signature block image |
| 195 | 264642 | 264803 | | | Email signature block image |
| 196 | 264642 | 264804 | | | Email signature block image |
| 197 | 264642 | 264805 | | | Email signature block image |
| 198 | 264642 | 264806 | | | Email signature block image |

| # | | | | | |
|---|---|---|---|---|---|
| 199 | 264642 | 264807 | | | Email signature block image |
| 200 | 264642 | 264852 | Privileged | See reasoning for Doc. No. 158. | Email signature block image |
| 201 | 264642 | 264854 | | | Email signature block image |
| 202 | 264642 | 264855 | | | Email signature block image |
| 203 | 264642 | 264856 | | | Email signature block image |
| 204 | 264642 | 264857 | | | Email signature block image |
| 205 | 264642 | 264858 | | | Email signature block image |
| 206 | 264642 | 264859 | | | Email signature block image |
| 207 | 264642 | 264860 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00164004 |
| 208 | 267774 | 267774 | Privileged | The Court finds that this document was properly withheld for it is protected by privilege. Therefore, the Court will not order its production. | |
| 209 | 267774 | 268108 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01597472 |
| 210 | 267774 | 268109 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01597473 |
| 211 | 268790 | 268790 | Produce w/ Attachments | There is no indication these communications are for legal advice, or anticipation of litigation. Forwarded emails from third parties not privileged. | |
| 212 | 268790 | 268951 | Produce | See reasoning for Doc. No. 211. | |
| 213 | 268790 | 268952 | Produce | See reasoning for Doc. No. 211. | |
| 214 | 268790 | 268953 | Produce | See reasoning for Doc. No. 211. | |
| 215 | 268790 | 269460 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01171460 |

| | | | |
|---|---|---|---|
| 216 | 268790 | 269462 | Produce | | See reasoning for Doc. No. 211. |
| 217 | 268790 | 269463 | Produce | | See reasoning for Doc. No. 211. |
| 218 | 268790 | 269464 | Produce | | See reasoning for Doc. No. 211. |
| 219 | 268790 | 269465 | Produce | | See reasoning for Doc. No. 211. |
| 220 | 268790 | 269468 | Produce | | See reasoning for Doc. No. 211. |
| 221 | 268790 | 269469 | Produce | | See reasoning for Doc. No. 211. |
| 222 | 268790 | 269470 | Produce | | See reasoning for Doc. No. 211. |
| 223 | 268790 | 269471 | Produce | | See reasoning for Doc. No. 211. |
| 224 | 276747 | 276747 | Previously Produced with Proper Redactions. | LCC-WYUSDC-01665137 | The Court finds this was previously produced with proper redactions to Plaintiff, and therefore, no further action is necessary regarding Doc. No. 224. |
| 225 | 276747 | 277016 | Identify by Bates number to Plaintiff. | LCC-WYUSDC-00809298 | |
| 226 | 277691 | 277691 | Privileged | | The Court finds this communication was properly withheld as it is protected by privileged; therefore, the Court will not order its production. |
| 227 | 277691 | 278586 | Privileged | | See reasoning for Doc. No. 226. |
| 228 | 277691 | 278587 | Privileged | | See reasoning for Doc. No. 226. |

| # | | | | | |
|---|---|---|---|---|---|
| 229 | 277997 | 277997 | Privileged | The Court finds this communication was properly withheld as it is protected by privileged; therefore, the Court will not order its production. | |
| 230 | 277997 | 278625 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01308889 |
| 231 | 282830 | 282830 | Previously Produced with Proper Redactions. | The Court finds this document was previously produced with proper redactions. In compliance with the Order, Layton is to identify all previously provided documents by Bates number to Plaintiff. | LCC-WYUSDC-01665148 |
| 232 | 282830 | 283216 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00831338 |
| 233 | 282830 | 283217 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01118499 |
| 234 | 282830 | 283218 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00528431 |
| 235 | 282830 | 283219 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00534707 |
| 236 | 282830 | 283220 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00505264 |
| 237 | 282830 | 283221 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00534517 |
| 238 | 282830 | 283222 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00523255 |
| 239 | 282830 | 283223 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00528467 |

| # | | | | | |
|---|---|---|---|---|---|
| 240 | 286028 | 286028 | Privileged | The Court finds this communication was properly withheld as it is protected by privileged; therefore, the Court will not order its production. | LCC-WYUSDC-01665178 |
| 241 | 286028 | 286794 | | | Email signature block image |
| 242 | 286028 | 286795 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00883339 |
| 243 | 287575 | 287575 | Previously Produced with Proper Redactions. | The Court finds this document was previously produced with proper redaction, and no further action is required. | LCC-WYUSDC-01665150 |
| 244 | 287575 | 287912 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00837081 |
| 245 | 302461 | 302461 | Privileged | The Court finds this communication was properly withheld as it is protected by privileged; therefore, the Court will not order its production. | |
| 246 | 302461 | 302871 | Privileged | See reasoning for Doc. No. 245. | |
| 247 | 307657 | 307657 | Previously Produced with Proper Redactions. | The Court finds this communication was properly redacted and previously produced. The attachment (Doc. No. 247) is privileged. | LCC-WYUSDC-01665183 |
| 248 | 307657 | 308284 | Privileged | See reasoning for Doc. No. 247. | |
| 249 | 311958 | 311958 | Previously Produced with Proper Redactions. | The Court finds that Layton's redactions were proper; and that the attachments (Doc. Nos. 250 & 251) fall within attorney-client privilege. | LCC-WYUSDC-01665194 |

| # | Bates 1 | Bates 2 | Disposition | Reasoning | Notes |
|---|---|---|---|---|---|
| 250 | 311958 | 311958 | Privileged | See reasoning for Doc. No. 249. | |
| 251 | 311958 | 311958 | Privileged | See reasoning for Doc. No. 249. | |
| 252 | 311958 | 312270 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00886050 |
| 253 | 312451 | 312451 | Produce | The Court fails to find how this constitutes legal advice, or any type of work product in need of privilege. Therefore, this communication is discoverable and shall be produced. | |
| 254 | 312451 | 312527 | | | Email signature block image |
| 255 | 312451 | 312528 | | | Email signature block image |
| 256 | 312451 | 312529 | | | Email signature block image |
| 257 | 312451 | 312530 | | | Email signature block image |
| 258 | 312451 | 312531 | | | Email signature block image |
| 259 | 312451 | 312532 | | | Email signature block image |
| 260 | 312451 | 312533 | | | Email signature block image |
| 261 | 312451 | 312534 | | | Email signature block image |
| 262 | 312451 | 312535 | | | Email signature block image |
| 263 | 312451 | 312536 | | | Email signature block image |
| 264 | 316963 | 316963 | Privileged | The Court finds this communication was properly withheld as it is protected by privileged; therefore, the Court will not order its production. | |
| 265 | 316963 | 317170 | Privileged | See reasoning for Doc. No. 264. | |
| 266 | 316963 | 317171 | Privileged | See reasoning for Doc. No. 264. | |
| 267 | 325496 | 325496 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01665160 |

| # | Bates Start | Bates End | Ruling | Reasoning | Bates Number |
|---|---|---|---|---|---|
| 268 | 325496 | 326176 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00843756 |
| 269 | 327438 | 327438 | Produce w/ Attachments | Theses communications are merely related to the construction project. Said differently, these communications would have occurred even without the prospect of litigation. *See* 80 F.Supp.3d at 532. | |
| 270 | 327438 | 327987 | Produce | See reasoning above. | |
| 271 | 332263 | 332263 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01665078 |
| 272 | 332263 | 332580 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01126743 |
| 273 | 335651 | 335651 | Privileged | The Court finds this communication was properly withheld as it is protected by privileged; therefore, the Court will not order its production. | |
| 274 | 335651 | 336292 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01126743 |
| 275 | 336423 | 336423 | Privileged | The Court finds this communication was properly withheld as it is protected by privileged; therefore, the Court will not order its production. | |
| 276 | 337310 | 337310 | Privileged | The Court finds this communication was properly withheld because it is protected by the attorney-client privilege. | |
| 277 | 337310 | 337582 | Privileged | See reasoning for Doc. No. 276. | |

| 278 | 340144 | 340144 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01665108 |
|---|---|---|---|---|---|
| 279 | 340144 | 340263 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01144664 |
| 280 | 343197 | 343197 | Produce | The Court finds this email communication to not contain any mention of any type of legal advice; therefore, this is not privileged and is to be produced. | |
| 281 | 343197 | 343780 | | | Email signature block image |
| 282 | 343197 | 343781 | | | Email signature block image |
| 283 | 343197 | 343782 | | | Email signature block image |
| 284 | 343197 | 343783 | | | Email signature block image |
| 285 | 343197 | 343784 | | | Email signature block image |
| 286 | 343197 | 343785 | | | Email signature block image |
| 287 | 343197 | 343786 | | | Email signature block image |
| 288 | 343197 | 343787 | | | Email signature block image |
| 289 | 343197 | 343788 | | | Email signature block image |
| 290 | 343197 | 343789 | | | Email signature block image |
| 291 | 343197 | 343790 | | | Email signature block image |
| 292 | 343197 | 343791 | | | Email signature block image |

| # | ID | ID | Action | Reasoning | Bates number |
|---|---|---|---|---|---|
| 293 | 344180 | 344180 | Produce w/ Attachments | These communications caused the Court the most time. These are duplicates of ID 536184. It is impossible in these emails to determine whether Mr. Colligan was acting in a legal role, and Defendant Layton made no argument or indication that he was acting on behalf of the legal department. These discussions occurred in during the ordinary course of business. Therefore, no privilege applies. | |
| 294 | 344180 | 344367 | Produce | See reasoning above. | |
| 295 | 344180 | 344368 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01604043 |
| 296 | 344180 | 344369 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01154240 |
| 297 | 344180 | 344370 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01665237 |
| 298 | 344180 | 344371 | Produce | | |
| 299 | 344180 | 344401 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01230940 |
| 300 | 344180 | 344406 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01231883 |
| 301 | 344180 | 344424 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01233763 |
| 302 | 344180 | 344507 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01665244 |
| 303 | 349574 | 349574 | Produce | The Court finds that Defendant Layton failed to meet its burden showing how these communications were privileged. | |

| | | | | |
|---|---|---|---|---|
| 304 | 349574 | 350045 | Produce | The Court finds that Defendant Layton failed to meet its burden showing how these communications were privileged. | |
| 305 | 349747 | 349747 | Produce | The Court finds that Defendant Layton failed to meet its burden showing how these communications were privileged. | |
| 306 | 349747 | 349865 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01250840 |
| 307 | 355893 | 355893 | Privileged | The Court finds this communication was properly withheld as it is protected by privileged; therefore, the Court will not order its production. | LCC-WYUSDC-01665184 |
| 308 | 355893 | 356299 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00894149 |
| 309 | 355893 | 356300 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00894151 |
| 310 | 361263 | 361263 | Privileged | The Court finds this communication was properly withheld as it is protected by privileged; therefore, the Court will not order its production. | |
| 311 | 361263 | 361423 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01250840 |

| | | | | |
|---|---|---|---|---|
| 312 | 362695 | 362695 | Produce w/ Attachments | Defendant failed to meet its burden on these communications. The Court only views these as asking for project advice. Again, it is difficult if Mr. Colligan is acting in the legal capacity or construction capacity. Therefore, no privilege applies. | LCC-WYUSDC-01611996 |
| 313 | 362695 | 362770 | Identify by Bates number to Plaintiff. | | |
| 314 | 362695 | 362771 | Produce | See reasoning above. | LCC-WYUSDC-01222302 |
| 315 | 362695 | 362772 | Identify by Bates number to Plaintiff. | | |
| 316 | 364800 | 364800 | Previously Produced with Proper Redactions. | The Court finds that this document was previously produced with proper redactions to Plaintiff, and therefore, will take no further action regarding Doc. No. 316. | LCC-WYUSDC-01665201 |
| 317 | 364800 | 365276 | Previously Produced with Proper Redactions. | See reasoning for Doc. No. 316. | LCC-WYUSDC-00901033 |
| 318 | 366006 | 366006 | Previously Produced with Proper Redactions. | See reasoning for Doc. No. 316. | LCC-WYUSDC-01250840 |
| 319 | 366006 | 366518 | Previously Produced with Proper Redactions. | See reasoning for Doc. No. 316. | LCC-WYUSDC-01250840 |
| 320 | 368512 | 368512 | Produce | The Court finds that Defendant has not met its burden to show that this communication should be privileged. | |
| 321 | 368512 | 368822 | Produce | See reasoning for Doc. No. 320. | |

| # | Bates | Bates | Disposition | Explanation | Notes |
|---|---|---|---|---|---|
| 322 | 369467 | 369467 | Privileged | The Court finds that Defendant Layton has met its burden to show that this communication and its attachment (Doc. No. 323) are privileged. | |
| 323 | 369467 | 369624 | Privileged | | |
| 324 | 373649 | 373649 | Privileged | The Court finds this communication was properly withheld as it is protected by privileged; therefore, the Court will not order its production. | |
| 325 | 373649 | 374380 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00899841 |
| 326 | 374239 | 374239 | Previously Produced with Proper Redactions. | No further action is required by the Court regarding Doc. No. 326. | LCC-WYUSDC-01665084 |
| 327 | 374239 | 374498 | | | Email signature block image |
| 328 | 374239 | 374499 | | | Email signature block image |
| 329 | 374239 | 374500 | | | Email signature block image |
| 330 | 374239 | 374501 | | | Email signature block image |
| 331 | 374239 | 374502 | | | Email signature block image |
| 332 | 374239 | 374503 | | | Email signature block image |
| 333 | 375107 | 375107 | Previously Produced with Proper Redactions. | The Court finds this was previously produced with proper redactions to Plaintiff, and therefore, no further action is necessary regarding Doc. No. 333. | LCC-WYUSDC-01665237 |
| 334 | 375107 | 375337 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00125858 |
| 335 | 376572 | 376572 | Produce | The Court finds this communication to be primarily business related and not legal. Therefore, it is not protected. | |

| # | | | | | |
|---|---|---|---|---|---|
| 336 | 376572 | 376839 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01152065 |
| 337 | 387609 | 387609 | Privileged | The Court finds this communication was properly withheld as it is protected by privileged; therefore, the Court will not order its production. | |
| 338 | 387609 | 388088 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01607092 |
| 339 | 387609 | 388605 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01607097 |
| 340 | 387613 | 387613 | Privileged | The Court finds that this communication and its attachment (Doc. No. 341) were properly withheld by Defendant because they are protected by the attorney-client privilege and the work product doctrine. | |
| 341 | 387613 | 388132 | Privileged | | |
| 342 | 387998 | 387998 | Previously Produced with Proper Redactions. | The Court finds this was previously produced with proper redactions to Plaintiff, and therefore, no further action is necessary regarding Doc. No. 342. | |
| 343 | 387998 | 388682 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01607407 |
| 344 | 387998 | 388683 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01607408 |

| | | | | |
|---|---|---|---|---|
| 345 | 388395 | 388395 | Previously Produced with Proper Redactions. | The Court finds this was previously produced with proper redactions to Plaintiff, and therefore, no further action is necessary regarding Doc. No. 345. | LCC-WYUSDC-01665481 |
| 346 | 388395 | 388633 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-011414373 |
| 347 | 389926 | 389926 | Privileged | The Court finds that this communication and its attachment (Doc. No. 348) were properly withheld by Defendant because they are protected by the attorney-client privilege and the work product doctrine. | |
| 348 | 389926 | 390216 | Privileged | | |
| 349 | 391805 | 391805 | Privileged | The Court finds that this communication and its attachment were properly withheld because they are protected by the work product doctrine and attorney-client privilege. Therefore, they will not be ordered to be produced. | |
| 350 | 391805 | 392156 | Privileged | See reasoning for Doc. No. 349. | |
| 351 | 391805 | 392157 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00794158 |

| Doc No. | Begin Bates | End Bates | Description | Reasoning | Bates / Comment |
|---|---|---|---|---|---|
| 352 | 392366 | 392366 | Privileged | The Court finds that this communication and its attachments were properly withheld as protected under the work product doctrine and attorney-client privilege; therefore, the Court will not order its production. | |
| 353 | 392366 | 392397 | Privileged | See reasoning for Doc. No. 352. | |
| 354 | 392366 | 392399 | Privileged | See reasoning for Doc. No. 352. | |
| 355 | 394932 | 394932 | Previously Produced with Proper Redactions. | The Court finds that this communication was previously produced by Defendant with proper redactions, and therefore, no further action is needed regarding Doc. No. 355. | LCC-WYUSDC-01665086 |
| 356 | 394932 | 395196 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01135272 |
| 357 | 397566 | 397566 | Previously Produced with Proper Redactions. | The Court finds that this communication was previously produced to Plaintiff with what the Court finds as proper redactions. Therefore, the Court need not take any further action regarding Doc. No. 357. | LCC-WYUSDC-01665129 |
| 358 | 397566 | 397908 | | | Email signature block image |
| 359 | 397566 | 397909 | | | Email signature block image |
| 360 | 397566 | 397910 | | | Email signature block image |
| 361 | 397566 | 397911 | | | Email signature block image |
| 362 | 397566 | 397912 | | | Email signature block image |
| 363 | 397566 | 397913 | | | Email signature block image |

| | | | | |
|---|---|---|---|---|
| 364 | 397566 | 397914 | | Email signature block image |
| 365 | 397566 | 397915 | | Email signature block image |
| 366 | 397566 | 397916 | | Email signature block image |
| 367 | 397566 | 397917 | | Email signature block image |
| 368 | 397566 | 397918 | | Email signature block image |
| 369 | 397566 | 397919 | | Email signature block image |
| 370 | 397566 | 397920 | | Email signature block image |
| 371 | 400961 | 400961 | Produce with New Redactions. | The Court directs Defendants to apply redactions. However, the attachment the Court finds falls within the work product doctrine. |
| 372 | 400961 | 401240 | Identify by Bates number to Plaintiff. | LCC-WYUSDC-01131309 |
| 373 | 400961 | 401241 | Identify by Bates number to Plaintiff. | LCC-WYUSDC-01126286 |
| 374 | 400961 | 401242 | Privileged | See reasoning for Doc. No. 371. |
| 375 | 404900 | 404900 | Previously Produced with Proper Redactions. | The Court finds that this communication was previously produced with proper redactions, and therefore, no further action is required regarding Doc. No. 375. LCC-WYUSDC-01665127 |
| 376 | 404900 | 405405 | Identify by Bates number to Plaintiff. | LCC-WYUSDC-00208107 |
| 377 | 404900 | 405406 | Identify by Bates number to Plaintiff. | LCC-WYUSDC-00208124 |
| 378 | 405874 | 405874 | Privileged | The Court finds this document was properly withheld as it is protected by privilege. Therefore, the Court will not order its production. |

| | | | | |
|---|---|---|---|---|
| 379 | 405874 | 405995 | Privileged | See reasoning for Doc. No. 378. | |
| 380 | 405874 | 406120 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01138484 |
| 381 | 405874 | 406121 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01596996 |
| 382 | 407882 | 407882 | Previously Produced with Proper Redactions. | The Court finds that this communication was previously produced to Plaintiff with what the Court finds as proper redactions. Therefore, the Court need not take any further action regarding Doc. No. 382. | |
| 383 | 407882 | 408382 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00868484 |
| 384 | 409799 | 409799 | Previously Produced with Proper Redactions. | The Court finds that this communication was previously produced with proper redactions, and therefore, no further action is necessary regarding Doc. No. 384. | LCC-WYUSDC-01665142 |
| 385 | 409799 | 410680 | PRODUCE | The Court did not review the attachment because it was not provided to the Court. Therefore, the Court will order the attachment to Doc. No. 384 to be produced. | |
| 386 | 411206 | 411206 | Produce with New Redactions. | The Court finds that its redactions to this communication are appropriate/ The attachments (Doc. No. 387) is not privileged. | |
| 387 | 411206 | 411449 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01611994 |

| # | Bates | Bates | Action | Reasoning | Notes |
|---|---|---|---|---|---|
| 388 | 418232 | 418232 | Produce with New Redactions. | The Court finds that its redactions to this communication are appropriate/ The attachments (Doc. No. 389) is not privileged. | |
| 389 | 418232 | 418924 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-0161994 |
| 390 | 418367 | 418367 | Privileged | The Court finds that this communication falls within the work product doctrine and the attorney-client privilege, and is therefore, protected from discovery. | |
| 391 | 418367 | 418858 | | See reasoning for Doc. No. 390. | |
| 392 | 423302 | 423302 | Produce | The Court finds that Defendant Layton did not meet their burden showing why this communication deserves protection from discovery. There is not indication of any legal advice being sought or provided. | |
| 393 | 423302 | 423373 | | | Email signature block image |
| 394 | 423302 | 423374 | | | Email signature block image |
| 395 | 423302 | 423375 | | | Email signature block image |
| 396 | 423302 | 423376 | | | Email signature block image |
| 397 | 423302 | 423377 | | | Email signature block image |
| 398 | 423302 | 423378 | | | Email signature block image |
| 399 | 423346 | 423346 | Privileged | The Court finds that this communication falls within the work product doctrine, and is therefore, protected from discovery. | |

| # | Bates | Bates | Action | Court Finding | LCC-WYUSDC |
|---|---|---|---|---|---|
| 400 | 423346 | 423651 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00798949 |
| 401 | 425177 | 425177 | Previously Produced with Proper Redactions. | The Court finds this document was previously produced to Plaintiff with proper redactions, and therefore, finds that no further action is necessary regarding Doc. No. 401. | LCC-WYUSDC-01665139 |
| 402 | 425177 | 425191 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01599266 |
| 403 | 425177 | 425192 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01599267 |
| 404 | 425177 | 425193 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01599279 |
| 405 | 425387 | 425387 | Previously Produced with Proper Redactions. | The Court finds this communication was previously produced with proper redactions, and, therefore, no further action is required regarding Doc. No. 405. | |
| 406 | 425387 | 425818 | | | LCC-WYUSDC-01259751 |
| 407 | 425387 | 425819 | | | LCC-WYUSDC-01259753 |
| 408 | 425387 | 425820 | | | LCC-WYUSDC-01259763 |
| 409 | 425926 | 425926 | Produce with New Redactions | The Court finds this communication was previously produced with proper redactions, and, therefore, no further action is required as to Doc. No. 409. | |

| Doc. No. | | | | | |
|---|---|---|---|---|---|
| 410 | 425926 | 426150 | Privileged | The Court finds that the attachment to Doc. No. 409 does fall within the purview of the work product doctrine. As such, Doc. No. 410 will not be ordered to be produced. | |
| 411 | 426348 | 426348 | Previously Produced with Proper Redactions. | The Court finds this communication was previously provided to Plaintiff with proper redactions. No further action is required by the Court regarding Doc. No. 411. | |
| 412 | 426348 | 426916 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01604459 |
| 413 | 426348 | 426917 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01604503 |
| 414 | 426348 | 426918 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01604511 |
| 415 | 426348 | 426977 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01604512 |
| 416 | 426348 | 426978 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01604519 |
| 417 | 426348 | 426979 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01604542 |
| 418 | 426348 | 426980 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01604572 |
| 419 | 426348 | 426981 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01604616 |
| 420 | 426548 | 426548 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01665274 |
| 421 | 426548 | 426972 | | | Email signature block image |
| 422 | 426548 | 426973 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-0129366 |

| # | | | | | |
|---|---|---|---|---|---|
| 423 | 427259 | 427259 | Privileged | The Court finds that this communication and its attachment were properly withheld for they are protected by the attorney-client privilege. | |
| 424 | 427259 | 427524 | Privileged | See reasoning for Doc. No. 423. | |
| 425 | 427259 | 427525 | | | Produced by Other Parties-No privilege claimed |
| 426 | 427313 | 427313 | Produce Unredacted | The Court finds that Layton has net met its burden showing why these communications should be privileged. | |
| 427 | 427313 | 427674 | Identify by Bates number to Plaintiff | | LCC-WYUSDC-01253315 |
| 428 | 427712 | 427712 | Produce Unredacted | Same reasoning as Doc. No. 426. | |
| 429 | 427712 | 428207 | | | Email signature block image |
| 430 | 427712 | 428208 | | | Email signature block image |
| 431 | 427712 | 428209 | | | Email signature block image |
| 432 | 427712 | 428210 | | | Email signature block image |
| 433 | 427712 | 428211 | | | Email signature block image |
| 434 | 427712 | 428212 | | | Email signature block image |
| 435 | 427712 | 428213 | | | Email signature block image |
| 436 | 427712 | 428214 | | | Email signature block image |
| 437 | 427712 | 428215 | | | Email signature block image |
| 438 | 427712 | 428216 | | | Email signature block image |
| 439 | 427712 | 428217 | | | Email signature block image |
| 440 | 427712 | 428218 | | | Email signature block image |
| 441 | 427712 | 428219 | | | Email signature block image |

| | | Produce with New Redactions | | |
|---|---|---|---|---|
| 442 | 428538 | 428538 | The new redactions are appropriate, however, the remainder does not appear to be legal. Therefore, other than the redactions, the Court does not apply the privilege to these documents. | |
| 443 | 428538 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01604245 |
| 444 | 434024 | Privileged | The Court finds that this document and its attachments were properly withheld as being protected by privilege. Therefore, the Court will not order the production of Doc. No. 444 or its attachments. | |
| 445 | 434024 | Privileged | See reasoning for Doc. No. 444. | |
| 446 | 434024 | Privileged | See reasoning for Doc. No. 444. | Produced by Other Parties-No privilege claimed |
| 447 | 434800 | Previously Produced with Proper Redactions. | The Court finds that this document was previously produced with proper redactions to plaintiff; its attachment (Doc. No. 448), however, falls within the purview of the work product doctrine and will not be ordered to be produced. | |
| 448 | 434800 | Privileged | See reasoning for Doc. No. 447. | |

| # | | | | | |
|---|---|---|---|---|---|
| 449 | 434971 | 434971 | Produce | Nothing in these communications demonstrates legal advice. The Court finds this document not privileged. | |
| 450 | 434971 | 434971 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01278130 |
| 451 | 436853 | 435391 | Previously Produced with Proper Redactions. | The Court finds that this document has been previously produced to Plaintiff with proper redactions. | |
| 452 | 436853 | 437027 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01268903 |
| 453 | 436853 | 437028 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01021257 |
| 454 | 437105 | 437105 | Produce | There is no indication there is any legal advice sought or provided in this communication. As stated, "the purpose of the of obtaining legal service must be present." *Adams v. Gateway, Inc.*, 2003 WL 23787856, at *11, project advice, waived if docs provided to or from 3rd party | |
| 455 | 437105 | 437353 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01260817 |
| 456 | 437105 | 437354 | Produce | See reasoning for Doc. No. 454. | |
| 457 | 439422 | 439422 | Privileged | The Court finds that Defendant Layton has met its burden to show that this communication and its attachment (Doc. No. 458) are privileged. | |

| No. | | | | | |
|---|---|---|---|---|---|
| 458 | 439422 | 439871 | Privileged | See reasoning for Doc. No. 457. | |
| 459 | 444384 | 444384 | Produce with New Redactions. | The Court finds that too much has been redacted from this document, and the majority of the communication is with third-party. Therefore, this document should be produced. | |
| 460 | 444384 | 444431 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01114821 |
| 461 | 449318 | 449318 | Produce with New Redactions. | | |
| 462 | 449318 | 450086 | | | Email signature block image |
| 463 | 449318 | 450087 | | | Email signature block image |
| 464 | 449318 | 450088 | | | Email signature block image |
| 465 | 449318 | 450089 | | | Email signature block image |
| 466 | 449318 | 450090 | | | Email signature block image |
| 467 | 449318 | 450091 | | | Email signature block image |
| 468 | 449318 | 450092 | Produce. | The Court does not find this privileged. | LCC-WYUSDC-01276435 |
| 469 | 449483 | 449483 | Previously Produced with Proper Redactions. | The Court finds that this communication was previously produced with proper redactions and therefore, no further action is necessary regarding Doc. No. 469. | LCC-WYUSDC-01665271 |
| 470 | 449483 | 450044 | Privileged | The Court finds that the attachment to Doc. No. 469 falls within both the work product doctrine and attorney-client privilege. Therefore, the Court will not order production of Doc. No. 470. | |

| # | ID1 | ID2 | Action | Reasoning | Notes |
|---|---|---|---|---|---|
| 471 | 449512 | 449512 | Apply same redactions as Doc. No. 469. | | |
| 472 | 449512 | 449891 | Privileged | See reasoning for Doc. No. 470. | |
| 473 | 449692 | 449692 | Produce with New Redactions. | The Court finds that its redactions are appropriate and directs Layton to apply those redactions and produce the document to Plaintiff Cody Lane as such. | |
| 474 | 449692 | 450435 | | | Email signature block image |
| 475 | 449692 | 450437 | | | Email signature block image |
| 476 | 449692 | 450438 | | | Email signature block image |
| 477 | 449692 | 450439 | | | Email signature block image |
| 478 | 449692 | 450440 | | | Email signature block image |
| 479 | 449692 | 450441 | | | Email signature block image |
| 480 | 449692 | 450442 | | | Email signature block image |
| 481 | 449696 | 449696 | Produce. | The Court finds that nothing in this communication indicates that it is for legal purpose. Therefore, the Court finds this document not privileged. | |
| 482 | 449696 | 450454 | | | Email signature block image |
| 483 | 449696 | 450456 | | | Email signature block image |
| 484 | 449696 | 450457 | | | Email signature block image |
| 485 | 449696 | 450458 | | | Email signature block image |
| 486 | 449696 | 450459 | | | Email signature block image |
| 487 | 449696 | 450460 | | | Email signature block image |
| 488 | 449766 | 449766 | Privileged | See reasoning for Doc. Nos. 423 and 444 for the substance of Doc. No. 488 is the same as those. | |
| 489 | 449766 | 450309 | Privileged | See reasoning for Doc. No. 488. | |

| # | | | | | |
|---|---|---|---|---|---|
| 490 | 449793 | 449793 | Produce | The Court does not find that this is seeking or giving legal advice, but instead is merely passing on information from a third-party. Therefore, these are not privileged. | LCC-WYUSDC-01605149 |
| 491 | 449793 | 449793 | Identify by Bates number to Plaintiff. | | |
| 492 | 449805 | 449805 | Previously Produced with Proper Redactions. | The Court finds that this document Previously Produced with Proper Redactions was proper. | |
| 493 | 449805 | 450574 | | | Email signature block image |
| 494 | 449805 | 450575 | | | Email signature block image |
| 495 | 449805 | 450576 | | | Email signature block image |
| 496 | 449805 | 450577 | | | Email signature block image |
| 497 | 449805 | 450578 | | | Email signature block image |
| 498 | 449805 | 450579 | | | Email signature block image |
| 499 | 449805 | 450580 | | | Email signature block image |
| 500 | 449805 | 450581 | | | Email signature block image |
| 501 | 449805 | 450582 | | | Email signature block image |
| 502 | 449805 | 450583 | | | Email signature block image |
| 503 | 449805 | 450584 | | | Email signature block image |
| 504 | 449805 | 450585 | | | Email signature block image |
| 505 | 449885 | 449885 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01665369 |
| 506 | 449885 | 450694 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01284750 |
| 507 | 449885 | 450695 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01284751 |

| | | | | |
|---|---|---|---|---|
| 508 | 450185 | 450185 | Produce Unredacted | The Court finds this not to be privileged because there is no indication that it is for legal advice or anticipation of litigation. | |
| 509 | 450185 | 450617 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01264843 |
| 510 | 450207 | 450207 | Produce Unredacted | The Court finds that this communication is completely discoverable and should be produced. The Court finds that the addition of Attorney Ty Holt on the email chain was inadvertent. | |
| 511 | 450207 | 450697 | Produce | See reasoning for Doc. No. 511. | |
| 512 | 450891 | 450891 | Privileged | The Court finds that Defendant Layton has met its burden to show that this communication and its attachments (Doc. Nos. 513, 514) are privileged. | |
| 513 | 450891 | 450997 | Privileged | | |
| 514 | 450891 | 450998 | Privileged | | |
| 515 | 450909 | 450909 | Privileged | The Court finds that the communication is protected; but its attachment (Doc. No. 516) is discoverable. Therefore, the Court will order production of Doc. No. 516, but not of Doc. No. 515. | |
| 516 | 450909 | 450941 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01282814 |

| | | | | Court Finding | |
|---|---|---|---|---|---|
| 517 | 451434 | 451434 | Previously Produced with Proper Redactions. | The Court finds this communication was previously provided to Plaintiff with proper redactions. No further action is required by the Court regarding Doc. No. 517. | |
| 518 | 451434 | 451569 | | | Email signature block image |
| 519 | 451434 | 451570 | | | Email signature block image |
| 520 | 451434 | 451571 | | | Email signature block image |
| 521 | 451434 | 451572 | | | Email signature block image |
| 522 | 451434 | 451573 | | | Email signature block image |
| 523 | 451434 | 451574 | | | Email signature block image |
| 524 | 451434 | 451575 | | | Email signature block image |
| 525 | 451434 | 451576 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01603209 |
| 526 | 452124 | 452124 | Produce Unredacted | The Court finds that this material is scheduling and no indication of legal advice. Therefore, this is not privileged. *See Tingey*, 2024 WL 476547, at *4. | |
| 527 | 452124 | 452456 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01605837 |
| 528 | 452124 | 452654 | | | Email signature block image |
| 529 | 452124 | 452655 | | | Email signature block image |
| 530 | 452124 | 452656 | | | Email signature block image |
| 531 | 452124 | 452657 | | | Email signature block image |
| 532 | 452124 | 452658 | | | Email signature block image |
| 533 | 452124 | 452659 | | | Email signature block image |
| 534 | 452124 | 452660 | | | Email signature block image |
| 535 | 452124 | 452661 | | | Email signature block image |
| 536 | 452124 | 452662 | | | Email signature block image |
| 537 | 452124 | 452663 | | | Email signature block image |
| 538 | 452124 | 452664 | | | Email signature block image |

| | | | | | Email signature block image |
|---|---|---|---|---|---|
| 539 | 452124 | 452665 | | | |
| 540 | 452269 | 452269 | Previously Produced with Proper Redactions. | The Court finds that this communication was previously produced with proper redactions, and therefore, no further action is necessary regarding Doc. No. 540. | LCC-WYUSDC-01665315 |
| 541 | 452269 | 452565 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01274402 |
| 542 | 452269 | 452566 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00216034 |
| 543 | 453003 | 453003 | Privileged | The Court finds that Defendant Layton has met its burden showing this communication and its attachment (Doc. No. 544) are protected by both the attorney-client privilege and work product doctrine. | |
| 544 | 453003 | 453832 | Privileged | | |
| 545 | 453415 | 453415 | Previously Produced with Proper Redactions. | The Court finds that this communication was previously produced with proper redactions, and therefore, no further action is necessary regarding Doc. No. 545. | LCC-WYUSDC-01665391 |
| 546 | 453415 | 454223 | Produce | No privilege has been claimed regarding this attachment and the Court finds its contents discoverable. Therefore, the Court will order the production of Doc. No. 546. | |
| 547 | 453415 | 454484 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-0199836 |

| | | | The Court finds that Defendant Layton has met its burden to show that this communication and one attachment (Doc. No. 551) are protected by the work product doctrine. Therefore, the Court will not order the production of Doc. Nos. 548 or 551. | |
|---|---|---|---|---|
| 548 | 455189 | 455189 | Privileged | |
| 549 | 455189 | 455578 | Identify by Bates number to Plaintiff. | LCC-AZ-00060847 |
| 550 | 455189 | 455579 | Identify by Bates number to Plaintiff. | LCC-WYUSDC-01605911 |
| 551 | 455189 | 455580 | Privileged | |
| 552 | 455189 | 456346 | Identify by Bates number to Plaintiff. | LCC-WYUSDC-01605907 |
| 553 | 455189 | 456347 | Identify by Bates number to Plaintiff. | LCC-WYUSDC-01605948 |
| 554 | 455189 | 456528 | Identify by Bates number to Plaintiff. | LCC-WYUSDC-01605909 |
| 555 | 455189 | 456529 | Identify by Bates number to Plaintiff. | LCC-WYUSDC-01605911 |
| 556 | 455189 | 456538 | Identify by Bates number to Plaintiff. | LCC-WYUSDC-01605913 |
| 557 | 455189 | 456539 | Identify by Bates number to Plaintiff. | LCC-WYUSDC-01605918 |
| 558 | 455189 | 456540 | Identify by Bates number to Plaintiff. | LCC-WYUSDC-01605920 |
| 559 | 455189 | 456541 | Identify by Bates number to Plaintiff. | LCC-WYUSDC-01605929 |
| 560 | 455189 | 456542 | Identify by Bates number to Plaintiff. | LCC-WYUSDC-01605943 |

| | | | | |
|---|---|---|---|---|
| **561** | 455372 | 455372 | Privileged | The Court finds that Defendant Layton has meet its burden to show that this communication and its attachment (Doc. No. 562) are privileged. | |
| **562** | 455372 | 455538 | Privileged | See reasoning for Doc. No. 561. | |
| **563** | 458879 | 458879 | Produce Unredacted | This communication contains project issues; not legal issues or legal advice. Therefore, this is not privileged. | LCC-WYUSDC-01665407 |
| **564** | 458879 | 459108 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01322513 |
| **565** | 461350 | 461350 | Privileged | The Court finds that Defendant Layton has meet its burden to show that this communication and its attachment (Doc. No. 566) are privileged. | LCC-WYUSDC-01665383 |
| **566** | 461350 | 461699 | Privileged | See reasoning for Doc. No. 565. | |
| **567** | 461847 | 461847 | Produce | The Court finds that this is primarily business related and Layton has not met its burden to show the distinction between business and legal. | LCC-WYUSDC-01665401 |
| **568** | 461847 | 462186 | Produce | See reasoning for Doc. No. 567. | |
| **569** | 464755 | 464755 | Previously Produced with Proper Redactions. | The Court finds that this communication was previously produced with proper redactions, and therefore, no further action is necessary regarding Doc. No. 569. | LCC-WYUSDC-01665386 |

| 570 | 464755 | 465146 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01605862 |
|---|---|---|---|---|---|
| 571 | 464755 | 465147 | Produce. | No privilege has been claimed regarding this attachment and the Court finds its contents discoverable. Therefore, the Court will order the production of Doc. No. 571. | |
| 572 | 465505 | 465505 | Previously Produced with Proper Redactions. | The Court finds that this communication was previously produced with proper redactions, and therefore, no further action is necessary regarding Doc. No. 572. | LCC-WYUSDC-01665435 |
| 573 | 465505 | 465599 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00624861 |
| 574 | 465505 | 465600 | Produce | Not requested by Cody Lane; no assertion of privilege by Layton. | |
| 575 | 466388 | 466388 | Produce | Mr. Colligan is merely cc'd to this email, and Layton has failed to meet its burden to show that this is somehow privileged. | |
| 576 | 466388 | 466979 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01644011 |
| 577 | 466388 | 466980 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00160817 |
| 578 | 466388 | 466981 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00160889 |
| 579 | 466388 | 466982 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00160735 |
| 580 | 466388 | 466983 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00160739 |

| | | | | | |
|---|---|---|---|---|---|
| 581 | 466388 | 466984 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00160748 |
| 582 | 466388 | 466985 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00160753 |
| 583 | 466388 | 466986 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01639189 |
| 584 | 466388 | 466987 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00160765 |
| 585 | 466408 | 466408 | Produce | See reasoning for Doc. No. 563. | LCC-WYUSDC-01665410 |
| 586 | 466408 | 466783 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01491303 |
| 587 | 467561 | 467561 | Previously Produced with Proper Redactions. | The Court finds that this communication has been produced with proper redactions to Plaintiff; and that Defendant has shown that the attachment (Doc. No. 588) is protected by the work product doctrine. | LCC-WYUSDC-01665445 |
| 588 | 467561 | 467638 | Privileged | | |
| 589 | 468237 | 468237 | Previously Produced with Proper Redactions. | The Court finds that this communication and its attachments (Doc. Nos. 590, 591) were previously produced to Plaintiff with proper redactions. Therefore, the Court need not take any more action regarding Doc. Nos. 589, 590, 591. Defendant Layton is to identify these communications by Bates numbers pursuant to this Court's order. | LCC-WYUSDC-01665427 |

| | | | | |
|---|---|---|---|---|
| 590 | 468237 | 468738 | Identify by Bates number to Plaintiff. | | LCC-AZ-00061150 |
| 591 | 468237 | 468739 | Identify by Bates number to Plaintiff. | | LCC-AZ-00061155 |
| 592 | 469061 | 469061 | Privileged | The Court finds that this communication has been properly withheld by Defendant because it falls within the attorney-client privilege and work product doctrine. | |
| 593 | 469061 | 470075 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-0174242 |
| 594 | 469818 | 469818 | Produce Unredacted | The Court finds that Defendant simply failed to meet its burden to show how NOCs are legal as opposed to occurring within the regular course of business. | LCC-WYUSDC-01665458 |
| 595 | 469818 | 470372 | Produce | See reasoning for Doc. No. 594. | |
| 596 | 469818 | 470373 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01338724 |
| 597 | 469818 | 470374 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00546634 |
| 598 | 469818 | 470375 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00827692 |
| 599 | 470010 | 470010 | Produce with New Redactions. | The Court finds that this document is the same as Doc. No. 710 and orders this to be redacted in accordance with that document. | LCC-WYUSDC-01665471 |
| 600 | 470010 | 470347 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01499692 |

| | | | | |
|---|---|---|---|---|
| 601 | 470500 | 470500 | Previously Produced with Proper Redactions. | The Court finds that this communication has been previously produced to Plaintiff with proper redactions. | LCC-WYUSDC-01665473 |
| 602 | 470500 | 470568 | | | Email signature block image |
| 603 | 470500 | 470575 | | | Email signature block image |
| 604 | 470500 | 470576 | | | Email signature block image |
| 605 | 470500 | 470577 | | | Email signature block image |
| 606 | 470500 | 470589 | | | Email signature block image |
| 607 | 470500 | 470591 | | | Email signature block image |
| 608 | 470500 | 470592 | | | Email signature block image |
| 609 | 470500 | 470593 | | | Email signature block image |
| 610 | 470500 | 470594 | | | Email signature block image |
| 611 | 470500 | 470595 | | | Email signature block image |
| 612 | 470500 | 470596 | | | Email signature block image |
| 613 | 470500 | 470597 | | | Email signature block image |
| 614 | 471243 | 471243 | Previously Produced with Proper Redactions. | The Court finds that this communication and its attachments (Doc. Nos. 615, 616) were previously produced with proper redactions. | LCC-WYUSDC-01665467 |
| 615 | 471243 | 472162 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01389940 |
| 616 | 471243 | 472163 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01389942 |
| 617 | 472920 | 472920 | Produce | The Court finds this not legal and primarily relates to the business. Therefore, no privilege is applicable. | |
| 618 | 472920 | 474039 | | | LCC-WYUSDC-01347917 |

| | | | | |
|---|---|---|---|---|
| 619 | 475445 | 475445 | Privileged | The Court finds that Defendant Layton has met its burden by showing that this document is protected by the work product doctrine. | |
| 620 | 475445 | 476022 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01405718 |
| 621 | 475496 | 475496 | Privileged | The Court finds that Defendant Layton has met its burden by showing that this document is protected by the work product doctrine. | |
| 622 | 475496 | 475670 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01607091 |
| 623 | 475914 | 475914 | Produce | The Court finds this to be third-party communications and therefore not privileged. | |
| 624 | 475914 | 476256 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01414429 |
| 625 | 477483 | 477483 | Previously Produced with Proper Redactions. | The Court finds that this communication has been previously produced to Plaintiff with proper redactions. | LCC-WYUSDC-01665456 |
| 626 | 477483 | 477896 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01606791 |
| 627 | 477483 | 477946 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01606793 |
| 628 | 481107 | 481107 | Previously Produced with Proper Redactions. | The Court finds that this communication had been previously produced with proper redactions, and that its attachment (Doc. No. 629) is protected by the attorney-client privilege. | LCC-WYUSDC-01665403 |

| 629 | 481107 | Privileged | | |
|---|---|---|---|---|
| 630 | 481728 | Privileged | The Court finds that Defendant Layton has met its burden showing the Court this document and its attachment (Doc. No. 632) are protected and privileged. | |
| 631 | 482825 | Privileged | | |
| 632 | 482825 | Produce Unredacted | This is project related and not legal related, therefore, this is not privileged. | LCC-WYUSDC-01665454 |
| 633 | 483342 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01338724 |
| 634 | 483342 | Produce with New Redactions. | The Court finds that its redactions are appropriate and directs Layton to apply those redactions and produce the document to Plaintiff Cody Lane as such. | |
| 635 | 484377 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01387703 |
| 636 | 484377 | Previously Produced with Proper Redactions. | The Court finds that this communication has been previously produced with proper redactions. | LCC-WYUSDC-01665455 |
| 637 | 484542 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01338755 |

| | | | | |
|---|---|---|---|---|
| 638 | 485951 | 485951 | Produce with New Redactions. | The Court finds that its redactions are appropriate and directs Layton to apply those redactions and produce the document to Plaintiff Cody Lane as such; however, as stated below, the Court finds its attachment (Doc. No. 640) falls within the work-product doctrine. | LCC-WYUSDC-00939756 |
| 639 | 485951 | 486044 | Identify by Bates number to Plaintiff. | | |
| 640 | 485951 | 486045 | Privileged | The Court finds that the attachment independently is privileged under the work-product doctrine. | |
| 641 | 487032 | 487032 | Produce with New Redactions. | See reasoning for Doc. No. 638. | |
| 642 | 487032 | 487419 | Identify by Bates number to Plaintiff. | | Produced by Other Parties-No privilege claimed |
| 643 | 488200 | 488200 | Withheld | | |
| 644 | 488200 | 488433 | | | LCC-WYUSDC-00943165 |
| 645 | 489202 | 489202 | Produce with New Redactions. | The court finds its redactions are appropriate and will order Layton to apply those redactions before producing to Cody Lane. | |
| 646 | 489202 | 489233 | Produce | The Court finds Doc. No. 645's attachment is not privileged and therefore orders its full production. | |

| # | Bates | Bates | Action | Court Reasoning | Note |
|---|---|---|---|---|---|
| 647 | 491667 | 491667 | Privileged | The Court finds that Defendant Layton has met its burden showing that this communication falls within the work product doctrine. | |
| 648 | 491667 | 491990 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00610210 |
| 649 | 492427 | 492427 | Produce with New Redactions. | The Court finds that the entire email exchange need not be withheld, and therefore, has made the appropriate redactions. The Court will order Layton to apply those redactions prior to production. | |
| 650 | 492427 | 492581 | Identify by Bates number to Plaintiff. | | Produced by Other Parties-No privilege claimed |
| 651 | 492544 | 492544 | Produce Unredacted | The Court finds that Layton's redactions were unnecessary and therefore orders Doc. 651 to be produced unredacted. | LCC-WYUSDC-01665469 |
| 652 | 492544 | 492753 | Produce | | |
| 653 | 492544 | 492754 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01393697 |
| 654 | 493667 | 493667 | Produce with New Redactions. | See reasoning for Doc. No. 20. | |
| 655 | 493667 | 494481 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00945639 |
| 656 | 493776 | 493776 | Privileged | See reasoning for Doc. No. 37 | |
| 657 | 493776 | 494290 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01317711 |
| 658 | 493776 | 494292 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01327146 |

| | | | | |
|---|---|---|---|---|
| 659 | 502251 | 502251 | Previously Produced with Proper Redactions. | The Court finds that this communication was previously produced with proper redactions, and therefore, no further action is necessary regarding Doc. No. 659. | LCC-WYUSDC-01665639 |
| 660 | 502251 | 502543 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-0546494 |
| 661 | 502251 | 502544 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-0546510 |
| 662 | 502258 | 502258 | Previously Produced with Proper Redactions. | The Court finds this communication was previously produced with proper redactions, and therefore, no further action is necessary regarding Doc. No. 662 | LCC-WYUSDC-01665637 |
| 663 | 502258 | 502714 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00819677 |
| 664 | 502836 | 502836 | Privileged | See the Court's reasoning for Doc. Nos. 52, 275, or 378. | |
| 665 | 502836 | 504148 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01596996 |
| 666 | 503261 | 503261 | Previously Produced with Proper Redactions. | The Court finds this communication was previously produced with proper redactions, and therefore, no further action is necessary regarding Doc. No. 666. | |
| 667 | 503261 | 505956 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01507602 |

| | | | |
|---|---|---|---|
| 668 | 503955 | 503955 | Privileged | The Court finds that Defendant Layton has met its burden showing this communication and its attachment (Doc. No. 669) are protected by both the attorney-client privilege and work product doctrine. | |
| 669 | 503955 | 503955 | Privileged | | |
| 670 | 504121 | 504121 | Produce | The Court finds that discussions of paying the mediator do not fall within any privilege. Therefore, this will be ordered to be produced. | |
| 671 | 504121 | 506145 | Produce | | |
| 672 | 504135 | 504135 | Produce | See reasoning for Doc. No. 670. | |
| 673 | 504135 | 506289 | | | |
| 674 | 504410 | 504410 | Produce | The Court finds that is communication is primarily project/business related, and therefore not protected. | |
| 675 | 504410 | 507543 | Produce | See reasoning for Doc. No. 674. | |
| 676 | 504414 | 504414 | Privileged | The Court finds these communications were properly withheld as they are privileged. Therefore, the Court will not order its production. | |
| 677 | 504414 | 507551 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01166301 |

| | | | | | |
|---|---|---|---|---|---|
| 678 | 505732 | 505732 | Privileged | The Court finds these communications were properly withheld as they are privileged. Therefore, the Court will not order its production. | |
| 679 | 505732 | 507381 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01250840 |
| 680 | 505751 | 505751 | Previously Produced with Proper Redactions. | The Court finds that this communication has been previously produced to plaintiff with proper redactions. | LCC-WYUSDC-01665657 |
| 681 | 505751 | 507422 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01942528 |
| 682 | 505753 | 505753 | Previously Produced with Proper Redactions. | See reasoning for Doc. No. 680. | LCC-WYUSDC-01665659 |
| 683 | 505753 | 507427 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01430818 |
| 684 | 514869 | 514869 | Previously Produced with Proper Redactions. | The Court finds these communications were properly redacted and produced by Defendant. | LCC-WYUSDC-01665655 |
| 685 | 514869 | 514896 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01324893 |
| 686 | 514869 | 514897 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01324894 |
| 687 | 514977 | 514977 | Privileged | The Court finds that Layton has met its burden to show that this communication and its attachment (Doc. No. 688) are protected by the work product doctrine. | |
| 688 | 514977 | 515402 | Privileged | | |

| | | | | | |
|---|---|---|---|---|---|
| 689 | 515080 | 515080 | WP | The Court finds that Layton has met its burden to show that this communication and its attachment (Doc. No. 690) are protected by the work product doctrine. | |
| 690 | 515080 | 515433 | Privileged | | |
| 691 | 515169 | 515169 | Produce | The Court finds that Mr. Colligan is merely cc'd on the email, and nothing about these communications indicate giving or receiving legal advice. | |
| 692 | 515169 | 516272 | Produce | See reasoning for Doc. No. 692. | |
| 693 | 515385 | 515385 | Produce Unredacted | The Court finds that Mr. Colligan is merely cc'd on the email, and nothing about these communications indicate giving or receiving legal advice. | LCC-WYUSDC-01665648 |
| 694 | 515385 | 516354 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01612266 |
| 695 | 515385 | 516355 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01612350 |
| 696 | 515385 | 516356 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01612351 |
| 697 | 515385 | 516357 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01612354 |
| 698 | 515385 | 516358 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01612359 |
| 699 | 515385 | 516616 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01612364 |
| 700 | 515385 | 516887 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01612267 |

| | | | | |
|---|---|---|---|---|
| **701** | 515710 | 515710 | Previously Produced with Proper Redactions. | The Court finds that Defendant properly redacted this communication and has previously produced it to Cody Lane. | LCC-WYUSDC-01665652 |
| **702** | 515710 | 516064 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00546820 |
| **703** | 515710 | 516065 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01315937 |
| **704** | 515710 | 516067 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00546820 |
| **705** | 515710 | 516068 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01288556 |
| **706** | 515902 | 515902 | Privileged | The Court finds that Defendant Layton has met its burden of showing the Court this communication and its attachment (Doc. No. 707) are privileged. | |
| **707** | 515902 | 516703 | Privileged | | |
| **708** | 515915 | 515915 | Privileged | The Court finds that Defendant Layton has met its burden of showing the Court this communication and its attachment (Doc. No. 709) are privileged. | |
| **709** | 515915 | 516740 | Privileged | | |
| **710** | 516093 | 516093 | Produce with New Redactions. | The Court finds that its new redactions are appropriate, and the remainder of the communication is not privileged and will therefore order its production. | LCC-WYUSDC-01665471 |

| | | | | LCC-WYUSDC-01499692 |
|---|---|---|---|---|
| 711 | 516093 | 516653 | Identify by Bates number to Plaintiff. | |
| 712 | 517043 | 517385 | Produce with New Redactions | The Court will order the same redactions that it has in Doc. No. 710. |
| 713 | 517043 | **originally did not contain a ID# | Produce with New Redactions | The Court will order the same redactions that it has in Doc. No. 710. |
| 714 | 517099 | 517099 | Produce with New Redactions | The Court finds that its redactions to Doc. No. 714 and its attachment, Doc. No. 715, are appropriate to protect the attorney-client privilege; however, the remainder is not privileged and will be ordered produced. |
| 715 | 517099 | 518382 | Produce with New Redactions | See reasoning for Doc. No. 714. |
| 716 | 517107 | 517107 | Produce Unredacted | This is primarily project and business related; not legal. Therefore, no privilege can apply. |
| 717 | 517107 | 518463 | Identify by Bates number to Plaintiff. | LCC-WYUSDC-01389167 |
| 718 | 517107 | 518464 | Identify by Bates number to Plaintiff. | LCC-WYUSDC-01606791 |
| 719 | 517107 | 518750 | Identify by Bates number to Plaintiff. | LCC-WYUSDC-01332952 |
| 720 | 517160 | 517160 | Privileged | The Court finds that this communication was properly withheld because it falls under the attorney-client privilege. |

| | | | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01612667 |
|---|---|---|---|---|---|
| 721 | 517160 | 518465 | | The Court finds its redactions are appropriate and will order Layton to apply them prior to production. | |
| 722 | 517416 | 517416 | Produce with New Redactions. | | |
| 723 | 517416 | 518616 | | | Email signature block image |
| 724 | 517416 | 518617 | | | Email signature block image |
| 725 | 517416 | 518618 | | | Email signature block image |
| 726 | 517416 | 518619 | | | Email signature block image |
| 727 | 517416 | 518620 | | | Email signature block image |
| 728 | 517416 | 518621 | | | Email signature block image |
| 729 | 517416 | 518623 | | | Email signature block image |
| 730 | 517416 | 518624 | | | Email signature block image |
| 731 | 517416 | 518625 | | | Email signature block image |
| 732 | 517416 | 518626 | | | Email signature block image |
| 733 | 517416 | 518627 | | | Email signature block image |
| 734 | 517416 | 518628 | | | Email signature block image |
| 735 | 517416 | 518629 | | | Email signature block image |
| 736 | 517416 | 518630 | | | Email signature block image |
| 737 | 517416 | 518631 | | | Email signature block image |
| 738 | 517416 | 518632 | | | Email signature block image |
| 739 | 517416 | 518633 | | | Email signature block image |
| 740 | 517416 | 518634 | | | Email signature block image |
| 741 | 517648 | 517648 | Privileged | The Court finds that this communication was properly withheld by Layton as it, and its attachment (Doc. No. 742) fall within the attorney-client privilege and work product doctrine. | |
| 742 | 517648 | 518862 | Privileged | | |
| 743 | 517897 | 517897 | Privileged | See reasoning for Doc. No. 687. | |

| No. | | | Ruling | Reasoning | Notes |
|---|---|---|---|---|---|
| 744 | 517897 | 518792 | Privileged | See reasoning for Doc. No. 687. | |
| 745 | 520381 | 520381 | Privileged | The Court finds these communications were properly withheld as they are privileged. Therefore, the Court will not order its production. | |
| 746 | 520381 | 520878 | Privileged | See reasoning in Doc. No. 745. | |
| 747 | 520381 | 520879 | Privileged | See reasoning in Doc. No. 745. | |
| 748 | 523834 | 523834 | Produce | The Court finds that Defendant has not met its burden showing this communication to be privileged. | |
| 749 | 523834 | 524486 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01221777 |
| 750 | 523992 | 523992 | Privileged | The Court finds that Defendant Layton has met its burden showing that this communication and its attachment (Doc. No. 751) are protected by the attorney-client privilege and the work product doctrine. | |
| 751 | 523992 | 524222 | Privileged | The Court finds this communication squarely falls within both attorney-client, and the work-product doctrine. | |
| 752 | 523992 | 524223 | Identify by Bates number to Plaintiff. | | Produced by Other Parties-No privilege claimed |
| 753 | 524370 | 524370 | Previously Produced with Proper Redactions. | See reasoning in Doc. No. 405. | LCC-WYUSDC-01665646 |
| 754 | 524370 | 525382 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01259751 |

| | | | | | |
|---|---|---|---|---|---|
| 755 | 524370 | 525383 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01259753 |
| 756 | 524370 | 525384 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01259763 |
| 757 | 525638 | 525638 | Privileged | The Court finds that this communication was properly withheld because it qualifies as work product under the doctrine. | |
| 758 | 525638 | 525689 | Privileged | See reasoning for Doc. No. 757. | |
| 759 | 526178 | 526178 | Produce | The Court finds that Layton did not meet its burden. The attachment did not open and was defective, and the material does not appear legal. Therefore, this will be ordered produced in full including the attachment, Doc. No. 760. | |
| 760 | 526178 | 526279 | Produce | See reasoning in Doc. No. 759. | LCC-WYUSDC-01612221 |
| 761 | 526186 | 526186 | Privileged | For the reasons the Court found that Defendant Layton had met its burden for Doc. No. 512, that same reasoning applies to Doc. No. 761, and its attachments (Doc. Nos. 762, 763, 764). | |
| 762 | 526186 | 526323 | Privileged | | |
| 763 | 526186 | 526324 | Privileged | | |
| 764 | 526186 | 526325 | Privileged | | |
| 765 | 526829 | 526829 | Privileged | See reasoning for Doc. No. 761. | |
| 766 | 526829 | 527531 | Privileged | See reasoning for Doc. No. 761. | |

| | | | | | |
|---|---|---|---|---|---|
| 767 | 526890 | 526890 | Privileged | See reasoning for Doc. No. 548, 551. | LCC-AZ-00060917 |
| 768 | 526890 | 527554 | Identify by Bates number to Plaintiff. | | |
| 769 | 526890 | 528369 | Identify by Bates number to Plaintiff. | | Email signature block image |
| 770 | 526890 | 528370 | Identify by Bates number to Plaintiff. | | Email signature block image |
| 771 | 526890 | 528371 | Identify by Bates number to Plaintiff. | | Email signature block image |
| 772 | 526890 | 528372 | Identify by Bates number to Plaintiff. | | Email signature block image |
| 773 | 526890 | 528373 | Identify by Bates number to Plaintiff. | | Email signature block image |
| 774 | 526890 | 528374 | Identify by Bates number to Plaintiff. | | Email signature block image |
| 775 | 526901 | 526901 | Privileged | See reasoning for Doc. No. 548, 551. | |
| 776 | 526901 | 527484 | Privileged | See reasoning for Doc. No. 548, 551. | |
| 777 | 526901 | 527485 | Identify by Bates number to Plaintiff. | | LCC-AZ-00060912 |
| 778 | 527057 | 527057 | Privileged | The Court finds that Defendant Layton has met its burden of showing the Court that this communication and its attachment (Doc. No. 779) were properly withheld as privileged under the work product doctrine. | |
| 779 | 527057 | 527749 | Privileged | | |

| # | | | | | |
|---|---|---|---|---|---|
| 780 | 527085 | 527085 | Privileged | The Court finds that this communication and its attachments were properly withheld under the work product doctrine and attorney-client privilege; therefore, the Court will not order its production. | |
| 781 | 527085 | 527461 | Privileged | | |
| 782 | 527085 | 527462 | Privileged | | |
| 783 | 527089 | 527089 | Produce | The Court finds this is not legal advice, and with the presence of multiple recipients that are not legal, this falls well short of qualifying for protection. The Court will also order the production of the previously withheld Doc. No. 787. | |
| 784 | 527089 | 527473 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01305954 |
| 785 | 527089 | 527474 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01305955 |
| 786 | 527089 | 527475 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01305957 |
| 787 | 527840 | 527840 | Produce Unredacted | See reasoning in Doc. No. 783. | |
| 788 | 527840 | 528316 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01315937 |
| 789 | 530343 | 530343 | Privileged | These documents are not relevant to this matter and therefore will not be ordered to be produced. | |
| 790 | 530343 | 531035 | Privileged | See reasoning for Doc. No. 789. | |

| | | | | | |
|---|---|---|---|---|---|
| 791 | 531590 | 531590 | Privileged -- Duplicate of Doc. No. 140 | See reasoning for Doc. No. 140. | |
| 792 | 531590 | 532018 | PRIVILED | See reasoning for Doc. No. 140. | |
| 793 | 531590 | 532019 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00897723 |
| 794 | 531590 | 532020 | Privileged | See reasoning for Doc. No. 140. | |
| 795 | 531590 | 532851 | Privileged | See reasoning for Doc. No. 140. | |
| 796 | 532719 | 532719 | Produce with New Redactions. | The Court finds that its redactions are appropriate, and the remaining communications are not privileged, but instead third-party communications. | |
| 797 | 532719 | 533356 | Produce | See reasoning for Doc. No. 796. | |
| 798 | 534366 | 534366 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |
| 799 | 534366 | 534634 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |
| 800 | 534366 | 534635 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |
| 801 | 534366 | 534636 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |
| 802 | 534366 | 534637 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |
| 803 | 534366 | 534638 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |
| 804 | 534366 | 534639 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01599506 |
| 805 | 534366 | 534640 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |

| | | | | | |
|---|---|---|---|---|---|
| 806 | 534366 | 534641 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |
| 807 | 534366 | 534642 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |
| 808 | 534366 | 534643 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01599512 |
| 809 | 534366 | 534644 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |
| 810 | 534366 | 534645 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |
| 811 | 534366 | 534646 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01599513 |
| 812 | 534366 | 534647 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |
| 813 | 534366 | 534648 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |
| 814 | 534366 | 534649 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |
| 815 | 534366 | 534650 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |
| 816 | 534366 | 534651 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |
| 817 | 534366 | 534652 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01599519 |
| 818 | 534366 | 534653 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |
| 819 | 534366 | 534654 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01599521 |
| 820 | 534366 | 534655 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01599523 |
| 821 | 534366 | 534656 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |
| 822 | 534366 | 534941 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00524766 |

| | | | | | |
|---|---|---|---|---|---|
| 823 | 534366 | 534942 | | | Email signature block image |
| 824 | 534366 | 534943 | | | Email signature block image |
| 825 | 534366 | 534944 | | | Email signature block image |
| 826 | 534366 | 534945 | | | Email signature block image |
| 827 | 534366 | 534946 | | | Email signature block image |
| 828 | 534366 | 534947 | | | Email signature block image |
| 829 | 534366 | 534948 | | | Email signature block image |
| 830 | 534366 | 534949 | | | Email signature block image |
| 831 | 534366 | 534950 | | | Email signature block image |
| 832 | 534366 | 534951 | | | Email signature block image |
| 833 | 534366 | 534952 | | | Email signature block image |
| 834 | 534366 | 534953 | | | Email signature block image |
| 835 | 534366 | 534954 | | | Email signature block image |
| 836 | 534366 | 534955 | | | Email signature block image |
| 837 | 534366 | 534956 | | | Email signature block image |
| 838 | 534366 | 534957 | | | Email signature block image |
| 839 | 534366 | 534958 | | | Email signature block image |
| 840 | 534366 | 534961 | Privileged | This is a duplicate of Doc. No. 158 and its attachments. | |
| 841 | 534366 | 534962 | | | Email signature block image |
| 842 | 534366 | 534963 | | | Email signature block image |
| 843 | 534366 | 534964 | | | Email signature block image |
| 844 | 534366 | 534965 | | | Email signature block image |
| 845 | 534366 | 534966 | | | Email signature block image |
| 846 | 534366 | 534967 | | | Email signature block image |
| 847 | 534366 | 534968 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-0164004 |
| 848 | 535831 | 535831 | Privileged | The Court finds that these communications are not material to the instant matter, and therefore, will not be ordered to be produced. | |
| 849 | 535831 | 536548 | Privileged | See reasoning for Doc. No. 848. | |

| | | | | | |
|---|---|---|---|---|---|
| 850 | 535831 | 536549 | | | |
| 851 | 536184 | 536184 | Produce | The Court finds it impossible to determine whether this is legal or business, and the burden is on the party withholding discovery to show it is worthy of a privilege. Here, Layton fell short of that burden. The Court will order production of Doc. Nos. 851 and its attachments. | |
| 852 | 536184 | 536955 | Produce | See reasoning in Doc. No. 851. | |
| 853 | 536184 | 536956 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01604124 |
| 854 | 536184 | 536957 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01604063 |
| 855 | 536184 | 536958 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01665237 |
| 856 | 536184 | 536959 | Produce | See reasoning in Doc. No. 851. | |
| 857 | 536184 | 537020 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01230940 |
| 858 | 536184 | 537021 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00910630 |
| 859 | 536184 | 537023 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-00938748 |
| 860 | 536184 | 537026 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01665244 |
| 861 | 536342 | 536342 | Privileged | The Court finds this communication was properly withheld because it is protected by privilege. | |
| 862 | 536342 | 536854 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01611723 |
| 863 | 536342 | 536855 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01611724 |

| 864 | 536342 | 536856 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01611725 |
| 865 | 536342 | 536857 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01611726 |
| 866 | 536342 | 536858 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01611727 |
| 867 | 536342 | 536859 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01611728 |
| 868 | 536342 | 536860 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01611729 |
| 869 | 536342 | 536861 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01611730 |
| 870 | 536342 | 536862 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01611731 |
| 871 | 536342 | 536863 | Identify by Bates number to Plaintiff. | | LCC-WYUSDC-01611733 |
| 872 | 537377 | 537377 | Privileged | The Court finds this communication and its attachments fall within the attorney-client privilege, and is therefore protected from discovery. See. Fed. R. Civ. P. 26(b)(3)(A). | |
| 873 | 537377 | 537824 | Privileged | See reasoning for Doc. No. 872. | |
| 874 | 537377 | 537825 | Privileged | See reasoning for Doc. No. 872. | |
| 875 | 537377 | 537826 | Privileged | See reasoning for Doc. No. 872. | |